**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Theresa Mullery, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   17 C 7769 |
| JTM Capital Management, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Theresa Mullery, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Theresa Mullery ("Mullery"), is a citizen of the State of New York, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for a Continental Finance Union account, despite the fact that she had exercised her rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, JTM Capital Management, LLC ("JTM"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. JTM operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant JTM was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant JTM is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant JTM's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

6. Defendant JTM is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant JTM conducts business in Illinois.

7. Moreover, Defendant JTM licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant JTM acts as debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8. Ms. Mullery is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Continental Finance Company ("Continental"), account. In response to her financial problems, Ms. Mullery sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's

LASPD program, regarding her debt problems, including the Continental debt.

9. Accordingly, on April 21, 2015, one of Ms. Mullery's legal aid attorneys informed Continental that Ms. Mullery was represented by counsel, and directed Continental to cease contacting her and to cease all further collection activities because Ms. Mullery was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and the fax confirmation are attached as Exhibit C.

10. Thereafter, Defendant JTM bought/obtained Ms. Mullery's alleged Continental account, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Mullery, and had another debt collector, Northstar Location Services, send Ms. Mullery a collection letter, dated January 26, 2017, demanding payment of the Continental debt. A copy of this collection letter is attached as Exhibit D.

11. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendant's collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

12. Moreover, violations of the FDCPA which would lead a consumer to alter her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

13. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

17. Here, the letter from Plaintiff's attorneys to Defendant's predecessor-in-interest (Exhibit C) told Defendant to cease communications and cease collections.  By directly communicating with Plaintiff regarding this debt and demanding payment (Exhibit D), Defendant violated § 1692c(c) of the FDCPA

18. Defendant's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, <u>see</u>, 15 U.S.C. § 1692c(a)(2).

21. Defendant knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debts because her attorneys had given notice, in writing, to Defendant's predecessor-in-interest, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending Plaintiff a collection letter (Exhibit <u>D</u>), despite being advised that she was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

22. Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Theresa Mullery, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Mullery, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Theresa Mullery, demands trial by jury.

    Theresa Mullery,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: October 27, 2017

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com