**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THERESA MULLERY** | ) | |
| | ) | **Case No.: 1:17-cv-07769** |
| **Plaintiff,** | ) | |
| | ) | **Judge Gettleman** |
| **v.** | ) | **Magistrate Judge Cole** |
| | ) | |
| **JTM CAPITAL MANAGEMENT, LLC,** | ) | |
| **a Delaware limited liability company** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT JTM CAPITAL MANAGEMENT, LLC'S**
**MOTION TO DISMISS OR TRANSFER VENUE**

**INTRODUCTION**

On October 27, 2017, Plaintiff Theresa Mullery ("Plaintiff") filed a Complaint alleging that Defendant JTM Capital Management, LLC ("JTM") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). (Dkt. 1). As set forth herein, Plaintiff's Complaint should be dismissed, pursuant to FED. R. CIV. P. 12(b)(2), because this Court lacks personal jurisdiction over JTM. Alternatively, the Complaint should be dismissed, pursuant to FED. R. CIV. P. 12(b)(3), because the Northern District of Illinois is an improper venue. In the event this Court declines to dismiss the Complaint, pursuant to FED. R. CIV. P. 12(b)(2) or 12(b)(3), then this action should be transferred to the District Court for the Western District of New York pursuant to 28 U.S.C. § 1406(a).  Finally, in the event the Court does not grant the relief sought above, the Complaint still should be dismissed, pursuant to FED. R. CIV. P. 12(b)(6), because JTM does not meet the FDCPA's definition of "debt collector" as a matter of law. Accordingly, the Complaint fails to state a claim against JTM and should be dismissed.

1

## FACTUAL BACKGROUND

The Complaint alleges that JTM violated the FDCPA because: (1) JTM failed to cease communications with Plaintiff despite the fact that JTM's predecessor-in-interest had been directed to cease all collection efforts in violation of § 1692c(c); and (2) in contacting Plaintiff when JTM knew, or should have known, that Plaintiff was represented by counsel in violation of § 1692c(a)(2).  (Dkt. 1, ¶¶ 15-22).

Specifically, the Complaint alleges that Plaintiff is a citizen of the state of New York who was represented by legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.  (Dkt. 1, ¶ 3). The Complaint further alleges that JTM is a Delaware limited liability company that regularly uses the mails and/or telephone to collect or attempt to collect defaulted consumer debts and whose principal business purpose is debt collection.  *Id.*, ¶¶ 4-5.

It is alleged that, on April 21, 2015, one of Plaintiff's legal aid attorneys informed Continental Finance Company, Plaintiff's original creditor in regard to the debt at issue, that Plaintiff was represented by counsel and to cease contacting Plaintiff.  *Id.*, ¶¶ 8-9. Plaintiff alleges that JTM thereafter purchased Plaintiff's account, ignored information in the account instructing it not to contact Plaintiff, and had a debt collector, Northstar Location Services ("Northstar"), send Plaintiff a letter demanding payment of the debt in violation of § 1692c(c) and 1692c(a)(2). *Id.*, ¶ 10.

Importantly, Plaintiff's Complaint attempts to hold JTM vicariously liable for the actions of Northstar, its alleged debt collector.  Plaintiff does not allege that JTM participated in or otherwise exercised any control over the collection process at any time or in any manner. Instead, Plaintiff's basis for concluding that JTM is a "debt collector" is the allegation that JTM owned the account and hired a debt collector to collect on it.

2

**ARGUMENT**

I.   **Plaintiff's Complaint should be Dismissed Pursuant to FED. R. CIV. P. 12(b)(2) Because This Court Lacks Personal Jurisdiction Over JTM**

Plaintiff's Complaint should be dismissed, pursuant to FED. R. CIV. P. 12(b)(2), because this Court lack personal jurisdiction over JTM because it does not have any contacts with the state of Illinois.  When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction exists.  See Tile Unlimited, Inc. v. Blanke Corp., 47 F. Supp.3d 750, 755 (N.D. Ill. 2014).

The jurisdictional issue presented by this case has been addressed by this Court earlier this year in a case with factually identical circumstances where this Court found that it lacked personal jurisdiction over the defendant-debt collector. See Price v. Schlee & Stillman, LLC, 2017 WL 2311229 (N.D. Ill. May 26, 2017) (Durkin, J.).[1] Notably, Plaintiff's counsel herein was also counsel for the plaintiff in Price. JTM respectfully submits that this Court should follow its decision in Price and dismiss the Complaint for lack of personal jurisdiction.

