# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA PERRY | ) | |
| | ) | 1:17-cv-07601 |
| Plaintiff, | ) | |
| | ) | Judge Gettleman |
| v. | ) | Magistrate Judge Gilbert |
| | ) | |
| JTM CAPITAL MANAGEMENT, LLC, | ) | |
| a Delaware limited liability company | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| THERESA MULLERY | ) | |
| | ) | 1:17-cv-07769 |
| Plaintiff, | ) | |
| | ) | Judge Gettleman |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| JTM CAPITAL MANAGEMENT, LLC, | ) | |
| a Delaware limited liability company | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT JTM CAPITAL MANAGEMENT, LLC'S
## SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST INTERROGOTORIES

Defendant JTM Capital Management, LLC ("JTM"), by and through its attorneys, Lippes

Mathias Wexler Friedman LLP, for its supplemental response to Plaintiff's Interrogatories

herein, alleges upon information and/or knowledge and/or belief:

### GENERAL OBJECTIONS

The following general objections apply to all of the requests contained in the

Interrogatories (the "Interrogatories"), irrespective of whether the general objections are

expressly referred to in the specific responses. The specific objections are intended to amplify



EXHIBIT

A

the general objections, and neither limit the applicability of any of the general objections nor waive any objections which may be applicable to each request.

1.   JTM objects to the Interrogatories because they seek information outside the scope of discovery permitted under the Federal Rules of Civil Procedure, and seek to impose obligations in excess of those required by the FRCP, local rules, and/or applicable case law.

2.   JTM objects to the Interrogatories because they seek information protected from discovery by the attorney-client privilege, by the work product doctrine, as material prepared in anticipation of litigation, or by other doctrines, privileges, rules or laws.  No responsive document produced shall result in the waiver or limitation of any privilege.

3.   JTM objects to the Interrogatories because they are vague and use undefined and ambiguous terms.

4.   JTM objects to the Interrogatories because they lack specificity and fail to describe each requested item and category with reasonable particularity.

5.   JTM objects to the Interrogatories because they seek information that is not relevant or material to the subject matter of the pending action, and that is not reasonably calculated to lead to the discovery of admissible evidence.

6.   JTM objects to the Interrogatories to the extent that they seek documents that do not exist or seek the creation of documents.

7.   JTM objects to the Interrogatories to the extent that they seek information already in Defendant's possession, information available in the public domain, information previously produced, or information that has been filed of record in this action. Providing such information would be duplicative and unduly burdensome, and the responsive information is more easily obtained through other means.

2

8.    By responding to the Interrogatories, JTM does not waive any objections based upon lack of authenticity, hearsay, or otherwise, and does not waive any evidentiary objections whatsoever as to the documents, responses or information contained in or accompanying these responses. In addition, JTM specifically reserves its right to challenge the competency, relevancy, materiality and admissibility of such information in any proceeding, hearing, motion or trial in this or any other action.

9.    JTM reserves its right to supplement or modify their responses to the Interrogatories at any time up to and including the time of trial.

10.    The objections set forth above are incorporated in each response below and shall be deemed to be continuing although not specifically referred to in each response.

<u>**RESPONSES**</u>

1.    State the number of defaulted consumer debts/accounts you purchased in 2016 and the face value of those debts/accounts.

**Response:**    JTM objects to this Interrogatory because it seeks information outside the limited inquiry of personal jurisdiction permitted by the Court in order to respond to JTM's motion. Specifically, the number defaulted[1] consumer debts/accounts and face value of same has no bearing on whether JTM is subject to personal jurisdiction in the State of Illinois. *See* Price v. Schlee & Stillman, LLC, 2017 WL 2311229 (N.D. Ill. May 26, 2017) (Durkin, J.). In Price, the plaintiff, a resident of Kentucky, commenced an action against a Maryland based collection firm arguing that the defendant violated the Fair Debt Collection Practices Act. The plaintiff received two letters from the defendant's Massachusetts satellite office. The defendant moved to dismiss the Complaint for lack of personal jurisdiction or in the alternative, to change venue. The

---

[1] Whether a debt buyer has purchased an account that is in default has no bearing on whether it qualifies as a debt collector as defined by the Fair Debt Collection Practices Act. *See* Henson v. Santander Consumer USA Inc., __ U.S. __, 137 S.Ct. 1718 (2017).

