# EXHIBIT B

Questioned
As of: January 22, 2018 8:02 PM Z

## Brennon v. Nationwide Credit, Inc.

United States District Court for the Northern District of Illinois, Eastern Division

October 5, 2011, Decided; October 5, 2011, Filed

No. 11 C 4309

**EXHIBIT B**

**Reporter**
2011 U.S. Dist. LEXIS 161564 *

MICHAEL BRENNON, Plaintiff, v. NATIONWIDE CREDIT, INC., a corporation, Defendant.

## Core Terms

venue, reside, personal jurisdiction, contacts, judicial district, consumers, direct communication, motion to dismiss, defense motion, transactions, violations, licensed, cease

**Counsel:** [*1] For Michael Brennon, Plaintiff: David J. Philipps, LEAD ATTORNEY, Mary Elizabeth Philipps, Philipps & Philipps, Ltd., Palos Hills, IL USA.

For Nationwide Credit, Inc., a Georgia corporation, Defendant: Charles Anthony Piccuta, LEAD ATTORNEY, Houser & Allison, APC, Irvine, CA USA; Keith H. Werwas, Matton & Werwas, P.C., Chicago, IL USA.

**Judges:** Robert W. Gettleman, United States District Judge.

**Opinion by:** Robert W. Gettleman

## Opinion

### ORDER

Plaintiff Michael Brennon has brought a two-count complaint against defendant Nationwide Credit, Inc. ("Nationwide"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Defendant has moved to dismiss for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3). For the reasons described below, defendant's motion is denied.

### BACKGROUND

Plaintiff is a citizen of North Carolina, from whom defendant has made multiple attempts to collect a delinquent consumer debt plaintiff owes on an American Express account. Defendant is a Georgia corporation and debt collector, with offices in Georgia, New York, Arizona, California and India, and is licensed to collect debts in the State of Illinois. Upon being contacted by defendant, plaintiff retained the Chicago Legal Clinic's Legal Advocates for Seniors and [*2] People with Disabilities ("LASPD") as counsel. Plaintiff's counsel then sent written notice to defendant, demanding that defendant cease direct communications with plaintiff. When defendant's efforts at direct communication did not cease, plaintiff filed this lawsuit in the Northern District of Illinois, alleging violations of the FDCPA.

### DISCUSSION

Defendant has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(3), asserting that venue is improper in the Northern District of Illinois. It is plaintiff's burden to establish that the chosen venue is proper. Davis v. Howse, 2003 U.S. Dist. LEXIS 9552, 2003 WL 21317289, at *2 (N.D. Ill. June 5, 2003).

Because subject matter jurisdiction for this action is not founded solely on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(b). Plaintiff attempts to assert jurisdiction under § 1391(b)(2), by alleging that "part of the acts and transactions occurred here and defendant transacts business here." Proof of this allegation would be insufficient to establish venue, because § 1391(b)(2) requires that a "substantial part of the events or omissions giving rise to the claim" occur in the district.

Venue is proper, however, under § 1391(b)(1), which provides for venue in "a judicial district where any defendant resides, if all defendants reside in the same State." In the instant case, there is only one [*3]

defendant, and that defendant is a corporation. Under § 1391(c), for purposes of venue:

> a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

It is undisputed that defendant is licensed by the Illinois Division of Professional Regulation to collect debts in Illinois. It is also uncontested that at the time the suit was filed defendant was attempting to collect debts from hundreds of thousands of Illinois consumers, including consumers residing in this district. Under these circumstances defendant has sufficient contacts with Illinois such that requiring it to defend the instant [*4] action here does not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)*. Because the court can assert personal jurisdiction over defendant, venue is proper under § 1391(b)(1).

Accordingly, defendant's motion to dismiss is denied. Defendant is ordered to answer the complaint on or before October 26, 2011. The parties are ordered to file a written joint status report prepared on the court's form on November 9, 2011. This matter is set for a report on status on November 23, 2011.

**ENTER: October 5, 2011**

/s/ Robert W. Gettleman

**Robert W. Gettleman**

**United States District Judge**