# EXHIBIT C

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH LEFLER and MARIE STRATTON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Judge Joan B. Gottschall |
| RAZOR CAPITAL, LLC, and J.C. CHRISTENSEN, INC., | ) ) ) | Case No. 13 C 2242 |
| Defendants. | ) ) | |

### ORDER

Kenneth Lefler and Marie Stratton (collectively, "Plaintiffs") have sued defendants Razor Capital, LLC ("Razor") and J.C. Christensen & Associates, Inc. ("J.C")[1] (collectively, "Defendants") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), (3) and (6), or alternatively, to transfer this action to a more convenient venue pursuant to 28 U.S.C. § 1404. Immediately after filing the motion to dismiss or transfer, Defendants also moved to vacate the initial status hearing and stay discovery. The court granted that motion and directed Defendants to reply only as to the issue of venue. For the reasons stated below, the court denies the motion as to lack of personal jurisdiction and improper venue and denies the motion to transfer. The court strikes the remainder of the motion to dismiss (for failure to state a claim under Rule 12(b)(6)) and grants Defendants seven days to re-file.

---

[1]      The court notes that the caption of the case improperly identifies J.C. Christensen & Associates, Inc. as J.C. Christensen, Inc.


EXHIBIT
C

## I. BACKGROUND

Lefler is a citizen of Florida and Stratton is a citizen of Arizona. Plaintiffs allege that another company, Icon, attempted to collect their delinquent consumer debt. Plaintiffs sought representation from the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities Program ("LASPD"), located in Chicago, Illinois. (Am. Compl. at ¶ 3, 4, ECF No. 16.) Plaintiffs' counsel demanded in writing that Icon cease contacting Plaintiffs because Plaintiffs were represented by counsel and stated that Plaintiffs refused to pay the debt because they were unable to do so. Plaintiffs allege that Icon then transferred the accounts to Razor, which had J.C. send Plaintiffs new collection letters in February 2013. The letters were mailed from Minnesota to the Plaintiffs in Florida and Arizona. Plaintiffs contend these letters from J.C. on behalf of Razor violated the FDCPA because Plaintiffs' counsel had sent "cease letters" to Defendants' predecessors-in-interest.

Razor is a Minnesota limited liability company and J.C. is a Minnesota corporation. Plaintiffs allege that Defendants operate nationwide delinquent debt collection businesses, and attempt "to collect debt from consumers in virtually every state, including consumers in the State of Illinois." (*Id.* at ¶ 5, 6.) Further, Plaintiffs attach documentation from the Illinois Secretary of State's website showing that each defendant maintains a registered agent in Chicago, and from the Illinois Division of Professional Regulation that each acts as a licensed collection agency in the State of Illinois. Plaintiffs allege, and Defendants do not refute through affidavits, that "Defendants both conduct extensive and substantial business in Illinois," and transact business in this district. (*Id.* at ¶ 8, 2.) Defendants attest that each has offices only in Minnesota, that all the

collection actions related to Plaintiffs were performed in Minnesota, and that Defendants have no

agents (other than for service of process) in Illinois.[2]

## II. ANALYSIS

### A. Personal Jurisdiction

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a court must dismiss a case if the

court lacks personal jurisdiction over the defendant. A plaintiff bears the burden of

demonstrating the existence of personal jurisdiction. *GCIU-Employer Ret. Fund v. Goldfarb

Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). In ruling on a motion to dismiss for lack of personal

jurisdiction, the court treats all uncontroverted jurisdictional allegations in the complaint as true,

draws all reasonable inferences in the plaintiff's favor, and resolves any conflicts in the affidavits

in plaintiff's favor. *Id.* The exercise of personal jurisdiction over a defendant must be authorized

by statute and consistent with the Constitution. *Cent. States, Se. & Sw. Areas Pension Fund v.

Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000).

The FDCPA does not provide for nationwide service of process. Personal jurisdiction is

authorized by statute if the defendant "is subject to the jurisdiction of a court of general

jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). The

Illinois long-arm statute permits its courts to exercise jurisdiction on any basis consistent with

the due process clauses of the Illinois and United States Constitutions. 735 Ill. Comp. Stat § 5/2-

---

[2]      Plaintiffs respond that it is improper for Defendants to include affidavits from their corporate
representatives which set forth facts related to jurisdiction and venue. In support of this argument,
Plaintiffs cite to Rule 12(d), which states, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside
the pleadings are presented to and not excluded by the court, the motion must be treated as one for
summary judgment under Rule 56[.]" However, the affidavits pertain to the portion of the motion to
dismiss under Rule 12(b)(2) for lack of personal jurisdiction and 12(b)(3) for lack of venue. Affidavits are
often necessary and appropriate to determine personal jurisdiction, and are routinely considered. *See, e.g.*,
*GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009); *First Nat'l Bank
v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 905 (N.D. Ill. 2006). Affidavits are also routinely used in
motions to transfer venue pursuant to § 1404, and Plaintiffs make no argument that they are not
appropriate for that purpose. *Digan v. Euro-Am. Brands, LLC*, No. 10 C 799, 2010 WL 3385476, *2 (N.D. Ill.
Aug. 19, 2010).

