# EXHIBIT D



Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3110 | **DATE** | 3/19/2010 |
| **CASE TITLE** | Carmella A. Garrigan *et al.* vs. Midland Credit Management, Inc. | | |

### DOCKET ENTRY TEXT

Defendant's motion to dismiss [22] for improper venue or, in the alternative, to transfer is denied.  Plaintiffs' motion for leave to file a third amended complaint [26] is granted.  A status hearing is set for April 7, 2010 at 2:30 p.m.

■ [ For further details see text below.]                                                    Docketing to mail notices.

### STATEMENT

Plaintiffs are elderly individuals who claim that defendant Midland Credit Management, Inc. ("MCM") tried to collect consumer debts after being told by plaintiffs' attorney that MCM should cease communications directly with the individual plaintiffs.  The attorney worked for the Chicago Legal Clinic's Legal Advocates for Seniors and Persons with Disabilities ("LASPD").  Plaintiffs assert claims under the Fair Debt Collection Practices Act.  None of the plaintiffs lives in Illinois.  Instead, they are scattered across the country.  MCM is a Kansas corporation with its principal place of business in San Diego.

Before the court are two motions:  plaintiffs' motion to file a third amended complaint, adding four more similarly-situated plaintiffs; and defendant's motion to dismiss for improper venue or, in the alternative, to transfer venue either to the defendant's home district in San Diego or to send each individual plaintiff's case back to the district in their respective states across the country.

As for the motion to file a third amended complaint, the Court will grant the motion.  As the parties accurately state in their briefs, the question here is whether, under Rule 15(a), this Court should deny leave because of undue delay, bad faith, dilatory motive or undue prejudice, or because the amendment would be futile.  We do not see how MCM would be prejudiced, as this case is at the beginning stage.  As plaintiffs correctly point out, no answer has been filed and no discovery has been served yet in the case. (Pl. Reply at 8.)  MCM's main argument in opposition to the motion to amend is its pending venue motion; however, as explained below, we are not persuaded that venue should transferred.  For these reasons, this Court grants plaintiffs leave to file their third amended complaint.

Turning to the venue motion, the first issue is whether venue is proper in this Court.  Plaintiff argues that venue is proper here because MCM is licensed as a debt collection agency in Illinois, is licensed to do business in Illinois, maintains a registered agent here, sends thousands of debt collection letters into the Northern District, and has been a defendant in approximately 45 lawsuits in this District. (Pl. Reply at 9.)  MCM, in its most recent filing (Docket # 35), has not provided any response to these arguments.  For the above reasons and for the additional reasons stated in plaintiffs' reply brief, we find that venue is proper

**EXHIBIT**
D
tabbies®

## STATEMENT

under § 1391(b)(1)

MCM next argues that venue should be transferred under § 1404(a) to either MCM's home district (the Southern District of California) or alternatively to each plaintiff's home district. The first question under § 1404(a) is whether venue would be proper in these other districts. The parties agree that it would, so we next look at the remaining two factors -- the convenience of the parties and witnesses and the public interest factor. This is a question committed to this Court's discretion, and MCM, as the moving party, bears the burden of showing that a transfer would be clearly more convenient. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

In assessing the convenience of parties and witnesses, courts typically consider the following five factors: plaintiff's choice of forum; the situs of material events; the relative ease of access to sources of proof; the convenience of the parties, and the convenience of the witnesses. After analyzing each of these factors, we are not persuaded that either MCM alternative is clearly better than leaving this case here.

Beginning with the first factor, it is true that plaintiff's choice of forum carries much less weight when the plaintiff does not live here. But this would mean, at best, that this factor is neutral. As for the situs of material events, this factor is likewise not clear under the facts currently set forth in the complaint. Letters were sent from San Diego and from Chicago. As for the convenience of the parties, MCM claims that San Diego would be more convenient because its "key personnel" are located there and because the individual plaintiffs who are scattered across the country would have to travel regardless. However, MCM never identifies the "key personnel," nor reveals how many individuals are involved. As for the plaintiffs, while it is true they would have to travel either way, Chicago is more centrally located than San Diego. It is literally the middle-ground position, as many of the plaintiffs reside on the east coast, some in the middle of the country, and one on the West Coast. As to the ease of access to proof, we find this factor is also neutral. No one has identified what proof is at issue. The documents would be easily available to either forum. *See, e.g., Prokop v. Stonemor Partners LP*, 2009 WL 3764103, *4 (N.D. Ill. Nov. 9, 2009) ("When documents are easily accessible, access to proof is a neutral factor."). Finally, as for the witnesses, the key non-party witness (plaintiffs' former attorney) resides here. Further, as noted above, MCM has failed to identify any specific individuals. *See id.* at *5 ("A party moving for transfer must identify the key witnesses to be called and provide a generalized statement of what their testimony would say.") In any event, there is an assumption that "witnesses under control of the parties, such as employees" will appear voluntarily. *Id.*

As for the public factors, MCM agrees that the same federal law would be applied by each court. Moreover, based on the statistics cited by MCM, there is little difference in the speed of disposition between this Court and the Southern District of California. For example, in 2008, the median months from filing to disposition were the same for both districts. MCM does not provide any statistics regarding the alternative proposal of sending each plaintiff's case to his or her home district. MCM also argues that this Court should transfer the case to prevent "forum shopping" in the "interest of justice." *See* MCM Br. at 11 (citing a Ninth Circuit case). Yet, MCM doesn't provide any explanation for why litigating this case here would constitute an improper act of forum shopping. As MCM concedes, the same federal law will apply in each district. For all the above reasons, the motion to transfer venue is denied.