# EXHIBIT E

Case: 1:09-cv-05004 Document #: 17 Filed: 10/21/09 Page 1 of 1 PageID #:178

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.2.3
### Eastern Division

Ronald Hinkle, et al.
                  Plaintiff,

v.
                                      Case No.: 1:09-cv-05004
                                      Honorable Harry D. Leinenweber

Allied Interstate, Inc.
                  Defendant.

### NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, October 21, 2009:

      MINUTE entry before the Honorable Harry D. Leinenweber:Status hearing held on 10/21/2009. Status hearing set for 1/6/2010 at 09:00 AM. Defendants' oral motion to transfer venue is denied. Defendant to answer by 11/2/2009. Discovery to close by 12/31/2009.Mailed notice(wp, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.



EXHIBIT E

1

```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


RONALD HINKLE, MILLIE HARLING,    )
ANTHONY GALLARDO, PATRICIA        )
SHRIVER, RICHARD KUEBLER, and     )
CATALINA AMEZQUITA,               )
                                  )
              Plaintiffs,         )   No. 09 C 5004
                                  )
vs.                               )   Chicago, Illinois
                                  )   October 21, 2009
ALLIED INTERSTATE, INC.,          )   9:00 o'clock a.m.
                                  )
              Defendant.          )


          TRANSCRIPT OF PROCEEDINGS - STATUS HEARING
          BEFORE THE HONORABLE HARRY D. LEINENWEBER

APPEARANCES:

  For the Plaintiff:      PHILIPPS & PHILIPPS, LTD.
                          MR. DAVID J. PHILIPPS
                          9760 South Roberts Road
                          Palos Hills, Illinois 60465
                          708-974-2900


  For the Defendant:      HINSHAW & CULBERTSON
                          MR. JOHN P. RYAN
                          222 North LaSalle Street
                          Chicago, Illinois 60601
                          312-704-3000


  Court Reporter:         FEDERAL OFFICIAL COURT REPORTER
                          MS. KRISTA FLYNN BURGESON
                          219 South Dearborn Street
                          Chicago, Illinois 60604
                          312-435-5567
```

2

```
 1            THE CLERK:  09 C 5004, Hinkle versus Allied
 2   Interstate.
 3            MR. PHILIPPS:  Good morning, Judge.  David Philips
 4   for the plaintiffs.
 5            MR. RYAN:  Good morning, your Honor.  John Ryan on
 6   behalf of the defendant.
 7            MR. PHILIPPS:  Since we were last before you we filed
 8   the amended complaint, we made a settlement offer, and despite
 9   Mr. Ryan's best efforts, he couldn't get his clients to come
10   around to settle.  I think they want to file a motion rather
11   than an answer to the complaint to try to convince your Honor
12   to change venue.
13            THE COURT:  How many plaintiffs are there?  How many
14   plaintiffs?
15            MR. PHILIPPS:  6.
16            MR. RYAN:  There are 6.
17            THE COURT:  And this is what, a fair debt case?
18            MR. PHILIPPS:  Fair debt case, Judge, for contacting
19   these people that were represented by the Chicago Legal
20   Clinic, and for demanding payment of a debt after they were
21   told we weren't going to pay the debt.
22            THE COURT:  Are you going to file a motion?
23            MR. RYAN:  Yes, your Honor.
24            Counsel is correct, we will file a motion to transfer
25   venue.  The 6 plaintiffs are all from different states, none
```

1 of them are from Illinois.
2 　　　So, respectfully, your Honor, it will be on file
3 today, a motion to transfer venue to either any one of the
4 Federal District Courts in --
5 　　　THE COURT: No one is from Illinois?
6 　　　MR. PHILIPPS: There are no plaintiffs from Illinois,
7 but their main witness is located in Illinois, and the
8 defendant resides and does business in Illinois, and they are
9 licensed as a collection agency in Illinois, and has extensive
10 contacts here.
11 　　　The only witness that we have that isn't amenable to
12 Court procedure that would have to be subpoenaed is located in
13 Illinois, Judge. That is the nexus.
14 　　　But we can brief that in the motion if the defendant
15 wants to do that.
16 　　　MR. RYAN: Your Honor, we would strongly argue
17 against that because it pretty much is selection of an
18 attorney that is going to give these plaintiffs venue.
19 　　　They chose the Chicago Legal Clinic as their
20 attorney, their attorney wrote a letter, and by writing a
21 letter back to them is the basis for the FDCPA claim, and that
22 is why we wrote a motion to transfer venue.
23 　　　So, your Honor, if you would, we would like to enter
24 a briefing schedule today.
25 　　　THE COURT: Where do you want it, in Minnesota?

