# EXHIBIT F

Order Form (01/2005) Case: 1:09-cv-07309 Document #: 24 Filed: 05/06/10 Page 1 of 3 PageID #:275

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 09 C 7309 | DATE | May 6, 2010 |
| CASE TITLE | Barksdale et al vs. GC Services Limited Partnership | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this minute order, Defendant's motion to dismiss for improper venue or, in the alternative, to transfer [14] is denied.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the Court on a motion to dismiss for improper venue or, in the alternative, to transfer [14], filed by Defendant GC Services Limited Partnership ("GC Services" or "Defendant"). For the following reasons, the motion is denied.

Plaintiffs Charles Barksdale, Ollie McKee, and Marian Gagliardi (collectively, "Plaintiffs") each received a debt collection letter from Defendant in their respective domiciles of Michigan, New Jersey, and Florida. The debt collection letters were sent from Defendant's principal place of business in Houston, Texas. GC Services is a Delaware Limited Partnership. Plaintiffs' attorneys notified Defendant by letters to cease communicating directly with Plaintiffs. These letters were sent from the offices of Plaintiffs' attorneys in Chicago, Illinois. After receiving these letters from Plaintiffs' attorneys, Defendant sent an additional letter to each Plaintiff. Plaintiffs filed a cause of action asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692.

On January 7, 2010, Defendant filed a motion to dismiss for improper venue or, in the alternative, to transfer venue to the defendant's principle place of business in the Southern District of Texas.

A civil action may be brought in a judicial district where the defendant resides. 28 U.S.C. §1391(b)(1). The venue statute explains where a *corporation* is deemed to reside for purposes of establishing venue, but does not specifically address *limited partnerships*. 28 U.S.C. §1391(c) ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.") In order to determine where a limited partnerships resides for purposes of venue, many courts treat them as corporations. *See Denver & Rio Grande Western Railroad v. Brotherhood of Railroad Trainsmen*, 387 U.S. 556, 559 (1967) ("[W]e think that the question of the proper venue for [an unincorporated association] should be determined by looking to the

EXHIBIT F

## STATEMENT

residence of the association itself rather than that of its individual members."); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 841 (9th Cir. 1986) ("Residence for purpose of venue can be the residence of the partnership entity rather than exclusively that of its individual members."); *Penrod Drilling Co. v. Johnson*, 414 F.2d 1217, 1220 (5th Cir. 1969) ("[C]orporate venue standards apply to give meaning to 'residence' or similar concepts concerning unincorporated associations . . . .").

Analyzing venue in this way, we determine that GC Services resides in the Northern District of Illinois. From the time the lawsuit was filed, and to this day, GC Services has had an office in this district, has been registered to do business in Illinois, has maintained a registered agent in Illinois, and has conducted business activities directed towards the citizens of Illinois. Such evidence proves that GC Services has had continuous and systematic contacts with the forum state, and that this court could exercise general personal jurisdiction over GC Services when the lawsuit commenced. Since GC Services is deemed to "reside" in this judicial district, venue is proper according to §1391(b)(1).

Venue is also proper because a substantial part of the events giving rise to Plaintiffs' claims occurred in this district. Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." §1391(b)(2). In this case, letters were sent from Plaintiffs' attorneys in Chicago notifying GC Services to cease communicating directly with Plaintiffs, after which Defendant sent an additional letter to each Plaintiff. These chains of letters comprise all of the events giving rise to this claim, and three of the letters were sent from offices located in the Northern District of Illinois. Therefore, a "substantial part of the events giving rise to the claim" occurred in the Northern District of Illinois, and venue is proper in this district. For the foregoing reasons, the Defendant's motion to dismiss for improper venue is denied.

The next issue to be resolved is whether this case should be transferred to the Southern District of Texas because it is a more convenient forum. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). The moving party has the burden of establishing "that the transferee forum is clearly more convenient," based on the particular facts of the case. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

In evaluating motions brought pursuant to § 1404(a), the court considers several factors: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of witnesses, and (4) the interests of justice. *Roberts & Schaefer Co. v. Merit Contracting Co.*, 99 F.3d 248, 254 (7th Cir. 1996). Considering these factors, the Court determines that a transfer is not warranted.

The first factor, the plaintiff's choice of forum, typically is accorded significant weight. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *In Re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). In this case, Plaintiffs selected the Northern District of Illinois, and, as noted earlier, a substantial portions of the events giving rise to the claim occurred in this district. As such, we will not interfere with this choice unless there is a particularly compelling reason to do so.

Looking to the second factor, the convenience of the parties, courts consider the residences and resources of the parties, in essence, their "abilit[y] to bear the expense of trial in a particular forum." *Von Holdt v. Husky Injection Molding Sys. Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). Plaintiffs would have to travel regardless of where litigation is brought, though they probably consider the Northern District of Illinois to be more convenient than Texas, since they filed the case here and oppose the transfer. The defendant is

## STATEMENT

located in Southern District of Texas, and acts through individuals, some of whom are located in the Southern District of Texas, and some of whom are in other locations. It is not clear that the Southern District of Texas would be more convenient for the parties.

Examination of the third factor, the convenience of witnesses, emphasizes not just the raw number but "the nature and quality of the witnesses' testimony." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007). The convenience of non-party witnesses is often accorded greater weight than the convenience of party witnesses, "as it is presumed that party witnesses will appear voluntarily." *First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006) (citing Am. Family Ins. Ex rel. Suddarth v. Wall-Mart stores, Inc., 2003 WL 1895390, at *2 (N.D. Ill. Apr. 17 2003)). Plaintiffs have a clearly identified non-party witness that lives in Chicago – attorney Jeff Whitehead. (Pls.' Resp. at 8). Defendant identified potential witnesses as employees "that are familiar with Defendant's collection procedures and reporting methods." (Def.'s Mot. to Dismiss at 9). With witnesses located in both in the Northern District of Illinois and in the Southern District of Texas, neither district is plainly more convenient for the witnesses.

The broadly worded fourth factor, "the interest of justice," captures several considerations, including:

[R]elative ease of access to sources of proofs; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; the possibility of a view of the premises; and the state of the court calendar both in the District where the case is pending, and in the District to which it is sought to have the case transferred.

*Chicago, R. I. & P. R. Co. v. Igoe*, 220 F.2d 299, 303 (7th Cir. 1955). None of these considerations push strongly toward either proposed venue. With respect to access to sources of proofs, letters were sent from Plaintiffs' attorneys' office in Chicago as well as from Defendant's office in Houston. Both sets of letters would be called upon, and this factor is neutral, as it would not be difficult or costly to transport these papers to either district. Witnesses are located in both the Northern District of Illinois and the Southern District of Texas, and there is no indication that any witnesses would be unwilling to voluntarily cooperate in this litigation. These factors do not tilt heavily in favor of either party.

None of the factors examined above push strongly in favor of moving the case to the Southern District of Texas, and, as stated earlier, in the absence of a compelling reason to transfer, we will respect the Plaintiffs' choice for venue

For the foregoing reasons, Defendant's motion to dismiss for improper venue, or in the alternative, to transfer [14] is denied.

It is so ordered.

Wayne R. Andersen
United States District Judge

May 6, 2010