# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Tiramani,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**MRS BPO, LLC,** )<br>)<br>Defendant. ) | No. **13 C 2930**<br><br>Judge Edmond E. Chang |

ORDER

For the reasons stated in the attached order, Defendant's transfer motion [14] is denied. Status hearing of 08/15/2013 at 10:30 a.m. remains in place to check on discovery.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 13, 2013


EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUNE TIRAMANI, | ) |
| | ) |
| Plaintiff, | ) No. 13 C 02930 |
| | ) |
| v. | ) |
| | ) Judge Edmond E. Chang |
| MRS BPO, LLC, | ) |
| | ) |
| Defendant. | ) |

ORDER

Plaintiff June Tiramani alleges that a debt collection company, Defendant MRS BPO, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., by (among other things) repeatedly calling her after her lawyers demanded that MRS stop communicating with Tiramani directly. MRS is headquartered in New Jersey, and has moved to transfer the case to the District of New Jersey on convenience grounds. It bears noting that MRS does not dispute that venue is proper in this District; the company is considered a "resident" here for venue purposes because it is subject to personal jurisdiction here. 28 U.S.C. § 1391(b)(1), (c)(2). So the question is not proper venue, but rather whether this District is more convenient than New Jersey.

The change-of-venue statute, 28 U.S.C. § 1404, provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).

To justify a transfer of venue, the moving party must show that the venue would be proper in the proposed transferee district, the transferee district is more convenient for parties and witnesses, and transfer would serve the interests of justice. *Gueorguiev v. Max Rave, LLC*, 526 F.Supp.2d 853, 856 (N.D.Ill.2007). "The movant has the burden of establishing . . . that the transferee forum is clearly more

convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–220 (7th Cir.1986). The interest-of-justice factor normally turns on issues such as trying related litigation together, ensuring a speedy trial, and having the trial before a judge who is familiar with the applicable law. *Jaramillo v. DineEquity, Inc.*, 664 F.Supp.2d 908, 914 (N.D.Ill.2009).

The transfer question is a close call. Tiramani lives in Florida, so the Northern District of Illinois is not her home forum, which tamps down the usual strength of the plaintiff's choice of forum. Although "a defendant invoking *forum non conveniens* ordinarily bears a heavy burden in opposing the plaintiff's chosen forum, [w]hen the plaintiff's choice is not its home forum, . . . the presumption . . . applies with less force." *Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430 (2007) (internal citations and quotations omitted). So not only is Illinois no more convenient for Tiramani herself than New Jersey,[1] the choice-of-forum factor is dampened here. On the other side, there is little doubt that some MRS employee-witnesses are located in New Jersey, particularly ones who will know about the receipt of Tiramani's lawyers' communications to MRS, as well as witnesses who will know about MRS's allegedly reasonable procedures that are designed to minimize FDCPA violations. True, some of the allegedly offending phone calls might have been made from MRS's Ohio office, but almost certainly some of MRS's witnesses are located in New Jersey.

But it is also important to consider *non*-party witnesses, who after all are neither bringing the suit nor being called to account for alleged misconduct. In this case, the Chicago Legal Clinic lawyers who represented Tiramani in trying to fend off MRS's collection efforts are located in Chicago (they are not the same lawyers litigating this suit now). MRS tries valiantly to shrink the likelihood that the Chicago lawyers will need to testify, offering to stipulate to the sending of the letters. That might well work in other cases, but in this case, MRS does argue that MRS responded to the first letter, but heard nothing back. There could be a dispute over the back-and-forth (or the absence of it) in this case, so the Chicago lawyers

---

[1] Indeed, transfer to the Southern District of Florida might actually make the most sense, although MRS does not ask for that.

2

could be relevant witnesses. The non-party convenience is important enough, on balance, to keep the case here. Accordingly, the transfer motion is denied.[2]

ENTERED:

                s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: August 13, 2013

---

[2] It is worth noting that some of Tiramani's arguments are rejected. She argues that transfer should be analyzed assuming that there will be no trial. That argument disregards the convenience of the presiding court having subpoena power for discovery purposes (not just trial), and in any event the statute dictates consideration of the convenience of the parties and witnesses, which can be made only in reference to discovery and trial. Tiramani also argues that the convenience analysis should take into account the availability of video technology for remote trial testimony. But there is no absolute right to present testimony in that way, and a party might believe, for good reason, that it would prefer to present live testimony, particularly of its own witnesses.

3