**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **AMANDA PERRY** | ) | |
| | ) | Case No.: 1:17-cv-07601 |
| **Plaintiff,** | ) | |
| | ) | **Judge Gettleman** |
| v. | ) | **Magistrate Judge Gilbert** |
| | ) | |
| **JTM CAPITAL MANAGEMENT, LLC,** | ) | |
| a Delaware limited liability company | ) | |
| | ) | |
| **Defendant.** | ) | |

| | | |
|---|---|---|
| **THERESA MULLERY** | ) | |
| | ) | Case No.: 1:17-cv-07769 |
| **Plaintiff,** | ) | |
| | ) | **Judge Gettleman** |
| v. | ) | **Magistrate Judge Cole** |
| | ) | |
| **JTM CAPITAL MANAGEMENT, LLC,** | ) | |
| a Delaware limited liability company | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS OR TRANSFER VENUE**

Defendant JTM Capital Management, LLC ("JTM") respectfully submits this Reply Brief in further support of its Motions to Dismiss in the above-captioned actions, and in response to Plaintiffs, Amanda Perry and Theresa Mullery's ("Perry" and "Mullery", respectively, or collectively as "Plaintiffs"), combined response to JTM's Motion to Dismiss or Transfer Venue ("Plaintiffs' Response"). (Perry, Dkt. 13; Mullery, Dkt. 15).[1]

---

[1] Plaintiffs filed a combined response to the Motions to Dismiss filed by JTM in each of the Plaintiffs' respective actions. Accordingly, all citations to "Plaintiffs' Response" refers to the Plaintiffs' combined response to JTM's Motions, which is available at Docket Entry 13 in Perry and Docket Entry 15 in Mullery.

1

**ARGUMENT**

I. **Plaintiffs Have Not Met Their Burden of Demonstrating the Existence of Personal Jurisdiction**

"[O]nce the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 781-82 (7th Cir. 2003) (citations omitted).  When a district court is asked to rule on a motion to dismiss based upon written submissions, without an evidentiary hearing, a plaintiff must "make out a *prima facie* case of personal jurisdiction." Id. (emphasis in original); *see also*, Hyatt Intern. Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002).  In this case, Plaintiffs have not, and cannot, meet their burden of demonstrating a prima facie case of personal jurisdiction because JTM does not have any contacts with the State of Illinois.

As argued in JTM's original Motions to Dismiss, this case is identical to Price v. Schlee & Stillman, LLC, 2017 WL 2311229 (N.D. Ill. May 26, 2017) ( Durkin, J.), wherein the district court held that it lacked personal jurisdiction over an alleged debt collector in a case brought by the same law firm representing the Plaintiff herein. Here, as in Price, Plaintiffs have failed to make a prima facie showing of personal jurisdiction because the only connection between this case and the Northern District of Illinois is that Plaintiffs sought the assistance of legal aid attorneys located in Chicago.[2]  Id. at *3.  Price makes clear that merely being authorized to do business and/or maintaining a registered agent in Illinois is insufficient to subject JTM to the jurisdiction of the Court.  Id. at *2.  Plaintiffs have not provided any persuasive reason for departing from Judge Durkin's analysis in Price.  In fact, the Seventh Circuit has recognized that

---

[2] As explained in detail in JTM's original Motions to Dismiss, neither Plaintiffs nor JTM are residents of the State of Illinois, no other lawsuits have been brought against JTM in the Northern District of Illinois, and Plaintiffs have not even alleged, let alone provided any evidentiary support, that JTM has any employees or offices or other systematic or continuous affiliation with the state.

the U.S. Supreme Court's decision in Daimler AG v. Bauman, __U.S.__, 134 S. Ct. 746, 761 (2014) "raised the bar for [general jurisdiction]," explaining that since Daimler, "more than the 'substantial, continuous, and systematic course of business' that was once thought to suffice" is required.  Kipp v. Ski Enter. Corp. of Wisconsin, Inc., 783 F.3d 695, 698 (7th Cir. 2015) (citing Daimler, 134 S. Ct. at 760-61).

