**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Amanda Perry, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   17 C 7601 |
| | ) | |
| JTM Capital Management, LLC, a | ) | Judge Gettleman |
| Delaware limited liability company | ) | Magistrate Judge Gilbert |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| Theresa Mullery, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17 C 7769 |
| | ) | |
| JTM Capital Management, LLC, a | ) | Judge Gettleman |
| Delaware limited liability company, | ) | Magistrate Judge Gilbert |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs, Amanda Perry ("Perry") and Theresa Mullery ("Mullery"), hereby move

this Court, pursuant to Fed.R.Civ.P. Rule 60(b), to reconsider its Orders granting

Defendant's motions to dismiss and dismissing the cases, without prejudice, for lack of

personal jurisdiction (Perry, Dkt. 18, Mullery, Dkt. 19).  In support of this Motion,

Plaintiffs state:

1.      Plaintiffs brought their Fair Debt Collection Practices Act ("FDCPA") suits

against Defendant, JTM Capital Management, LLC ("JTM"). Plaintiff Perry is a citizen of

South Carolina. (Perry, Dkt 1. at ¶3). Plaintiff Mullery is a citizen of New York. (Mullery,

Dkt 1. at ¶3). JTM's principal place of business is Williamsville, New York, in the

1

Western District of New York. (Perry, Dkt 1-1, Mullery, Dkt 1-1).

2.      JTM moved to dismiss Plaintiffs' claims pursuant to Fed.R.Civ.P. Rule

12(b)(2), 12(b)(3), and 12(b)(6).  (Perry, Dkt. 8, Mullery, Dkt. 9).  This Court dismissed

Plaintiffs' claims for lack of personal jurisdiction over JTM. (Perry, Dkt. 18, Mullery, Dkt.

19).

3.      Plaintiffs move this Court to reconsider its decision pursuant to

Fed.R.Civ.P. Rule 60(b)(1). Upon motion, a court may relieve a party from its final

judgment, order, or proceedings due to mistake, inadvertence, newly discovered

evidence, or any other reason that justifies relief, see, Fed.R.Civ.P. 60(b)(1-6).

4.      Where personal jurisdiction is lacking, the Court may dismiss the case or

transfer it to another district where personal jurisdiction is proper. See, Cote v. Wadel,

796 F.2d 981, 984-85 (7th Cir. 1986).

5.      The transfer statute provides that "for the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to any

other district or division where it might have been brought." 28 U.S.C. § 1404(a).

6.      Plaintiffs request that this Court, pursuant to 28 U.S.C. §1404, transfer

their case to the Western District of New York, where JTM and Mullery reside, as was

done in Price v. Schlee & Stillman, LLC, N.D.Ill. No. 1:16-cv-8020.[1]

7.      Dismissal of Plaintiffs' claims will likely be fatal to the merits of their cases.

Specifically, the one year statute of limitations pursuant to §1692k(d) may bar Plaintiffs

from bringing their claims in another forum, see, Plummer v. Warren, 463 F. App'x 501,

502 (6th Cir. 2012)( "Courts grant equitable tolling sparingly.  A petitioner bears the

---

[1]  In Price, the Court transferred the case to the Eastern District of Kentucky, see, attached Exhibit A at Dkt. 29, 30, and 40.

burden of showing that she is entitled to equitable tolling.").[2]   Therefore, it would be in

the interest of justice to transfer these matters to the Western District of New York, so

that the merits of Plaintiffs' claims may be heard.

WHEREFORE, Plaintiffs respectfully request that this Court reconsider its orders

dismissing these matters and transfer these matters to the Western District of New

York.

Respectfully submitted,

Amanda Perry & Theresa Mullery

By: /s/ David J. Philipps_____
One of the attorneys for Plaintiff

Dated:  April 17, 2018

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

---

[2]  Defendant's collection letter to Plaintiff Perry was dated March 4, 2017. (Perry, Dkt 1-4).Thus, the one-year statute of limitations ran on March 3, 2018. Defendant's collection letter to Plaintiff Mullery was dated January 26, 2017. (Mullery, Dkt 1-4). Thus, the one-year statute of limitations ran on January 25, 2018.

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2017 a copy of the foregoing **Plaintiffs' Motion for Reconsideration** was filed electronically.  Notice of this filing was sent to the following parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

Brendan H. Little                              blittle@lippes.com
Richard M. Scherer                         rscherer@lippes.com
Lippes, Mathias, Wexler,
   Friedman, LLP
50 Fountain Plaza
Suite 1700
Buffalo, New York 14202


/s/ David J. Philipps_____

David J. Philipps     (Ill. Bar No. 06196285)
Philipps & Philipps, Ltd.
9760 South Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com

4