UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THERESA MULLERY

      Plaintiff,                                             Case No.: 18-cv-00549-LJV

v.

JTM CAPITAL MANAGEMENT, LLC
a Delaware limited liability company

      Defendant.
_____

## DEFENDANT JTM CAPITAL MANAGEMENT, LLC'S
## BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

### INTRODUCTION

On October 27, 2017, Plaintiff Theresa Mullery ("Plaintiff") filed a Complaint in the United States District Court, Northern District of Illinois alleging that Defendant JTM Capital Management, LLC ("JTM") violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). (Dkt. 1).

On November 11, 2017, JTM moved to dismiss the Complaint for lack of personal jurisdiction, improper venue and failure to state a claim. (Dkt. 9). On April 5, 2018, the Northern District of Illinois dismissed the Complaint for lack of personal jurisdiction. (Dkt. 19). Upon reconsideration, on April 26, 2018, the Northern District of Illinois transferred this case to the Western District of New York. (Dkt. 24).

As set forth herein, Plaintiff's Complaint should be dismissed, pursuant to FED. R. CIV. P. 12(b)(6), because JTM does not meet the FDCPA's definition of "debt collector" as a matter of law. Accordingly, the Complaint fails to state a claim against JTM.

1

## FACTUAL BACKGROUND

The Complaint alleges that JTM violated the FDCPA because: (1) JTM failed to cease communications with Plaintiff despite the fact that JTM's predecessor-in-interest had been directed to cease all collection efforts in violation of § 1692c(c); and (2) in contacting Plaintiff when JTM knew, or should have known, that Plaintiff was represented by counsel in violation of § 1692c(a)(2). (Dkt. 1, ¶¶ 15-22).

Specifically, the Complaint alleges that Plaintiff is a citizen of the State of New York who was represented by legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois. Id., ¶ 3. The Complaint further alleges that JTM is a Delaware limited liability company that regularly uses the mails and/or telephone to collect or attempt to collect defaulted consumer debts and whose principal business purpose is debt collection. Id., ¶¶ 4-5.

It is alleged that, on August 27, 2015, one of Plaintiff's legal aid attorneys informed Continental Finance Company, Plaintiff's original creditor in regard to the debt at issue, that Plaintiff was represented by counsel and to cease contacting Plaintiff. Id., ¶ 9. Plaintiff alleges that JTM thereafter purchased Plaintiff's account, ignored information in the account instructing it not to contact Plaintiff, and had a debt collector, Northstar Location Services ("Northstar"), send Plaintiff a letter demanding payment of the debt in violation of § 1692c(c) and 1692c(a)(2). Id., ¶¶ 10, 16, 20.

Importantly, Plaintiff's Complaint attempts to hold JTM vicariously liable for the actions of Northstar, its alleged debt collector. Plaintiff does not allege that JTM participated in or otherwise exercised any control over the collection process at any time or in any manner. Instead,

Plaintiff's basis for concluding that JTM is a "debt collector" is the allegation that JTM owned the account and hired a debt collector to collect on it.

## ARGUMENT

### I. Applicable Legal Standard

To survive a motion to dismiss pursuant to Rule 12(b)(6), Plaintiff must have alleged facts that "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility requirement tests whether a claimant's pleading has "give[n] the defendant fair notice of what the claim is and the grounds upon which it rests" (see Twombly, 550 U.S. at 555) and "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" (Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In evaluating a motion to dismiss for failure to state a claim, the court must draw all reasonable inferences in Plaintiff's favor. Iqbal, 556 U.S. at 678. However, the complaint must contain more than mere conclusory statements—"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### II. Plaintiff's Complaint should be Dismissed, Pursuant to FED. R. CIV. P. 12(b)(6), Because the Complaint Fails to State a Claim Against JTM

Plaintiff's Complaint should be dismissed, pursuant to FED. R. CIV. P. 12(b)(6), because the Complaint fails to state a cause of action as JTM does not meet the FDCPA's definition of "debt collector."