In Price, the plaintiff was a resident of Kentucky and the defendant-debt collector was a Maryland limited liability company. Price, 2017 WL 2838265, *1. The defendant had no offices in Illinois, but collected on debt in Illinois, was registered as a foreign corporation with the Illinois Secretary of State, and maintained a registered agent in Illinois. Id. The plaintiff, in response to two letters received from the defendant, sought legal representation from the LASPD, precisely as Plaintiff did in this case. Id. LASPD wrote the defendant a letter informing defendant that plaintiff was represented by counsel.  Id. Several months later the defendant sent

---

[1] The plaintiff in Price asked the Court to reconsider its May decision, both as to the finding that personal jurisdiction was lacking and also that dismissal, rather than transfer to a proper venue, was the proper disposition of the case.  Plaintiff's request resulted in a second opinion from the Court.  See Price v. Schlee & Stillman, LLC (Price II), 2017 WL 2838265 (N.D. Ill. June 29, 2017). In Price II, the court upheld its finding as to personal jurisdiction but transferred the case to a proper venue, rather than dismiss it, since the statute of limitations had run on the plaintiff's claims.  Id. at * 4.

the Plaintiff another letter to her home in Kentucky from its office in Massachusetts. Id. The

Plaintiff thereafter brought a claim alleging that the defendant violated FDCPA by sending the

aforementioned letter and the defendant moved to dismiss for lack of personal jurisdiction. Id.

In regard to jurisdiction, this Court noted:

> [t]here are two types of personal jurisdiction–general and specific.
> General personal jurisdiction exists '[i]f the defendant has
> 'continuous and systematic' contacts with a state . . . even if the
> action is unrelated to those contacts.' A corporation's contacts with
> a state are 'continuous and systematic' if it is incorporated or
> headquartered there or if its 'affiliations with the State . . . render
> it essentially at home.' The Seventh Circuit has cautioned that
> general jurisdiction 'should not lightly be found.'   Specific
> jurisdiction is likewise narrowly defined. 'To support an exercise
> of specific personal jurisdiction, the defendant's contacts with the
> forum state must directly relate to the challenged conduct or
> transaction.' In other words, '[s]pecific personal jurisdiction is
> appropriate where (1) the defendant has purposefully directed his
> activities at the forum state or purposefully availed himself of the
> privilege of conducting business in that state, and (2) the alleged
> injury arises out of the defendant's forum–related activities.'

Id. at * 2 (internal citations omitted; alterations in original).  The Price court ultimately dismissed

the complaint, finding that neither jurisdictional test had been satisfied.[2] Id.

In concluding that it lacked general jurisdiction over the defendant, this Court stated:

> There is no general jurisdiction because the defendant is not
> incorporated or headquartered in Illinois, and it does not have any
> other operations within the state that are so substantial as to render
> it essentially at home here. ***That the defendant is registered as a
> foreign corporation and has a designated registered agent in the
> state is, without more, insufficient to put the defendant on notice***

---

[2] In Price, the plaintiff had cited to a number of cases within which this Court upheld findings of general jurisdiction under similar circumstances. See Price, 2017 WL 2311229 at FN2.  In reaching its decision, this Court distinguished these cases on the basis that they pre-dated the United States Supreme Court's decision in Daimler AG v. Bauman, 134 S.Ct. 746 (2014).  Price, 2017 WL 2311229 at FN2. As this Court noted in Price, the Supreme Court's decision in Daimler raised the bar for general jurisdiction by requiring more than the "substantial, continuous, and systematic course of business" that once was thought to suffice.  Id. (citations omitted).  Now, courts may only exercise general jurisdiction when the continuous corporate operations within a state are so substantial and of such a nature as to justify suit on causes of action arising from dealings entirely distinct from those activities.  Id. (citations omitted).

> *that it could be hailed into court here*.  Indeed, after a search of the federal docketing system, the Court was unable to find a single case in the Northern District of Illinois other than this one where the defendant has been named as a party. ***While it may be true that the defendant transacts some business in Illinois, it has no offices or employees here, and Plaintiff, whose debt the defendant is attempting to collect in Kentucky, has not alleged any other systematic or continuous affiliation with the state such that the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice***.  Accordingly, general jurisdiction over the defendant is lacking.