defendant did not have an Illinois office, but did actively collect debts in Illinois. This Court determined that it did not have general jurisdiction over the defendant because it was not incorporated in Illinois and it did not have any other operations within Illinois to render it essentially home in the state. Id. at *2. The Court also determined that it did not have specific jurisdiction because the only alleged connection to the forum was the plaintiff's decision to seek the assistance of attorneys in Illinois. Id. at *3. Accordingly, the Court dismissed the Complaint for lack of personal jurisdiction. In addition, the information is confidential and cannot be produced without the entering of a discovery confidentiality order.

2.      State the number of defaulted consumer debts/accounts you purchased, to date, in 2017 and the face value of those debts/accounts.

**Response:**      JTM objects to this Interrogatory because it seeks information outside the limited inquiry of personal jurisdiction permitted by the Court in order to respond to JTM's motion. Specifically, the number defaulted[2] consumer debts/accounts and face value of same has no bearing on whether JTM is subject to personal jurisdiction in the State of Illinois. See Price v. Schlee & Stillman, LLC, 2017 WL 2311229 (N.D. Ill. May 26, 2017) (Durkin, J.). In Price, the plaintiff, a resident of Kentucky, commenced an action against a Maryland based collection firm arguing that the defendant violated the Fair Debt Collection Practices Act. The plaintiff received two letters from the defendant's Massachusetts satellite office. The defendant moved to dismiss the Complaint for lack of personal jurisdiction or in the alternative, to change venue. The defendant did not have an Illinois office, but did actively collect debts in Illinois. This Court determined that it did not have general jurisdiction over the defendant because it was not incorporated in Illinois and it did not have any other operations within Illinois to render it

---

[2] Whether a debt buyer has purchased an account that is in default has no bearing on whether it qualifies as a debt collector as defined by the Fair Debt Collection Practices Act. See Henson v. Santander Consumer USA Inc., __ U.S. __, 137 S.Ct. 1718 (2017).

4

essentially home in the state. Id. at *2. The Court also determined that it did not have specific

jurisdiction because the only alleged connection to the forum was the plaintiff's decision to seek

the assistance of attorneys in Illinois. Id. at *3. Accordingly, the Court dismissed the Complaint

for lack of personal jurisdiction. In addition, the information is confidential and cannot be

produced with the entering of a discovery confidentiality order.

> 3.     State the number of defaulted consumer debts/accounts you purchased in 2016, as
to which the debtor had an address in Illinois, and the face value of those debts/accounts, and
also state whether you had a debt collector send those debtors collection letters in Illinois.

**Response:**     JTM objects to this Interrogatory because it seeks information outside the limited

inquiry of personal jurisdiction permitted by the Court in order to respond to JTM's motion.

Specifically, the number defaulted[3] consumer debts/accounts that contain contact information for

individuals in Illinois and face value of same has no bearing on whether JTM is subject to

personal jurisdiction in the State of Illinois. In Price, the plaintiff, a resident of Kentucky,

commenced an action against a Maryland based collection firm arguing that the defendant

violated the Fair Debt Collection Practices Act. The plaintiff received two letters from the

defendant's Massachusetts satellite office. The defendant moved to dismiss the Complaint for

lack of personal jurisdiction or in the alternative, to change venue. The defendant did not have an

Illinois office, but did actively collect debts in Illinois. This Court determined that it did not have

general jurisdiction over the defendant because it was not incorporated in Illinois and it did not

have any other operations within Illinois to render it essentially home in the state. Id. at *2. The

Court also determined that it did not have specific jurisdiction because the only alleged

connection to the forum was the plaintiff's decision to seek the assistance of attorneys in Illinois.

Id. at *3. Accordingly, the Court dismissed the Complaint for lack of personal jurisdiction. In

---

[3] Whether a debt buyer has purchased an account that is in default has no bearing on whether it qualifies as a debt collector as defined by the Fair Debt Collection Practices Act. See Henson v. Santander Consumer USA Inc., __ U.S. __, 137 S.Ct. 1718 (2017).

addition, the information is confidential and cannot be produced with the entering of a discovery confidentiality order.