209. Though there could hypothetically be a difference between the two constitutional requirements for personal jurisdiction, Defendants have not suggested any, and the Seventh Circuit has repeatedly declined to identify any operative differences. *E.g. Reimer*, 230 F.3d at 940; *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). Federal due process requires that a nonresident defendant must have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945) (internal citation and quotation omitted).

Personal jurisdiction can be either general or specific, depending on the amount of contact a nonresident has with the forum state, and the relation of that contact to the case at issue. General personal jurisdiction exists when a nonresident "defendant conducts continuous and systematic general business within the forum state." *GCIU*, 565 F.3d at 1023. Plaintiffs contend that this court has general personal jurisdiction over Defendants because they are licensed to do business in Illinois and collect debt in the Northern District of Illinois. The court takes judicial notice that Razor has been a defendant in at least eleven suits in this district in the last four years regarding its debt collection practices, and J.C. at least eight. The uncontroverted allegation in the Amended Complaint is that Defendants transact a substantial amount of business in Illinois.

When a business "is licensed to do business in the State of Illinois and does business in the Northern District of Illinois[, w]e have no doubt that the federal court sitting in that district had personal jurisdiction over" the business. *In re LimitNone, LLC*, 551 F.3d 572, 575 (7th Cir. 2008). Defendants' conduct is such that they "should reasonably anticipate being haled into court there." *GCIU*, 565 F.3d at 1023. Therefore, the court concludes it has general personal jurisdiction over Defendants.

4

### B. Venue

Venue is proper in a judicial district where the defendant resides. 28 U.S.C. § 1391(b)(1).
A defendant corporation or company is deemed to reside in any district in which it is subject to
the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C.
§ 1391(c)(2). Defendants' contacts with the Northern District of Illinois are sufficient to deem
that it resides in this district, so venue is proper. *See* § 1391(d). In other cases where cease letters
were written by the same counsel, and both the plaintiffs and defendants were citizens of
different states, courts have held that venue is proper. *E.g. Garrigan v. Midland Credit Mgmt.*,
No. 09 C 3110, ECF No. 39 (N.D. Ill. Mar. 19, 2010); *Brennon v. Nationwide Credit, Inc*, No. 11
C 4309 (N.D. Ill. Oct. 5, 2011). These courts held that defendants resided in the Northern District
of Illinois because they were licensed to do business in Illinois, maintained a registered agent in
Illinois, sent debt collection letters into the Northern District, and, in *Garrigan*, had been a
defendant in lawsuits in this district. Defendants reply that these cases are inapposite because the
letters Plaintiffs' counsel wrote in this case were not sent to the Defendants but to Icon. That is
immaterial. In these cases, venue and personal jurisdiction rest on the general and systematic
business contacts of the defendants with this district, not specific contacts giving rise to this suit.

Even when venue is proper, a court may transfer a case to another venue which is
"clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir.
1986). Pursuant to 28 U.S.C. §1404, "[f]or the convenience of parties and witnesses, in the
interest of justice, a district court may transfer any civil action to any other district or division
where it might have been brought or to any district or division to which all parties have
consented." Defendants ask that this court transfer this case to the United States District Court
for the District of Minnesota. Venue is proper in Minnesota because that is the location of

Defendants' offices. In deciding whether transfer would promote convenience, courts weigh a plaintiff's choice of forum, the convenience to the parties, "the availability of and access to witnesses, . . . the location of material events and the relative ease of access to sources of proof." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations omitted). For the reasons stated below, Minnesota is not a clearly more convenient forum, and the court declines to transfer the case.

    1. Plaintiff's Choice of Forum

    A plaintiff's choice of forum is generally given substantial weight, unless it is not plaintiff's home forum or it has little connection to the suit. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 902 (N.D. Ill. 2001). In this case, Plaintiffs do not reside here, and the only connection to this case is that their counsel sent a letter from Chicago to Icon. This factor weighs slightly against transfer.

    2. Convenience of the Parties

    Plaintiffs reside in Florida and Arizona, which are distant from both Illinois and Minnesota, and Defendants operate from only Minnesota.  Plaintiffs argue that this district is central to all parties and is most convenient because it is a travel hub. Defendants argue that Minnesota is most convenient for them, and Plaintiffs have already chosen a distant forum. In evaluating the convenience of the parties, courts consider "the parties' respective residences and their ability to bear the expenses of litigating in a particular forum." *Genocide Victims of Krajina v. L-3 Servs., Inc.*, 804 F. Supp. 2d 814, 826 (N.D. Ill. 2011). Defendants have counsel in the Northern District of Illinois defending numerous lawsuits; one additional lawsuit here should not be a significant inconvenience.