4

1  MR. RYAN: Your Honor, we propose either in any of
2  the Federal District Courts in which any of the 6 plaintiffs
3  reside, or Columbus, Ohio, which is the principal place of
4  business of Allied, and that is actually where the address is
5  that all of the letters that are attached here as exhibits are
6  addressed to.
7  MR. PHILIPPS: This is a company that does business
8  throughout the United States, Judge.
9  THE COURT: It says it is a Minnesota corporation.
10  MR. RYAN: It is a Minnesota corporation.
11  MR. PHILIPPS: Yes, a Minnesota corporation, with New
12  York headquarters, Ohio operations, they have got operations
13  in Florida, and various calls and letters coming from
14  anyplace.
15  But the main witness is here, the Chicago Legal
16  Clinic, and it wasn't that they selected the Chicago Legal
17  Clinic to create venue here, they defendant created the venue
18  here by then violating that representation of the attorneys
19  located here.
20  MR. RYAN: Your Honor, it is a Minnesota corporation
21  with its principal place of business in Columbus, Ohio. In
22  fact, in our motion to transfer venue we do cite case law
23  which says that the selection of attorney shouldn't have any
24  bearing on the venue analysis.
25  THE COURT: Isn't that -- this attorney, though, is a

5

1  witness rather than the counsel?  Isn't your case law the
2  selection of -- if Mr. Philips was the basis for venue, then I
3  would agree with you, but --
4        MR. RYAN:  But, your Honor, --
5        MR. PHILIPPS:  As I would, too, Judge.
6        MR. RYAN:  But it goes along that same wavelength,
7  your Honor, because the situs of the material events here is
8  the actual -- they sent out a letter, meaning they hired the
9  Chicago Legal Clinic here in Chicago, and they sent a letter
10 to Allied allegedly, that is the allegation in the complaint,
11 Allied then sent a letter to all 6 plaintiffs allegedly in the
12 complaint.  All 6 plaintiffs live in 6 different states
13 throughout the country, and so the situs in the material
14 events would either be Columbus, Ohio, where the letters were
15 sent from, from Allied, or where the plaintiffs received the
16 letters from Allied.
17       MR. PHILIPPS:  The main witness is here, as they
18 said, it is the alleged letters that were sent, and they --
19       THE COURT:  Why don't we do it this way:
20       You make an oral motion to transfer venue.  The
21 motion is denied.  It seems to me that based upon what I have
22 been told that the principal witness would be the attorney who
23 wrote the letter, which led to the violations.
24       So, I will save you -- I will save your clients
25 attorneys' fees.

6

```
 1            The motion is denied.
 2            MR. PHILIPPS:  Thank you, Judge.
 3            Perhaps then --
 4            THE COURT:  How long is discovery going to take?
 5            MR. RYAN:  If you would provide us an extension to
 6   answer.
 7            MR. PHILIPPS:  We have no objection to that, Judge.
 8            THE COURT:  All right.
 9            How much time do you need?
10            MR. RYAN:  10 days, your Honor.
11            MR. PHILIPPS:  Fine.
12            THE COURT:  10 days to answer.
13            THE CLERK:  November 2nd.
14            THE COURT:  How long is discovery going to take?
15            MR. PHILIPPS:  A couple of months, at most, from the
16   plaintiffs, Judge.
17            THE COURT:  Is that all right?  Do you agree with
18   that?
19            MR. RYAN:  Yes, your Honor.
20            THE COURT:  Two months, and that would be January.
21            THE CLERK:  Well, it is --
22            THE COURT:  Or December.
23            THE CLERK:  December 21st, but the status can be in
24   January.
25            MR. PHILIPPS:  Can we just have to the end of the
```

7

1  year, Judge, December 31st?
2           THE COURT:   Yes.
3           THE CLERK:   And then status January 6th at 9:00.
4           THE COURT:   January 6th, 2010.
5           Thank you.
6           MR. PHILIPPS:   Thank you, Judge.
7           MR. RYAN:   Thank you.
8           (Proceedings concluded.)
9
10
11
12                    C E R T I F I C A T E
13
14           I certify that the foregoing is a correct transcript
15  from the record of proceedings in the above-entitled matter.
16
17  /s/Krista Burgeson, CSR, RMR, CRR        October 21, 2009
    Federal Official Court Reporter          Date
18
19
20
21
22
23
24
25