     Plaintiffs argue that JTM has contacts with the State of Illinois sufficient to confer jurisdiction because JTM admitted to purchasing accounts that belong to Illinois consumers during 2016 and 2017.  Plaintiffs' Response, p. 6.  Plaintiffs' argument is insufficient to establish jurisdiction because the fact that JTM owns accounts belonging to Illinois consumers does not establish or even lead to a permissible inference that JTM has any contacts with the State of Illinois, let alone contacts sufficient to justify this Court's exercise of jurisdiction over JTM.  Specifically, Plaintiffs' allegations are insufficient to confer general jurisdiction because JTM's affiliations with Illinois do not render it essentially at home in the state.  *See e.g.,* Daimler, 134 S. Ct. at 761; Price, 2017 WL 2311229 at *2.  Moreover, specific jurisdiction is lacking because Plaintiff has not alleged that JTM has not purposefully directed any activities at the forum state or purposefully availed itself of the privilege of conducting business in the state.  *See e.g.,* Daimler, 134 S. Ct. at 761; Price, 2017 WL 2311229 at *3. Put another way, JTM is not subject to jurisdiction in the Northern District of Illinois because it is a passive debt buyer that does not engage in any debt collection activities and does not have any contacts with the State of Illinois.

     Plaintiffs rely on a number of cases from the Northern District of Illinois in an attempt to establish jurisdiction over JTM. Plaintiffs' Response, pp. 6-8.  However, each of the cases cited pre-date the U.S. Supreme Court's decision in Daimler and, therefore, cannot establish that JTM's contacts with the state meet the heightened burden established in Daimler.  Moreover,

these cases are distinguishable because some of the cases only address the issue of venue rather than jurisdiction and, in each case where the Court found that jurisdiction existed, the debt collector was alleged to have ***engaged in*** debt collection activities or otherwise ***conducted business in***, or directed towards, the State of Illinois.[3]  *See* Brennon v. Nationwide Credit, Dkt. No.: 11-cv-4309 (N.D. Ill. Oct. 5, 2011) (finding jurisdiction where the defendant-debt collector "was attempting to collect debts from hundreds of thousands of Illinois consumers"); Lefler v. Razor Capital LLC, Dkt. No.: 13-cv-2242 (N.D. Ill. June 3, 2013) (finding jurisdiction where the defendants did not refute that they conducted "extensive and substantial business in Illinois"); Garrigan v. Midland Credit Mgmt., Inc., Dkt. No.: 09-cv-3110 (N.D. Ill. Mar. 19, 2010) (venue was proper where the defendant sent "thousands of debt collection letters into the Northern District"); Barksdale v. G.C. Servs., 09-cv-7309 (N.D. Ill. May 6, 2010) (venue was proper where the defendant "has conducted business activities directed towards the citizens of Illinois").

In contrast to those cases, JTM's Supplemental Responses to Plaintiff's First Interrogatories are unequivocal that JTM is a passive debt buyer that does not engage in any collection activity, or otherwise conduct any business in, Illinois.  (Perry, Dkt. 13-1, Interrog. No. 7).  Importantly, Plaintiffs do not allege that JTM actively engaged in any debt collection activities in any state.  In fact, JTM's only alleged connection with any type of debt collection related activities is that it hires independent third party debt collection agencies to collect on the accounts that it owns. Thus, the cases cited by Plaintiffs are of no consequence to this Court's

---

[3] The district court in Price distinguished the primary case relied upon by Plaintiff, Brennon v. Nationwide Credit, Dkt. No.: 11-cv-4309 (N.D. Ill. Oct. 5, 2011), on the grounds that it pre-dated the United States Supreme Court's decision in Daimler.  Thus, Plaintiffs' argument that Daimler merely raised the standard for "certain international causes of action" and did "not alter this Court's finding in Brennon as to personal jurisdiction involving a debt collection like Defendant JTM," is without merit. Plaintiffs' Response, p. 9.  To the contrary, Price clearly instructs that Daimler did in fact raise the bar in regard to the showing necessary to establish general jurisdiction in cases such as this one.  Price, 2017 WL 2311229 at FN2; *see also*, Kipp, 783 F.3d at 698.