#### A. The FDCPA Only Applies to Debt Collectors

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Said differently, the FDCPA only applies to and governs the conduct of debt collectors. S*ee e.g.,* Daros v. Chase Manhattan Bank, 19 Fed. Appx. 26, 27 (2d Cir. Oct. 1, 2001) (affirming dismissal of complaint where defendants did not meet FDCPA's

definition of "debt collector"); Obot v. Mae, 2014 WL 993738, *3 (W.D.N.Y. Mar. 13, 2014) (claims brought pursuant to the FDCPA "require[ ] factual allegations plausibly suggesting that defendant is a debt collector"). The FDCPA defines the term "debt collector" as follows:

> [t]he term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). In order for JTM to be held liable for the conduct of Northstar under the FDCPA, the plaintiff must allege and prove that JTM meets the FDCPA's definition of debt collector. *See e.g.,* Obot, 2014 WL 993738 at *3; Janetos v. Fulton Friedman & Gullace, LLP, 825 F.3d 317, 325 (7th Cir. 2016) (while a debt collector can be liable for the acts of its agents, "[o]n the other hand, a company that is not a debt collector would not ordinarily be subject to liability under the Act at all") (citations omitted); *see also,* Kasalo v. Trident Asset Mgmt., LLC, 53 F. Supp.3d 1072, FN1 (N.D. Ill. 2014) (citing Pollice v. Nat'l Tax Funding, L.P., 225 F.3d 379 (3d Cir. 2000)); Gold v. Midland Credit Mgmt., Inc., 82 F. Supp.3d 1064, 1072-73 (N.D. Cal. 2015).

  B. **JTM is Not a "Debt Collector" as Defined by the FDCPA**

There are generally two ways a defendant can qualify as a "debt collector" under the FDCPA: (1) where the defendant "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts;" or (2) where the defendant "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). Plaintiff's Complaint alleges that JTM qualifies as a debt collector under both statutory definitions. (Dkt. 1, ¶¶ 4-5).

      **i.**    **The Supreme Court's Decision in *Henson v. Santander* Establishes that Debt Purchasers such as JTM Do Not Meet the FDCPA's Second Definition of "Debt Collector"**

In June 2017, the United States Supreme Court addressed the issue of whether individuals and entities who purchase debts originated by someone else and then seek to collect those debts for their own account satisfy the FDCPA's definition of "debt collector." See Henson v. Santander Consumer USA, Inc., ___ U.S. ___, 2017 WL 2507342, *2 (June 12, 2017). In its decision, the Court noted that there is no dispute that the term "debt collector" generally covers someone hired by a creditor to collect an outstanding debt and generally does not cover creditors who seek only to collect for themselves on loans they originated. Id. at *2. Of importance to the present motion, the Supreme Court additionally determined that entities who purchase debts originated by someone else, who then seek to collect those debts for their own account, do not qualify as "debt collectors" under the second statutory definition of "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. In reaching its decision, the Supreme Court expressly refused to consider the first statutory definition of "debt collector"—those engaged "in any business the principal purpose of which is the collection of any debts." Id. at *3.

Here, Plaintiff's Complaint alleges that JTM, as owner of Plaintiff's account, is liable for the conduct of Northstar, which was allegedly acting as JTM's debt collector in regard to Plaintiff's account. (Dkt. 1, ¶ 10). However, pursuant to the Supreme Court's decision in Henson, debt purchasers, such as JTM, can never qualify as a "debt collector" under the second statutory definition because such an entity is not, as a matter of law, collecting or attempting to collect "debts owed or due or asserted to be owed or due *another*." Henson, 2017 WL 2507342 at *3 ("[a]ll that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or

does so for 'another'"). Instead, Plaintiff alleges that JTM purchased Plaintiff's account and retained Northstar to collect on same. (Dkt. 1, ¶ 10). Accordingly, in order to state a claim against JTM herein, Plaintiff must plausibly allege that JTM meets the alternate, "principal purpose" definition of "debt collector." As set forth below, Plaintiff has failed to do so because the Complaint is devoid of any factual allegation that JTM took any steps to collect on the Plaintiff's account or takes efforts to collect on debt it owns at all.