Id. (emphasis added). This Court also determined that it lacked specific jurisdiction over the defendant:

> Nor has the plaintiff made a prima facie showing that there is specific jurisdiction in this case. As the defendant correctly states, '[t]hat Plaintiff sought the assistance of legal aid attorneys located in Chicago . . . is the only alleged connection to the chosen forum.' . . . As previously noted, ***specific jurisdiction exists when the defendant has purposefully directed its activities toward the forum state and the alleged injury arises from those activities***. Thus, the operative facts for determining specific jurisdiction in an FDCPA case like this one are the states to and from which the allegedly offending debt collection letter was sent. The letter in this case was sent to Kentucky from Massachusetts. Plaintiff's attorney's office in Illinois is entirely irrelevant to where the alleged statutory violation took place and where the alleged injury was suffered . . . ***Because the cause of action, in actuality, arises from activities entirely outside the state of Illinois, specific jurisdiction in this district is also lacking***.

Id. at * 3 (emphasis added).

The facts of this case are remarkably similar to the facts of Price.  Plaintiff's Complaint alleges that she is a citizen of the state of New York.  (Dkt. 1, ¶ 3).  The Complaint further alleges that JTM is a Delaware limited liability company (Dkt. 1, ¶ 4) and Exhibit A to Plaintiff's Complaint reflects that JTM's principal place of business is in Williamsville, New York.  (Dkt. 1-1).  As reflected by this Court's decision in Price, the fact that (1) JTM is authorized to conduct business in Illinois; (2) maintains a registered agent in Illinois; (3) is a licensed collection agency

in Illinois; and (4) acts as a debt collection agency in Illinois, is insufficient to confer either general or personal jurisdiction over JTM.  (Dkt. 1, ¶¶ 6-7).  Moreover, a review of the federal docketing system reveals that no other lawsuits have been brought against JTM in the Northern District of Illinois except for one recently filed companion action involving almost identical facts and in which the plaintiff is also represented by counsel for Plaintiff in this action.  *See* Perry v. JTM Capital Mgmt., LLC, Dkt. No. 1:17-cv-07601 (RWG).[3]  Finally, Plaintiff has not alleged that JTM has any employees or offices or other systematic or continuous affiliation with the state of Illinois such that the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice.

Specific jurisdiction is similarly lacking because Plaintiff does not allege that JTM undertook any collection activities or otherwise purposefully directed any activities toward the state of Illinois.  JTM did not send the allegedly offending letter at issue and Plaintiff has failed to allege that JTM purposefully directed any activities towards Illinois or that her alleged injury arises out of any activities purportedly directed towards the state of Illinois.

In accordance with this Court's decision in Price, this Court lacks personal jurisdiction over JTM because Plaintiff's cause of action arises from activities entirely outside the state of Illinois and because JTM does not have any systematic or continuous affiliation with the state such that the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice.  Accordingly, the Complaint should be dismissed.

## II.      Plaintiff's Complaint should be Dismissed Pursuant to FED. R. CIV. P. 12(b)(3) Because the Northern District of Illinois is an Improper Venue

The Complaint designates the United States District Court for the Northern District of Illinois as the place of trial for this action.  (Dkt 1).  Specifically, the Complaint alleges that the

---

[3]JTM has filed a motion identical in substance to the instant motion in the Perry case.

Northern District of Illinois is a proper venue pursuant to 28 U.S.C. § 1391 because "many of the acts and transactions occurred here" and because JTM "resides and transacts business [there]." (Dkt. 1, ¶ 2).  Contrary to Plaintiff's assertion, venue is not proper in the Northern District of Illinois.

28 U.S.C. § 1391 provides, in pertinent part:

> (b) Venue in general.--A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.  "When venue is improper, it is within the Court's discretion to either dismiss the case or transfer it to a proper venue under 28 U.S.C. § 1406."  Cooney v. Barry School of Law, 994 F. Supp.2d 268, 271 (E.D.N.Y. 2014) (citing Daniel v. American Bd. of Emergency Medicine, 428 F.3d 408, 435 (2d Cir. 2005)).  Section 1406(a) provides: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

As explained above, venue in the Northern District of Illinois is improper because: (1) JTM does not reside there; (2) none of the events or omissions giving rise to the claim occurred there; and (3) JTM is not subject to personal jurisdiction in the Northern District of Illinois.  *See* 28 U.S.C. § 1391(b) and 1391(c)(2).  Accordingly, venue in the Northern District of Illinois is improper and this action should be dismissed pursuant to FED. R. CIV. P. 12(b)(3) and § 1406(a).

In the event this Court declines to dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(2) or 12(b)(3), then venue should be transferred to the Western District of New York pursuant to § 1406(a). Venue is proper in the Western District of New York because it is the location of JTM's principal place of business and JTM is subject to personal jurisdiction there. (Dkt. 1-1).