Here, the number of defaulted accounts, to which the address belonged to an Illinois debtor, purchased by JTM has no consequence in the analysis of personal jurisdiction. If this Court has determined that it lacked personal jurisdiction over a debt collector who was actively collecting on accounts in Illinois in Price, then the Court cannot have personal jurisdiction over a debt buyer who merely owns accounts and does take any action in Illinois.

Notwithstanding and without waiver of the foregoing, JTM purchased approximately 13,230 accounts with the approximate face value of $10,700,000 wherein the accounts contained an Illinois address.

4.    State the number of defaulted consumer debts/accounts you purchased, to date, in 2017, as to which the debtor had an address in Illinois, the face value of those debts/accounts, and also state whether you had a debt collector send those debtors collection letters in Illinois.

**Response:**    JTM objects to this Interrogatory because it seeks information outside the limited inquiry of personal jurisdiction permitted by the Court in order to respond to JTM's motion. Specifically, the number defaulted[4] consumer debts/accounts that contain contact information for individuals in Illinois and face value of same has no bearing on whether JTM is subject to personal jurisdiction in the State of Illinois. In Price, the plaintiff, a resident of Kentucky, commenced an action against a Maryland based collection firm arguing that the defendant violated the Fair Debt Collection Practices Act. The plaintiff received two letters from the defendant's Massachusetts satellite office. The defendant moved to dismiss the Complaint for lack of personal jurisdiction or in the alternative, to change venue. The defendant did not have an Illinois office, but did actively collect debts in Illinois. This Court determined that it did not have

---

[4] Whether a debt buyer has purchased an account that is in default has no bearing on whether it qualifies as a debt collector as defined by the Fair Debt Collection Practices Act. See Henson v. Santander Consumer USA Inc., __ U.S. __, 137 S.Ct. 1718 (2017).

general jurisdiction over the defendant because it was not incorporated in Illinois and it did not have any other operations within Illinois to render it essentially home in the state. Id. at *2. The Court also determined that it did not have specific jurisdiction because the only alleged connection to the forum was the plaintiff's decision to seek the assistance of attorneys in Illinois. Id. at *3. Accordingly, the Court dismissed the Complaint for lack of personal jurisdiction. In addition, the information is confidential and cannot be produced with the entering of a discovery confidentiality order.

Here, the number of defaulted accounts, to which the address belonged to an Illinois debtor, purchased by JTM has no consequence in the analysis of personal jurisdiction. If this Court has determined that it lacked personal jurisdiction over a debt collector who was actively collecting on accounts in Illinois in Price, then the Court cannot have personal jurisdiction over a debt buyer who merely owns accounts and does take any action in Illinois.

Notwithstanding and without waiver of the foregoing, JTM purchased approximately 13,387 accounts with the approximate face value of $11,000,000 wherein the accounts contained an Illinois address.

5.     State the number of proofs of claim you filed, or that were filed on your behalf, in any of the federal bankruptcy courts in Illinois in 2016.

**Response:**     JTM objects to this Interrogatory because it seeks information outside the limited inquiry of personal jurisdiction permitted by the Court in order to respond to JTM's motion. Specifically, the number of proof of claims filed in federal bankruptcy courts has no bearing on whether JTM is subject to personal jurisdiction in the State of Illinois. *See* Price v. Schlee & Stillman, LLC, 2017 WL 2311229 (N.D. Ill. May 26, 2017) (Durkin, J.). In Price, the plaintiff, a resident of Kentucky, commenced an action against a Maryland based collection firm arguing that the defendant violated the Fair Debt Collection Practices Act. The plaintiff received

7

two letters from the defendant's Massachusetts satellite office. The defendant moved to dismiss the Complaint for lack of personal jurisdiction or in the alternative, to change venue. The defendant did not have an Illinois office, but did actively collect debts in Illinois. This Court determined that it did not have general jurisdiction over the defendant because it was not incorporated in Illinois and it did not have any other operations within Illinois to render it essentially home in the state. Id. at *2. The Court also determined that it did not have specific jurisdiction because the only alleged connection to the forum was the plaintiff's decision to seek the assistance of attorneys in Illinois. Id. at *3. Accordingly, the Court dismissed the Complaint for lack of personal jurisdiction. Notwithstanding and without waiver of the foregoing, JTM did not file any proofs of claim in Illinois bankruptcy courts in 2016.