Plaintiffs' counsel is located only in Chicago. Defendants argue that Plaintiffs should not be allowed to choose the venue for a case simply by hiring counsel in that district. Defendants are correct that the convenience of retained counsel is not a factor courts generally consider in determining motions to transfer. *See e.g.*, *Heil Co. v. Curotto Can Co.*, No. 02 C 782, 2004 WL 725737, at *2 (N.D. Ill. Mar. 30, 2004). But here there are two related concerns which are appropriate for the court to consider. First, because of Plaintiffs' indigence, it is not clear that they will be able to obtain counsel in another district. Second, as discussed further below, the LASPD may serve as a witness in this case on the limited issue of whether the cease letters were sent, which warrants additional consideration.[3] Overall, this factor is neutral.

### 3. Convenience of the Witnesses, Situs of Material Events, Access to Sources of Proof

In considering the convenience of witnesses, less weight is given to the convenience of party witnesses, such as the employees of Defendants. *Int'l Truck & Engine Corp. v. Dow-Hammond Trucks Co.*, 221 F. Supp. 2d 898, 904 (N.D. Ill. 2002). Nonetheless, Defendants' witnesses are located exclusively in Minnesota, and that is entitled to some consideration. The location of possible non-party witnesses is split between the Northern District of Illinois and the District of Minnesota. Plaintiffs argue that their "main witnesses will be LASPD's attorneys and paralegals and their documents." (Resp. at 6, ECF No. 27.) Defendants do not contest that Plaintiffs' counsel mailed letters to Icon, but instead claim that they were not on notice about those communications. Defendants thus argue that third-party witnesses from Icon (which is also located in Minnesota) will be necessary, but do not identify any specific witnesses. The factual issue Defendants identify is likely to be resolved with the production of documents relating to the transfer of the debt. Though these documents are probably located in Minnesota, "documents

---

[3]      The court notes that this may create an issue of professional responsibility. *See* American Bar Association Rule 3.7, adopted in this district by Local Rule 83.50. But given the limited scope of LASPD's likely testimony, the court is comfortable deferring this issue until later in the case.

and records are easily transportable (and, indeed, must be copied and delivered to the opponent no matter where the case will be litigated), and their location is not a persuasive reason for transfer." *ForteCEO Servs., Inc. v. Terra Contracting, LLC*, No. 11 C 5179, 2012 WL 2597888, at *5 (N.D. Ill. July 3, 2012) (internal citation and quotation omitted). The convenience of the witnesses and access to proof are neutral. The acts giving rise to this suit were letters mailed from Minnesota to Florida and Arizona, which Plaintiffs claim should not have been sent because of earlier letters sent by Plaintiffs' counsel from Chicago to Minnesota. The situs of events is neutral.

### 4. Interest of Justice Factors

Relevant to whether the transfer is "in the interest of justice" are such factors as "docket congestion and likely speed to trial in the transferor and potential transferee forums, . . . each court's relative familiarity with the relevant law, . . . the respective desirability of resolving controversies in each locale, . . . and the relationship of each community to the controversy[.]" *Research Automation*, 626 F.3d at 978. According to federal statistics, civil cases reach final disposition in the District of Minnesota about ten percent faster than they do in this district. *See* http://www.uscourts.gov/Statistics/FederalCourtManagementStatistics/district-courts-september-2012.aspx. Each court is likely to be familiar with the FDCPA. The issues in this case are of interest to the communities around the country, but particularly to Minnesota, Florida, and Arizona. This factor weighs slightly in favor of transfer.

In similar cases involving out of state plaintiffs represented in FDCPA cases by the LASPD where the defendant's office was also out of state, courts in this district have denied motions to transfer venue to the location of the offices of the defendant. *See e.g.*, *Garrigan*, No. 09 C 3110 (N.D. Ill. Mar. 19, 2010); *Hinkle v. Allied Interstate*, No. 09 C 5004, ECF No. 17

(N.D. Ill. Oct. 21, 2009). They did so for the same reason this court will, because LASPD employees may serve as third party witnesses and because an alternative forum is not clearly more convenient.

## IV. Conclusion

Having determined that this court can exercise personal jurisdiction over the defendant and that venue is proper in this district, the court denies the motion to dismiss for lack of personal jurisdiction or venue. Because Defendants have not shown that the District of Minnesota would clearly be more convenient, Defendants' motion to transfer is denied. For purposes of clarifying the docket, the court strikes the remaining portion of the motion to dismiss—the portion addressing Rule 12(b)(6)—and grants Defendants seven days to re-file a motion to dismiss for failure to state a claim. Plaintiffs may have twenty-one days to respond, and Defendants have fourteen days to reply. The discovery stay is lifted.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED:   June 3, 2013