4


Case 1:18-cv-00549-LJV-HKS   Document 16   Filed 02/19/18   Page 5 of 12

analysis because, in this case, Plaintiffs merely allege that "JTM is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon *through other agencies*." (Perry, Dkt. 1 at ¶ 5; Mullery, Dkt. at ¶ 5). Significantly, Plaintiffs do not allege that JTM actively engages in any direct debt collection related activities in Illinois. Moreover, as discussed above, Price instructs that merely being registered as a foreign corporation and maintaining a registered agent in the state is insufficient to put JTM on notice that it could be hauled into court in the state. Price, 2017 WL 2311229 at *2.

In conclusion, this case is factually identical to Price in all material respects. Plaintiffs have failed to provide any persuasive authority for their position that this Court has personal jurisdiction over JTM, a passive debt buyer who contracts with independent third party debt collection agencies for all debt collection related activities. Accordingly, Plaintiffs "have not alleged any . . . systematic or continuous affiliation with the state such that the exercise of jurisdiction would comport with traditional notions of fair play and substantial justice." Id. at 2 (citing Daimler, 134 S. Ct. at 761-62).

In the event this Court declines to dismiss the Plaintiffs' Complaints pursuant to Fed. R. Civ. P. 12(b)(2), then Plaintiffs' Complaints should be dismissed, or at a minimum, venue transferred to the Western District of New York. As explained in JTM's original Motions to Dismiss, venue in the Northern District of Illinois is improper because: (1) JTM does not reside there; (2) none of the events or omissions giving rise to the claim occurred there; and (3) JTM is not subject to personal jurisdiction in the Northern District of Illinois. *See* 28 U.S.C. § 1391(b) and 1391(c)(2). Plaintiffs' argument that venue is proper because the letters JTM allegedly ignored were sent by Plaintiffs' Chicago-based attorneys is a red herring and of no consequence. The decisional authority is clear that venue is properly laid in the district where the consumer

5

*received* an allegedly offending letter, as opposed to the district from which such a letter was *sent*. *See e.g.,* Bates v. C & S Adjusters, Inc., 980 F.2d 865, 868 (2d Cir. 1992) ("receipt of a collection notice is a substantial part of the events giving rise to a claim under the [FDCPA]"); Howard v. Judge Law Firm, 2010 WL 2985686 (D. Minn. July 26, 2010) ("[t]he receipt of the communications is a substantial part of the events giving rise to a FDCPA claim"); Baker v. Berman, 2009 WL 3400941, *4-5 (W.D. Pa. Oct. 21, 2009) (same). Accordingly, venue in the Northern District of Illinois is improper and Plaintiffs' Complaints should be dismissed or venue transferred to the Western District of New York.

## II.    JTM Does Not Meet the Statutory Definition of "Debt Collector"

Importantly, Plaintiffs do not dispute that the U.S. Supreme Court's decision in Henson v. Santander Consumer USA, __ U.S.__, 137 S. Ct. 1718 (2017), forecloses any possibility that JTM could qualify as a "debt collector" under the second statutory definition. Plaintiffs' Response, p. 10. Plaintiffs argue that JTM has misread Henson and conflated the FDCPA's two statutory definitions of debt collector but, contrary to Plaintiff's argument, JTM relied on Henson only to establish that JTM can never qualify as a "debt collector" under the second statutory definition because such an entity is not, as a matter of law, collecting or attempting to collect "debts owed or due or asserted to be owed or due *another*." *See* 15 U.S.C. § 1692a(6) (emphasis added); *see also*, Henson, 137 S. Ct. at 1721. Plaintiffs, in their response, do not dispute that Henson precludes a finding that JTM could qualify as a debt collector under the second statutory definition. Accordingly, in order to be held liable for any alleged violations of the FDCPA, Plaintiffs must allege and prove that JTM meets the principal purpose definition of debt collector.

Plaintiffs argue, without any specific factual support, that JTM meets the FDCPA's principal purpose definition of debt collector because JTM's principal business purpose is debt collection. Plaintiffs' Response, p. 11. According to Plaintiffs, JTM's principal, if not sole purpose, must be debt collection because JTM purchases consumer debt in large quantities and then contracts with independent third party debt collection agencies to collect on the debt that it owns. *Id.*