      **ii.**      **JTM, a Purchaser of Debts, can Never Meet the Statutory Definition of Debt Collector**

As noted above, the Complaint does not allege that JTM took any steps to collect on Plaintiff's account, merely that it was the owner of same. When a party only owns an account, does not take affirmative action to collect on the account and contracts with a third-party for collection efforts, it cannot meet the first statutory definition of debt collector—that its principal business purpose is the collection of debts. *See* Schneider v. JTM Capital Management, LLC, 2018 WL 2276238 (D. Or. Mar. 22, 2018) adopted by 2018 WL 2248451 (D. Or. May 15, 2018) (dismissing complaint against JTM on the basis that JTM could not be held liable under the FDCPA because it does not meet the FDCPA's definition of debt collector because it merely buys defaulted accounts but takes not affirmative action to collect on those accounts); McAdory v. M.N.S. Assoc., LLC, 2017 WL 5071263 (D. Or. Nov. 3, 2017) reconsideration denied 2018 WL 1256482 (D. Or. Mar. 11, 2018); Gold v. Midland Credit Management, Inc., 82 F. Supp.3d 1064, 1070-71 (N.D. Cal. 2015); Kasalo v. Trident Asset Management, LLC, 53 F. Supp.3d 1072, 1079 (N.D. Ill. 2014); *see also,* McCready v. eBay, Inc., 453 F.3d 882, 889 (7th Cir. 2006) ("[t]o be a 'debt collector' under the FDCPA entails engaging in some affirmative conduct with regard to collecting a debt"); Grier v. Simmons & Clark Jewelers, 2012 WL 1247171 (E.D. Mich. Feb. 17, 2012) (a creditor does not become a debt collector simply because it hires a debt collector to collect

6

its debts); Challenger v. Experian Info Solutions, Inc., 2007 WL 895774, *2 (D. N.J. Mar. 22, 2007) (a creditor can place the debts it owns in collections without becoming a debt collector itself); Kloth v. Citibank (S.D.), 33 F. Supp.2d 115, 119 (D. Conn. 1998) (Citibank is not a debt collector under the FDCPA merely because it retains a collection agency to collect its debts).

In Schneider, the plaintiff commenced an action against JTM claiming that JTM was liable for the actions of a third party debt collector it contracted with to collect on plaintiff's account. The district court dismissed the plaintiff's complaint in response to JTM's motion for summary judgment. In that case, as here, JTM argued that it could not be held liable for alleged violations of the FDCPA because it is a passive debt buyer that purchases defaulted accounts but does not engage in any collection related activities and therefore does not meet the definition of debt collector. Schneider, 2018 WL 2276238 at *1. Relying on McAdory, Kasalo and Gold, the district court granted summary judgment to JTM reasoning as follows:

> Here, even though defendant acquires debts already in default, there is no evidence to suggest it did so to facilitate the collection of the debt for another. As noted above, there is some support for the argument that an entity that primarily purchases defaulted debt as its business purpose is a 'debt collector'" because its purpose is to eventually collect on the debt, even if it hires a third party to do so. Nevertheless, the more persuasive line of cases specifically analyzes the principal purpose prong of the definition of 'debt collector' and excludes such entities from the definition. See, e.g., Gold v. Midland Credit Mgmt., Inc., 82 F. Supp. 3d 1064, 1071 (N.D. Cal. 2015) (Plaintiff would have the court fill in the gap with an inference that because Midland Funding is in the business of acquiring defaulted debts, it must therefore be in the business of collecting on those debts.); Kasalo v. Trident Asset Mgmt., LLC, 53 F. Supp. 3d 1072, 1079 (N.D. Ill. 2014) (Although OPS purchased Kasalo's debt when it was in default, OPS has not undertaken any collection activity, as required to fit the definition of 'collector.).
>
> . . .
>
> The definition of 'debt collector' does not include purely passive debt purchasing activity. As defense counsel noted at oral argument,

7

> 'collect' is a verb that requires action. To the extent plaintiff is concerned about the increased abuse of debtors via fly-by-night third parties utilized by passive debt purchasers, that is an issue appropriate for Congress to resolve. Defendant's motion for summary judgment should be granted.