### III.   Plaintiff's Complaint should be Dismissed Pursuant to FED. R. CIV. P. 12(b)(6) Because the Complaint Fails to State a Claim Against JTM

In the event the Court does not grant JTM's request above, Plaintiff's Complaint should still be dismissed, pursuant to FED. R. CIV. P. 12(b)(6), because the Complaint fails to state a cause of action as JTM does not meet the FDCPA's definition of "debt collector" as a matter of law.

### A.   The FDCPA Only Applies to Debt Collectors

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Said differently, the FDCPA only applies to and governs the conduct of debt collectors. S*ee e.g.,* Pettit v. Retrieval Masters Creditor Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000) ("[i]ndividuals who do not otherwise meet the statutory definition of 'debt collector' cannot be held liable under the Act") (citation omitted). The FDCPA defines the term "debt collector" as follows:

> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). In order for JTM to be held liable for the conduct of its alleged debt collector under the FDCPA, the plaintiff must allege and prove that JTM meets the FDCPA's definition of debt collector. *See e.g.,* Pettit, 211 F.3d at 1059; Janetos v. Fulton Friedman &

Gullace, LLP, 825 F.3d 317, 325 (7th Cir. 2016) (while a debt collector can be liable for the acts of its agents, "[o]n the other hand, a company that is not a debt collector would not ordinarily be subject to liability under the Act at all") (citations omitted); *see also*, Kasalo v. Trident Asset Mgmt., LLC, 53 F. Supp.3d 1072, FN1 (N.D. Ill. 2014) (citing Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000)); Gold v. Midland Credit Mgmt., Inc., 82 F. Supp.3d 1064, 1072-73 (N.D. Cal. 2015).

### B.     JTM is Not a "Debt Collector" as Defined by the FDCPA

There are generally two ways a defendant can qualify as a "debt collector" under the FDCPA: (1) where the defendant "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts;" or (2) where the defendant "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6).  Plaintiff's Complaint alleges that JTM qualifies as a debt collector under both statutory definitions.  (Dkt. 1, ¶¶ 4-5).

### i.     The Supreme Court's Recent Decision in *Henson v. Santander* Establishes that Debt Purchasers such as JTM Do Not Meet the FDCPA's Second Definition of "Debt Collector"

In a recent decision, the United States Supreme Court addressed the issue of whether individuals and entities who purchase debts originated by someone else and then seek to collect those debts for their own account satisfy the FDCPA's definition of "debt collector." *See* Henson v. Santander Consumer USA, Inc., ___ U.S. ___, 2017 WL 2507342, *2 (June 12, 2017).  In its decision, the Court noted that there is no dispute that the term "debt collector" generally covers someone hired by a creditor to collect an outstanding debt and generally does not cover creditors who seek only to collect for themselves on loans they originated.  Id. at *2.  Of importance to the present motion, the Supreme Court additionally determined that entities who purchase debts originated by someone else, who then seek to collect those debts for their own account, do not

qualify as "debt collectors" under the second statutory definition of "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. In reaching its decision, the Supreme Court expressly refused to consider the first statutory definition of "debt collector"—those engaged "in any business the principal purpose of which is the collection of any debts." Id. at *3.

Here, Plaintiff's Complaint alleges that JTM, as owner of Plaintiff's account, is liable for the conduct of Northstar, which was allegedly acting as JTM's debt collector in regard to Plaintiff's account. (Dkt. 1, ¶ 10). However, pursuant to the Supreme Court's decision in Henson, debt purchasers, such as JTM, can never qualify as a "debt collector" under the second statutory definition because such an entity is not, as a matter of law, collecting or attempting to collect "debts owed or due or asserted to be owed or due *another*." Id. at *3 ("[a]ll that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for 'another'"). Instead, JTM retained Northstar to collect on Plaintiff's account. Accordingly, in order to state a claim against JTM herein, Plaintiff must plausibly allege that JTM meets the alternate, "principal purpose" definition of "debt collector." As set forth below, Plaintiff has failed to do so because the Complaint is devoid of any factual allegation that JTM took any steps to collect on the Plaintiff's account or takes efforts to collect on debt it owns at all.

### ii.    JTM, a Purchaser of Debts, can Never Meet the Statutory Definition of Debt Collector

As noted above, the Complaint does not allege that JTM took any steps to collect on Plaintiff's account, merely that it was the owner of same.  When a party only owns an account, does not take affirmative action to collect on the account and contracts with a third-party for collection efforts, it cannot meet the first statutory definition of debt collector—that its principal business purpose is the collection of debts.  See Kasalo, 53 F. Supp.3d 1072; McAdory v. M.N.S.