6.      State the number of proofs of claim you filed, or that were filed on your behalf, in any of the federal bankruptcy courts in Illinois in 2017.

**Response**:      JTM objects to this Interrogatory because it seeks information outside the limited inquiry of personal jurisdiction permitted by the Court in order to respond to JTM's motion. Specifically, the number of proof of claims filed in federal bankruptcy courts has no bearing on whether JTM is subject to personal jurisdiction in the State of Illinois. See Price v. Schlee & Stillman, LLC, 2017 WL 2311229 (N.D. Ill. May 26, 2017) (Durkin, J.). In Price, the plaintiff, a resident of Kentucky, commenced an action against a Maryland based collection firm arguing that the defendant violated the Fair Debt Collection Practices Act. The plaintiff received two letters from the defendant's Massachusetts satellite office. The defendant moved to dismiss the Complaint for lack of personal jurisdiction or in the alternative, to change venue. The defendant did not have an Illinois office, but did actively collect debts in Illinois. This Court determined that it did not have general jurisdiction over the defendant because it was not incorporated in Illinois and it did not have any other operations within Illinois to render it

essentially home in the state. Id. at *2. The Court also determined that it did not have specific jurisdiction because the only alleged connection to the forum was the plaintiff's decision to seek the assistance of attorneys in Illinois. Id. at *3. Accordingly, the Court dismissed the Complaint for lack of personal jurisdiction. Notwithstanding and without waiver of the foregoing, JTM did not file any proofs of claim in Illinois bankruptcy courts in 2017.

      7.    State any and all business that you have done directly, or indirectly, in the State of Illinois.

    **Response**:    JTM has not conducted any business in the State of Illinois.

      8.    State whether the principal purpose of JTM's business is the purchase of defaulted consumer debts/accounts, and if it is not the principal purpose of its business, state in detail all other business purposes in which it engages.

    **Response**:    JTM objects to this Interrogatory because it seeks information outside the limited inquiry of personal jurisdiction permitted by the Court in order to respond to JTM's motion. Specifically, JTM's principal business purpose has no bearing on whether JTM is subject to the jurisdiction of this Court. Notwithstanding, JTM does not meet the statutory definition of debt collector as defined in the Fair Debt Collection Practices Act because it does not send letters, make telephone call or actively collect on accounts it owns. See Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d 1072, 1078-79 (N.D. Ill. 2014) (defendant is not a debt collector because an entity that acquires consumer's debt hoping to collect it but that does not have any interaction with the consumer itself does not necessarily undertake activities that fall within this purview."); McAdory v. M.N.S. Assocs., LLC, 2017 WL 5071263 (D. of Oreg. Nov. 3, 2017) ("[d]ebt purchasing companies like [defendant] who have no interactions with debtors and merely contract with third parties to collect on the debts they have purchased simply do not have the principal purpose of collecting debts. Therefore these companies must fall outside the purview of the FDCPA."); and Gold v. Midland Credit Management, Inc., 82 F. Supp.3d 1064,

1071 (N.D. Cal. 2015) (granting defendant-debt collector's motion for summary judgment because the defendant did not attempt to communicate with the consumer).

DATED:        January 5, 2018

                    **LIPPES MATHIAS WEXLER FRIEDMAN LLP**

                    /s Brendan H. Little
                    Brendan H. Little, Esq.
                    Attorneys for Defendant
                    50 Fountain Plaza, Suite 1700
                    Buffalo, NY 14202
                    P: 716-853-5100
                    F: 716-853-5199
                    blittle@lippes.com

## VERIFICATION

Michael Hyla, first being duly sworn, deposes and states that he is the Director of Compliance for JTM Capital Management, LLC, the Defendant in the above-entitled action; that he has read the foregoing supplemental Response to the Plaintiff's Interrogatories concerning jurisdiction and knows the contents thereof; that the statements of fact above are true to the best of his knowledge except as to those matters alleged, upon information and belief, and that as to those matters, he believes them to be true.

_____
Michael Hyla