Plaintiffs' argument is critically flawed in at least one respect—in order to meet the FDCPA's definition of "debt collector," the alleged debt collector must engage in some debt collection related activities. *See* McAdory v. M.N.S. Assoc., LLC, 2017 WL 5071263 (D. Or. Nov. 3, 2017)[4]; Gold v. Midland Credit Mgmt., Inc., 82 F. Supp.3d 1064 (N.D. Cal. 2015); Kasalo v, Trident Asset Mgmt., 53 F. Supp.3d 1072 (N.D. Ill. 2014); *see also*, McCready v. eBay, Inc., 453 F.3d 882, 889 (7th Cir. 2006) ("[t]o be a 'debt collector' under the FDCPA entails engaging in some affirmative conduct with regard to collecting a debt"); Grier v. Simmons & Clark Jewelers, 2012 WL 1247171 (E.D. Mich. Feb. 17, 2012) (a creditor does not become a debt collector simply because it hires a debt collector to collect its debts); Challenger v. Experian Info Solutions, Inc., 2007 WL 895774 (D. N.J. Mar. 22, 2007) (a creditor can place the debts it owns in collections without becoming a debt collector itself); Kloth v. Citibank (S.D.), 33 F. Supp.2d 115, 119 (D. Conn. 1998) (Citibank is not a debt collector under the FDCPA merely because it retains a collection agency to collect its debts). In other words, Plaintiffs' allegations that JTM contracts with independent third party collection agencies is insufficient as a matter of law to allege or establish that JTM's principal purpose is debt collection.

---

[4] McAdory, *supra*, is a post-Henson case, which belies Plaintiffs' argument that JTM has not cited a post-Henson case.

7

For example, in McAdory, the district court granted the defendant-debt buyer's motion to dismiss, citing Kasalo and Gold with approval, concluding that: "[d]ebt purchasing companies . . . who have no interaction with debtors and merely contract with third parties to collect on the debts they have purchased simply do not have the principal purpose of collecting debts. Therefore these companies fall outside the purview of the FDCPA."  McAdory, 2017 WL 5071263 at *3.  The district court concluded that, due to the structure of the entire statute, it was clear that "what Congress was concerned with, and intended to regulate, was the interaction between a debt collector and consumer."  Id.  The district court further concluded that "there is little to suggest that a company which only purchases debt and then contracts with a third party for all collection activity was considered by Congress when it was drafting the FDCPA."  Id.

In support of their argument that JTM's principal purpose is debt collection, Plaintiffs, without citing to any authority whatsoever, allege in conclusory fashion that "the principal, and indeed sole purpose of Defendant JTM's business is the profiting from its purchases of defaulted consumer debts, through their collection by third parties such as Weltman and Northstar, and Henson does not exempt such entities from compliance with the FDCPA."  Plaintiffs' Response, p. 11.  Notably, Plaintiffs fail to cite any authority in support of their conclusory assertion that JTM's principal purpose is debt collection.  Plaintiffs have not and cannot submit any case law to support such a position because the case law submitted by JTM establishes that, in order to meet the FDCPA's principal purpose definition, the alleged debt collector must engage in some debt collection related activities. Thus, Plaintiffs' conclusory and unsupported conclusion that passive debt buyers such as JTM, who have no interactions with consumers, qualify as debt collectors under the principal purpose definition is completely without merit.

Plaintiffs cite a number of cases in support of their argument that JTM's principal purpose is debt collection; however, the case authorities cited by Plaintiffs suggest that Plaintiffs do not fully understand JTM's argument. Specifically, Plaintiffs cite <u>Janetos v. Fulton Friedman & Gullace, LLP</u>, 825 F.3d 317 (7th Cir. 2016), in support of their position that the Seventh Circuit has "found that debt buyers are liable for their collection agencies actions" (Plaintiffs' Response, p. 12), but <u>Janetos</u> was concerned with vicariously liability under the FDCPA and did not analyze whether the defendant met the statutory definition debt collector. For the sake of clarity, JTM is not arguing that it cannot be held vicariously liable under the FDCPA—instead, JTM's argument is, and always has been, that it cannot be held liable under the FDCPA because it does not meet the FDCPA's definition of debt collector. *See* 15 U.S.C. § 1692a(6). Thus <u>Janetos</u> is completely inapplicable because the Seventh Circuit rejected the defendant-debt buyer's argument that it could not be held vicariously liable under the FDCPA because the defendant-debt buyer met the FDCPA's definition of debt collector. <u>Janetos</u>, 825 F.3d at 319.