Schneider, 2018 WL 2276238 at *5.

In McAdory, the defendant-debt buyer moved to dismiss the complaint, pursuant to FED. R. CIV. P. 12(b)(6), arguing that it could not be held liable under the FDCPA because it could not meet the FDCPA's definition of debt collector because it merely buys defaulted accounts but takes no affirmative action to collect on them. McAdory, 2017 WL 5071263 at *2. Relying primarily on Kasalo and Gold, the district court stated:

> I find [the debt purchaser's] argument persuasive. The Courts in *Kasalo* and *Gold* present the most straightforward reasoning in interpreting the 'principal purpose' definition of debt collector at issue here. ***Debt purchasing companies . . . who have no interaction with debtors and merely contract with third-parties to collect on the debts they have purchased simply do not have the principal purpose of collecting debts***. Therefore these companies must fall outside the purview of the FDCPA.

Id. at * 3 (emphasis added). The court noted that, just because a business "benefits from the collection of debt by an entirely separate third party does not necessarily make the principal purpose of that business the collection of those debts." Id. Furthermore, the court determined that, "[w]hen looking at the various activities punished under the FDCPA, it becomes clear that what Congress was concerned with, and intended to regulate, was the *interaction* between a debt collector and consumer . . . [g]iven this, there is little to suggest that a company which only purchases debt and then contracts with a third party for all actual collection activity was considered by Congress when it was drafting the FDCPA." Id. (emphasis in original).

In Gold, the defendant-debt purchaser moved for summary judgment dismissing the plaintiff's FDCPA claim because it engaged in no direct or indirect efforts to collect on the

plaintiff's account and was only involved in the debt buying business. Gold, 82 F. Supp.3d at 1071. The District Court for the Northern District of California found that the record was devoid of any evidence that the defendant attempted to communicate with consumers. The court noted that the plaintiff offered no evidence to suggest that the defendant's business was debt collection and that instead "[p]laintiff would have the Court fill in the gap with an inference that because [the defendant] is in the business of acquiring defaulted debts, it must therefore be in the business of collecting on those debts." Id. at 1071. Finding that "[i]n the absence of evidence showing a purpose to collect on those debts, [p]laintiffs legal arguments are insufficient to create a triable issue of fact," the court held that the debt purchaser did not have the principal purpose of collecting debts and thus was not a "debt collector" under the FDCPA. Id.

In Kasalo, this Court granted the defendant-debt purchaser's motion for summary judgment and dismissed the complaint because the defendant did not perform collections and instead hired others to do so. Kasalo, 53 F. Supp.3d at 1077. The defendant did not send any letters or make any telephone calls. Id. at 1079. The defendant's name was on a letter sent to the plaintiff, but the collection agency with whom the defendant contracted with sent the letter and made all of the collection efforts. Id. In holding that the defendant was not a debt collector and dismissing the FDCPA claim against it, this Court stated "[a]n entity that acquires a consumer's debt hoping to collect it but that does not have any interaction with the consumer itself does not necessarily undertake activities that fall within this purview." Id. at 1078-79.

Here, Plaintiff's Complaint is devoid of any factual allegation that JTM sent Plaintiff a letter, contacted Plaintiff on the telephone or attempted to collect on Plaintiff's account in any manner. In addition, the Complaint lacks any factual basis for asserting that JTM is in the business of debt collection. To the contrary, the Complaint is replete with allegations that JTM hired a

third-party to undertake all collection efforts. In light of the fact that the Complaint only alleges that JTM is a passive debt buyer, JTM can never meet the statutory definition of debt collector and the Complaint should be dismissed in its entirety.