10

Assoc., LLC, 2017 WL 5071263 (D. Or. Nov. 3, 2017); Gold, 82 F. Supp.3d 1064; *see also*,

McCready, 453 F.3d at 889 ("[t]o be a 'debt collector' under the FDCPA entails engaging in

some affirmative conduct with regard to collecting a debt"); Grier v. Simmons & Clark Jewelers,

2012 WL 1247171 (E.D. Mich. Feb. 17, 2012) (a creditor does not become a debt collector

simply because it hires a debt collector to collect its debts); Challenger v. Experian Info

Solutions, Inc., 2007 WL 895774 (D. N.J. Mar. 22, 2007) (a creditor can place the debts it owns

in collections without becoming a debt collector itself); Kloth v. Citibank (S.D.), 33 F. Supp.2d

115, 119 (D. Conn. 1998) (Citibank is not a debt collector under the FDCPA merely because it

retains a collection agency to collect its debts).

In Kasalo, this Court granted the defendant-debt purchaser's motion for summary

judgment and dismissed the complaint because the defendant did not perform collections and

instead hired others to do so. Kasalo, 53 F. Supp.3d at 1077. The defendant did not send any

letters or make any telephone calls. Id. at 1079. The defendant's name was on a letter sent to the

plaintiff, but the collection agency with whom the defendant contracted with sent the letter and

made all of the collection efforts. Id. In holding that the defendant was not a debt collector and

dismissing the FDCPA claim against it, this Court stated "[a]n entity that acquires a consumer's

debt hoping to collect it but that does not have any interaction with the consumer itself does not

necessarily undertake activities that fall within this purview." Id. at 1078-79.

Recently, in McAdory, the defendant-debt buyer moved to dismiss the complaint arguing

that it could not be held liable under the FDCPA because it could not meet the FDCPA's

definition of debt collector because it merely buys defaulted accounts but takes no affirmative

action to collect on them.  McAdory, 2017 WL 5071263 at *2.  Relying primarily on Kasalo and

Gold, the district court stated:

> I find [the debt purchaser's] argument persuasive.   The Courts in *Kasalo* and *Gold* present the most straightforward reasoning in interpreting the 'principal purpose' definition of debt collector at issue here.  Debt purchasing companies . . .who have no interaction with debtors and merely contract with third-parties to collect on the debts they have purchased simply do not have the principal purpose of collecting debts.  Therefore these companies must fall outside the purview of the FDCPA.

Id. at * 3. The court noted that, just because a business "benefits from the collection of debt by an entirely separate third party does not necessarily make the principal purpose of that business the collection of those debts."  Id.  Furthermore, the court determined that, "[w]hen looking at the various activities punished under the FDCPA, it becomes clear that what Congress was concerned with, and intended to regulate, was the *interaction* between a debt collector and consumer . . . [g]iven this, there is little to suggest that a company which only purchases debt and then contracts with a third party for all actual collection activity was considered by Congress when it was drafting the FDCPA."  Id. (emphasis in original).

In Gold, the defendant-debt purchaser moved for summary judgment dismissing the plaintiff's FDCPA claim because it engaged in no direct or indirect efforts to collect on the plaintiff's account and was only involved in the debt buying business. Gold, 82 F. Supp.3d at 1071. The District Court for the Northern District of California found that the record was devoid of any evidence that the defendant attempted to communicate with consumers.  The court noted that the plaintiff offered no evidence to suggest that the defendant's business was debt collection and that instead "[p]laintiff would have the Court fill in the gap with an inference that because [the defendant] is in the business of acquiring defaulted debts, it must therefore be in the business of collecting on those debts." Id. at 1071. Finding that "[i]n the absence of evidence showing a purpose to collect on those debts, [p]laintiffs legal arguments are insufficient to create

a triable issue of fact," the court held that the debt purchaser did not have the principal purpose of collecting debts and thus was not a "debt collector" under the FDCPA.  Id.

Here, Plaintiff's Complaint is devoid of any factual allegation that JTM sent Plaintiff a letter, contacted Plaintiff on the telephone or attempted to collect on Plaintiff's account in any manner.  In addition, the Complaint lacks any factual basis for asserting that JTM is in the business of debt collection.  To the contrary, the Complaint is replete with allegations that JTM hired a third-party to undertake all collection efforts.  In light of the fact that the Complaint only alleges that JTM is a passive debt buyer, JTM can never meet the statutory definition of a debt collector and the Complaint should be dismissed in its entirety.