Here, JTM has argued that it is not liable for the actions of the debt collectors with whom it contracts because JTM itself does not meet the FDCPA's definition of debt collector. As set forth in by the Seventh Circuit in <u>Janetos</u>, "[t]he key question . . . is whether the defendant whom the plaintiff seeks to hold vicariously liable is itself a debt collector." <u>Id</u>. at 325. Accordingly, Plaintiff's reliance on <u>Janetos</u> for the proposition that "debt buyers are liable for the debt collection agency's actions" is disingenuous, misleading and should be rejected. Plaintiffs' Response, p. 12. In fact, the Seventh Circuit's decision in <u>Janetos</u> actually supports JTM's position that it can only be held liable to Plaintiffs if JTM first qualifies as a debt collector under the FDCPA.

Plaintiffs also misinterpret and misapply a number of other cases in support of their position that JTM's principal purpose is debt collection. For example, Plaintiffs' reliance on Skinner v. LVNV Funding, LLC, 2018 WL 319320 (N.D. Ill. Jan. 8, 2018) is truly perplexing. (Plaintiffs' Response, p. 12-13). In Skinner, the plaintiff attempted to hold the defendant liable under the principal purpose definition of debt collector; however, the district court outright rejected the plaintiff's argument as follows:

> Plaintiff presents a list of hundreds of collection lawsuits Defendant filed in Cook County in July 2017 and offers proof that Defendant holds a collection agency license from the State of Illinois. While this evidence may establish Defendant's business involves some debt collection, it provides no basis for establishing the percentage of Defendant's operations that involve debt collection as compared to Defendant's operations as a whole.

Skinner, 2018 WL 319320 at *4. In Skinner, the plaintiff had presented evidence that the defendant had filed "hundreds of cases" in Cook County Circuit Court in July of 2017. Id. at *2. In the present case, Plaintiffs' argument is less persuasive than the argument made by the plaintiff in Skinner (which was rejected) because Plaintiffs have not made any allegation that JTM's third party lawyers are filing lawsuits on its behalf.

Similarly, Plaintiffs' reliance on Chenault v. Credit Corp. Solutions, Inc., 2017 WL 5971727 (E.D. Pa. Dec. 1, 2017) and Tepper v. Amos Fin. LLC, 2017 WL 3446886 (E.D. Pa. Aug. 11, 2017) is misplaced because, in those cases, the plaintiffs presented evidence of the alleged debt collector's debt collection activities—which permitted the district courts to conclude that the defendants' principal purposes were debt collection. For example, in Tepper, the defendant's operations officer testified that the defendant's "business focuses exclusively on acquiring and *servicing* nonperforming and semi-performing loans." Tepper, 2017 WL 3446886

at *8.  Similarly, in Chenault, the plaintiff presented evidence of the defendant's own admission, wherein the defendant *admitted* that it was a debt collector.  Chenault, 2017 WL 5971727 at *2.

Finally, Plaintiffs' argument must be rejected to the extent Plaintiffs argue that JTM's principal purpose must be debt collection because JTM's Motions to Dismiss did not include any evidence or affidavits that would establish that JTM has some principal purpose other than debt collection.  Plaintiffs have the burden of alleging and proving that JTM is a debt collector as defined by the FDCPA and improperly attempt to shift the burden to JTM on that issue.  Moreover, Plaintiffs ignore the most fundamental and critical aspect of JTM's argument—that in order to meet the FDCPA's principal purpose definition of debt collector, JTM would have had to engage in at least some debt collection related activities.  For the sake of clarity, JTM's position is, and always has been, that, in order to meet the principal purpose definition set forth in the statute, a debt collector must engage in debt collection activities and merely outsourcing all debt collection related activities to independent, third party debt collection agencies is insufficient as a matter of law to establish that a debt collector's principal purpose is debt collection.  *See* McAdory, *supra*; Gold, *supra*; Kasalo, *supra*.

## CONCLUSION

In light of the foregoing, Defendant JTM Capital Management, LLC, respectfully requests an Order of this Court granting its Motions in each of the above-captioned actions and dismissing Plaintiffs' Complaints in their entirety with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: February 19, 2018

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2018, I electronically filed the foregoing Reply Brief via the CM/ECF system, which should then send notification of such filing to all counsel of record.

/s Brendan H. Little
Brendan H. Little