**III.** **Plaintiff has Failed to Plausibly Allege that JTM's "Principal Purpose" is Debt Collection**

As stated above, in order to state a claim against JTM, Plaintiff's Complaint must plausibly allege that JTM meets the statutory definition of "debt collector." JTM has already demonstrated that it does not, as a matter of law, qualify as a debt collector under the second statutory definition because it does not collect or attempt to collect "debts owed or due or asserted to be owed or due another." *See* Part II.B.i., *supra.* Even assuming, arguendo, a passive debt buyer such as JTM could satisfy the principal purpose definition of debt collector, Plaintiff's Complaint still must be dismissed because Plaintiff has failed to plausibly allege that JTM's principal purpose is debt collection.

Pursuant to the plausibility pleading standard established by the Supreme Court, Plaintiff has the burden of pleading factual content sufficient to allow the Court to draw the reasonable inference that JTM is a debt collector and is liable for the misconduct alleged. Iqbal, 556 U.S. at 678; Bell Atlantic Corp. v. Twombly, 550 U.S. at 556. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).

Courts within the Second Circuit have consistently dismissed complaints in response to defense motions to dismiss where the allegations in a complaint fail to plausibly allege that the defendant is a debt collector. *See* Roth v. CitiMortgage, Inc., 756 F.3d 178, 183 (2d Cir. 2014); Johnson-Gellineau v. Steine & Assocs., P.C., 2018 WL 1605575, *13 (S.D.N.Y. Mar. 29, 2018); Anthony v. Fein, Such and Crane, LLC, 2015 WL 7749894, *4 (N.D.N.Y. Sept. 22, 2015).

In this case, Plaintiff alleges:

- Defendant JTM is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant JTM's principal, if not sole business purpose is the collection of defaulted consumer debts originated by others. (Dkt. 1, ¶ 5).

- Defendant JTM bought/obtained Ms. Mullery's alleged Continental account, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Mullery, and had another debt collector, Northstar Location Services, send Ms. Mullery a collection letter, dated January 26, 2017, demanding payment of the Continental debt. (Dkt. 1, ¶ 10).

Plaintiff's allegations regarding JTM's alleged status as a debt collector are conclusory and unsupported by any factual allegations sufficient to plausibly allege that JTM's principal purpose is debt collection such that it could be held vicariously liable for Northstar's alleged violation of the FDCPA. For example, the Complaint is devoid of any allegation that JTM took any steps or measures to collect on any debt at any time. In fact, the factual basis for Plaintiff's Complaint is based entirely on third-party Northstar's conduct. More specifically, Plaintiff allegedly received a collection letter from Northstar demanding payment of the debt. (Dkt. 1, ¶ 10). The Complaint fails to allege that Plaintiff had even a single communication with anyone from JTM at any time or that she was even aware of JTM's existence during the time period referenced in the Complaint. Similarly, Plaintiff does not allege that JTM exercised any direction or control over Northstar's collection activities.

Simply put, the Complaint contains mere conclusory allegations regarding JTM's status as a debt collector—that JTM's principal business purpose is debt collection. At least one court has determined that conclusory allegations regarding an alleged debt collector's principal purpose are insufficient to defeat a motion to dismiss pursuant to Rule 12(b)(6). *See generally,* McAdory,

11

*supra*. According to the decisional authority cited above, these types of conclusory allegations are insufficient to state a claim against JTM. Consequently, Plaintiff's Complaint should be dismissed in its entirety.

## CONCLUSION

In light of the foregoing, Defendant JTM Capital Management, LLC respectfully requests an Order of this Court granting its Motion to Dismiss, pursuant to FED. R. CIV. P. 12(b)(6), together with such other and further relief as the Court deems just and proper.

DATED: May 23, 2018

LIPPES MATHIAS WEXLER FRIEDMAN LLP

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
JTM Capital Management, LLC
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2018, I electronically filed the foregoing Brief via the CM/ECF system, which should then send notification of such filing to all counsel of record.

/s Brendan H. Little
Brendan H. Little, Esq.