### iii.   Plaintiff has Failed to Plausibly Allege that JTM's "Principal Purpose" is Debt Collection

As stated above, in order to state a claim against JTM, Plaintiff's Complaint must plausibly allege that JTM meets the statutory definition of "debt collector."  JTM has already demonstrated that it does not, as a matter of law, qualify as a debt collector under the second statutory definition because it does not collect or attempt to collect "debts owed or due or asserted to be owed or due another."  *See Part III.B.i., supra.*  Similarly, Plaintiff's Complaint fails to plausibly allege that the principal purpose of JTM's business is debt collection and, therefore, Plaintiff's Complaint should be dismissed.

Pursuant to the plausibility pleading standard established by the Supreme Court, Plaintiff has the burden of pleading factual content sufficient to allow the Court to draw the reasonable inference that JTM is a debt collector and is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of 'entitlement to relief.'"   Iqbal, 556 U.S. at 678

(citing Twombly, 550 U.S. at 557).

District Courts within the state of Illinois have consistently dismissed complaints in

response to defense motions to dismiss where the allegations in a complaint failed to plausibly

allege that the defendant is a debt collector.   See Rosales v. Weltman, Weinberg & Reis Co.,

2017 WL 1436957, *2 (N.D. Ill. Apr. 24, 2017); Foster v. PHH Mortgage, 2016 WL 6647925, *

2 (N.D. Ill. 2016); Reid v. Am. Traffic Solutions, Inc., 2010 WL 5289108 (S.D. Ill. 2010); see

also, Challenger, 2007 WL 895774 at * 1-2.

In this case, Plaintiff alleges:

> Defendant JTM is a bad debt buyer that buys large portfolios of
> defaulted consumer debts for pennies on the dollar, which it then
> collects upon through other collection agencies.  Defendant JTM's
> principal, if not sole, business purpose is the collection of defaulted
> consumer debts originated by others  .  .  .  Defendant JTM
> bought/obtained Ms. Mullery's alleged Continental account,
> ignored the information in the account notes that told it, as the
> successor-in-interest, that it could no longer call or write Ms.
> Mullery, and had another debt collector, Northstar Location
> Services, send Ms. Mullery a collection letter, dated January 26,
> 2017, demanding payment of the Continental debt.

(Dkt. 1, ¶¶ 5, 10).

Notably absent from the Complaint are any factual allegations sufficient to plausibly

allege that JTM's principal purpose is debt collection such that it can be held vicariously liable

for Northstar's alleged violation of the FDCPA. For example, the Complaint is devoid of any

allegation that JTM took any steps or measures to collect on any debt at any time.  In fact, the

factual basis for Plaintiff's Complaint is based entirely on third-party Northstar's conduct.  More

specifically, Plaintiff allegedly received a collection letter from Northstar demanding payment of

the debt. (Dkt. 1, ¶ 10). The Complaint fails to allege that Plaintiff had even a single

communication with anyone from JTM at any time or that she was even aware of JTM's

14

existence during the time period referenced in the Complaint.  Similarly, Plaintiff does not allege

that JTM exercised any direction or control over Northstar's collection activities.

Simply put, the Complaint contains mere conclusory allegations regarding JTM's status

as a debt collector—that JTM's principal business purpose is debt collection.  According to the

decisional authority cited above, these types of conclusory allegations are insufficient to state a

claim against JTM.  Consequently, Plaintiff's Complaint should be dismissed in its entirety.

## CONCLUSION

In light of the foregoing, Defendant JTM Capital Management, LLC respectfully requests

an Order of this Court granting its Motion to Dismiss, pursuant to FED. R. CIV. P. 12(b)(2) and

12(b)(3), dismissing Plaintiff's Complaint, or alternatively, transferring this action to the

Western District of New York. In the event the Court declines to dismiss or transfer venue as

requested above, it should still dismiss the Complaint, pursuant to FED. R. CIV. P. 12(b)(6),

together with such other and further relief as the Court deems just and proper.

DATED:          November 28, 2017

LIPPES MATHIAS WEXLER FRIEDMAN LLP

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
JTM Capital Management, LLC
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2017, I electronically filed the foregoing Motion
via the CM/ECF system, which should then send notification of such filing to all counsel of
record.

/s Brendan H. Little
Brendan H. Little, Esq.