**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION**

| | | |
|---|---|---|
| Theresa Mullery, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   18 C 0549-LJV |
| | ) | |
| JTM Capital Management, LLC, a | ) | |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| Amanda Perry, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   18 C 00566-LJV |
| | ) | |
| JTM Capital Management, LLC, a | ) | |
| Delaware limited liability company | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTIONS TO DISMISS**

Plaintiffs, Theresa Mullery ("Mullery") and Amanda Perry ("Perry"), hereby respond to Defendant JTM Capital Management's ("JTM") Motions to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6)(Mullery, Dkt. 26-1; Perry, Dkt. 25-1):

**INTRODUCTION**

Ms. Mullery is a low-income senior citizen who became overwhelmed by debts that she was unable to pay due to her fixed income.  Similarly, Ms. Perry is a low-income disabled woman who was also unable to pay all of her debts.  To obtain some peace of mind, each women sought legal help to inform their creditors that they could not pay them and to demand that they cease contacting them, as is their right pursuant

1

to the Fair Debt Collection Practices Act, see, 15 U.S.C. §1692, et seq. ("FDCPA"), §1692c(c), §1692c(a)(2).  One of Ms. Mullery's debts was owed to Continental Finance Company ("Continental"), which, after default, was later apparently sold/transferred to Defendant JTM.  One of Ms. Perry's debts was owed to Comenity Bank and was also, after default, apparently sold/transferred to Defendant JTM.

JTM is a debt-buyer and purchases defaulted debts at pennies on the dollar, in turn, JTM makes its money by collecting those debts.  JTM did not honor Ms. Mullery's and Ms. Perry's notices of attorney representation and refusals to pay the debts and, instead, hired collectors to contact these women directly.  Defendant's sole argument in favor of dismissal is that it is not a collector subject to the FDCPA -- despite the fact that its principal purpose is inarguably debt collection, which puts it squarely within the FDCPA's definition of a debt collector.  For this reason, Defendant's motions should be denied.

## FACTUAL BACKGROUND

**A.     Theresa Mullery**

On April 21, 2015, Ms. Mullery, a senior citizen and resident of the State of New York, exercised her right to have her legal aid attorneys at Legal Advocates for Seniors and People with Disabilities ("LASPD") inform Continental that she refused to pay a debt she allegedly owed to it because she was unable to do so on her fixed income, and that all future communications had to be directed to her attorneys, instead of directly to her, see, Mullery Dkt. 1, ¶ 9, Dkt. 1-3.  Subsequently, Defendant JTM bought/obtained the alleged defaulted Continental account, ignored the information in the account notes that told it, as the successor-in-interest, that Ms. Mullery had refused to pay the debt and

that it could no longer call or write her directly because she was represented by an attorney, see, Mullery Dkt. 1 ¶ 10, and had a debt collector, Northstar Location Services ("Northstar"), attempt to collect the debt, which did so by sending a letter, dated January 26, 2017, directly to Ms. Mullery, see, Mullery Dkt. 1, ¶10, Dkt. 1-4.

**B.     Amanda Perry**

On August 27, 2015, Ms. Perry, a disabled woman and resident of South Carolina, exercised her right to direct her attorneys at LASPD to inform Comenity Bank ("Comenity") that she refused to pay the debt she allegedly owed to it, and that all future communications had to be directed to her attorneys, see, Perry, Dkt. 1, ¶ 9, Dkt. 1-3. Subsequently, Defendant JTM obtained her alleged defaulted Comenity account, ignored the information in the account notes that told it, as the successor-in-interest, that Ms. Perry had refused to pay the debt and that it could no longer call or write her directly, and another debt collector, Weltman, Weinberg & Reis ("Weltman"), send her a collection letter, dated March 4, 2017, demanding payment of the Comenity debt, see, Perry, Dkt. 1, ¶10, Dkt. 1-4.

Plaintiffs' Complaints each set forth that Defendant violated §1692c(c) of the FDCPA, which prohibits a debt collector from communicating with a consumer after a direction to cease communications, and §1692c(a)(2) of the FDCPA, which prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, Mullery, Dkt. 1, ¶¶ 15-22; Perry, Dkt. 1, ¶¶ 15-22.

Defendant JTM now argues for dismissal pursuant to Fed. R. Civ. P. 12b(6),

based on the United States Supreme Court's opinion in <u>Henson v. Santander Consumer USA</u>, 137 S. Ct. 1718, 198 L.Ed.2d 177 (2017), claiming that JTM is not a "debt collector" subject to the FDCPA and that it is not vicariously liable for the activities of its collector, <u>see</u>, <u>Mullery</u> Dkt. 26-1, at pp. 3-12; <u>Perry</u>, Dkt. 25-1, at pp. 3-12.

## ARGUMENT

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case, <u>see</u>, <u>Litwin v. Blackstone Group</u>, 634 F.3d 706, 718 (2nd Cir. 2011); <u>Hutchison v. Deutsche Bank Sec.</u>, 647 F.3d 479, 484 (2nd Cir. 2011). The Court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in plaintiff's favor, <u>see</u>, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007). To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief, <u>see</u>, <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

The Second Circuit has emphasized that notice-pleading is all that is required to survive a Rule 12(b)(6) motion, <u>see</u>, <u>Litwin</u>, 634 F.3d at 718; <u>Hutchison</u>, 647 F.3d at 484. To provide a defendant with "fair notice of what the claim is and the grounds upon which it rests," a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," <u>see</u>, Fed.R.Civ.P. 8(a)(2). The allegations of the Complaint must also plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level", <u>see</u>, <u>Twombly</u>, 550 U.S. at 555. Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S. Ct. at 1949.

4

**I.     The Indirect Collection Of Debts, Through Outsourcing, Is Collection Subject To The FDCPA.**

JTM wrongly argues that it is not a debt collector under the FDCPA because it merely purchases debts and sends them out to other debt collectors, such as Northstar and Weltman (Mullery, Dkt. 26-1, pp. 2, 4-11; Perry, Dkt. 25-1, pp. 2, 4-12).  This wrongly misconstrues the U.S. Supreme Court's recent opinion in Henson, which explained that there are two definitions within the FDCPA of a debt collector: 1) principal purpose debt collectors and, 2) those collecting on behalf of another, see, 15 U.S.C. §1692a(6), Henson, 137 S.Ct. at 1721-1722.  The Supreme Court in Henson exclusively addressed the second statutory definition:  those collecting a debt on behalf of another, see, Henson, 137 S.Ct. at 1721-1722, and expressly noted that it was not addressing the first prong of the definition:

> . . . . we pause to note two related questions we do not attempt to answer today . . . Second, the parties briefly allude to another statutory definition of the term "debt collector"  --  one that encompasses those engaged in "any business the principal purpose of which is the collection of any debts." §1692a(6). But the parties haven't much litigated that alternative definition and in granting certiorari we didn't agree to address it either.

See, Henson, 137 S. Ct. at 1721.  Henson concluded that Santander, a lender that purchased some defaulted debts (along with many accounts that were current) to collect, was not a "debt collector" under the FDCPA pursuant to the second prong of the definition *only* because it was not collecting debts on behalf of another, see, Henson, 137 S.Ct. at 1721-1722.

Here, the principal, and indeed sole purpose of JTM's business is the collection of defaulted debts that it has purchased, and Henson does not exempt such entities from compliance with the FDCPA.  Defendant ignores that many district courts analyzing the application of Henson to debt buyers' liability for violations of the FDCPA

5

have found that debt buyers, just like JTM, who purchase defaulted debts are debt collectors pursuant to the FDCPA's "principal purpose" definition, and thus subject to the FDCPA's requirements.

For example, in Guzman v. Mel S. Harris & Assocs., 2018 U.S. Dist. LEXIS 49622 (S.D.N.Y. 2018), another New York district court found that an entity which "invests in portfolios of debts", just like JTM here, was a "principal purpose" debt collector:

> [the debt buyer] also argues that it is not a "debt collector" under the second definition set forth in the FDCPA—one who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another," 15 U.S.C. § 1692a(6)—because [the debt buyer] purchased debts for its own account, citing the Supreme Court's recent decision in Henson. However, the Supreme Court made clear in *Henson* that its opinion dealt only with the second definition set forth in the FDCPA, not the first. Because [the debt buyer] falls within the first definition, this Court need not address [the debt buyer]'s arguments as to the second.

See, Guzman, 2018 U.S. Dist. Lexis 49622, at fn. 5.

In a case nearly identical to the ones at bar, Barbato v. Greystone All., 2017 U.S. Dist. LEXIS 48175 (M.D. Pa. 2017); see also, Barbato v. Greystone All., 2017 U.S. Dist. LEXIS 189994 (M.D. Pa. 2017) (reconsideration denied), the Middle District of Pennsylvania found that Crown Asset Management ("Crown"), a debt buyer which sought to collect debts on its own behalf through a third party collector, just as Defendant JTM did here with Northstar and Weltman, was a "principal purpose" debt collector subject to the FDCPA, see, Barbato, 2017 U.S. Dist. LEXIS 189994 at [*26]-[*29]. There, Crown did not review the letter at issue, nor did it place any collection phone calls to the consumer, see, Barbato, 2017 U.S. Dist. LEXIS 189994, at [*13]. Like Defendant JTM, Crown is "a purchaser of charged-off receivables", i.e., defaulted

6

consumer debts and "[A]fter Crown buys consumer accounts, it validates the account, checks them for bankruptcy and deceased consumers, and then forwards them out to a collection agency to collect on the accounts…Crown does not ever collect on accounts directly.", see, Barbato, 2017 U.S. Dist. Lexis 189994, at [*26]-[*27].

In denying reconsideration, the Middle District of Pennsylvania Court reasoned:

> [T]his court declines to expand *Henson* and hold that Crown is not a "debt collector" even though it bought plaintiff's account after it was defaulted and Crown fits the principal purpose definition in §1692a(6)…"Crown's 'principal purpose' is the collection of 'debts'" and that it met the principal purpose definition of "debt collector."

Barbato, 2017 U.S. Dist. LEXIS 172984, at *29 (M.D. Pa. Oct. 19, 2017) (internal citations omitted.)

In Chenault v. Credit Corp., 2017 U.S. Dist. LEXIS 197747, at [*5]-[*6] (E.D. Pa. 2017), a Pennsylvania district court found that a debt buyer's registration as a collection agency in the state of Utah and its website, which said that it was "a debt collector" that "purchases and collects consumer debt including unpaid retail finance and sales finance credit cards and personal loans", established that the defendant there met the "principal purpose" definition pursuant to the FDCPA, see, Chenault, 2017 U.S. Dist. LEXIS 197747, at [*5]-[*6].

Similarly, in Tepper v. Amos Fin., 2017 U.S. Dist. LEXIS 127697, at [*22] E.D. Pa. 2017), which involved a bench trial, the district court found a debt-buyer defendant, which was "exclusively in the business of acquiring and servicing non-performing and semi-performing consumer and commercial loans", was a "principal purpose" debt collector, see, Tepper, 2017 U.S. Dist. Lexis 127697, at [*2 at ¶4], [*22].

In Skinner v. LVNV Funding, 2018 U.S. Dist. LEXIS 2812 (N.D. Ill. January 8,

2018), a Northern District of Illinois court emphasized the importance of examining the entirety of a debt buyer's "operations as a whole" in deciding whether a debt buyer (like JTM) is a "principal purpose" debt buyer, see, Skinner, 2018 U.S. Dist. LEXIS 2812, at [*8]-[*10].[1]

Here, although Plaintiffs have not yet been permitted to engage in discovery as to JTM's "principal purpose", they were permitted limited discovery as to jurisdiction while briefing JTM's prior motions on jurisdiction, see, Mullery, Dkt. 15-1, Perry, Dkt. 13-1. Defendant admitted that, for consumers with Illinois addresses alone, it had purchased 13,230 defaulted accounts with a face value of approximately $10,700,000 during 2016, and 13,387 accounts with a face value of $11,000,000 during 2017, see, , excerpt of limited discovery responses, attached hereto as Exhibit A at Interrog. No.s 3-4. After Defendant's motions to dismiss are denied, Plaintiff will conduct additional discovery to show that JTM is a "principal purpose" debt collector, subject to the FDCPA.

In fact, JTM's website makes no effort to hide the fact that its "principal purpose" is debt collection. Under a stock photo of a group of people wearing suits and carrying brief cases, it reads:

---

[1] See also, McMahon v. LVNV Funding, LLC, 2018 U.S. Dist. LEXIS 41984 at [*37]-[*38] (N.D. Ill. 2018)(denying cross motions for summary judgment and holding that whether a debt buyer was a principal purpose debt collector was a question for a jury); see also, Mitchell v. LVNV Funding, LLC, No. 2:12-CV-523-TLS, 2017 U.S. Dist. LEXIS 206440 (N.D. Ind. 2017)(similar holding).

> **Who We Are:**
>
> JTM Capital Management, LLC specializes in delinquent account receivables management for a variety of industries including retail and financial services. JTM Capital Management, LLC brings integrity and the highest standards of compliance to debt management and debt servicing.
>
> **Our Role in Economy:**
>
> We manage portfolios of past-due and defaulted debt from leading creditors. By managing the liquidation of these accounts, JTM Capital Management, LLC helps clients provide capital to financial services companies, strengthening their ability to lend and more attractively price credit for all consumers.
>
> **Respecting Consumers:**
>
> JTM Capital Management, LLC was founded on the premise that consumers who have fallen behind on their bills deserve to be treated fairly and with respect. We realize that people face financial challenges from time to time. We partner with agencies to develop realistic & affordable repayment plans in compliance with consumer protection laws.

See, JTM's webpage[2], last accessed June 29, 2018, a screen print of which is attached hereto as Exhibit B.

"Specializes in" is synonymous with "principal purpose"; "delinquent account receivables management" is merely another way to say "profiting from the collection of defaulted debts". Moreover, JTM boldly states that it "partners" with the collection agencies it hires to collect these debts and is involved in their compliance with applicable consumer laws, which contradicts its repeated denial that it played any such role with Northstar's and Weltman's collection efforts (see, Mullery, Dkt. 26-1 at pp. 2, 11; Perry, Dkt. 25-1, at pp. 2, 11).

---

[2] See, JTMCM.COM.

A tab on Defendant's webpage titled "Debt Management" contains a list of the types of consumer loans it acquires ("Types of Debts we Manage"), and reads:

> **Debt Management Services**
>
> Since its inception, JTM Capital Management, LLC. has managed in excess of more than $3 billion in uncollected debt, JTM Capital Management, LLC has a reputation for offering fair prices for product management, a management agreement that works for both parties, and a smooth and timely transfer of files. Clients consistently return to JTM Capital Management, LLC with new product as a result of our efficient, professional approach.

See, Exhibit B., at p. 2. Defendant's website continues on this tab to list the "advantages of outsourcing delinquent debt," which includes "eliminating the work of managing agencies" -- presumably because JTM will either perform this work, or hire another entity to do so, see, Id. Defendant's advertisement of its services, through its own website, does show a scintilla of any other possible business purpose aside from debt collection. Tellingly, JTM maintains a "debt collection license" in New York City, see, attached Exhibit C. Clearly, debt collection is JTM's principal purpose.

Moreover, Plaintiffs' Complaints clearly allege that JTM directed its collectors, Northstar and Weltman, to attempt to collect their defaulted debts, which is consistent with the business model described on Defendant's website, see, Mullery, Dkt. 1, at ¶ 10, Perry, Dkt. 1, at ¶10; Exhibit B. Defendant's motions include no evidence, nor any affidavits, that would establish that its "principal purpose" is anything other than profiting from the collection of consumer debts by hiring other entities, such as Northstar and Weltman, as it did with Plaintiffs' accounts here. Defendant's motion should be denied and Ms. Mullery and Ms. Perry should be permitted to proceed with discovery.

**II.    Defendant Relies On Inadequate, Non-Binding Authority, Most Of Which Is Not Specific To Debt-Buyers, In An Attempt To Expand The Holding Of <u>Henson</u> To Meet Its Needs.**

Although Defendant JTM's motions acknowledge that the FDCPA contains two statutory definitions of a debt collector, it attempts to conflate them by stating:

> [I]n order to state a claim against JTM herein, Plaintiff must plausibly allege that JTM meets the alternate, "principal purpose" definition of "debt collector." As set forth below, Plaintiff has failed to do so because the Complaint is devoid of any factual allegation that JTM took any steps to collect on the Plaintiff's account or takes efforts to collect on debt it owns at all.

See, Mullery, Dkt. 26-1, at p. 6; Perry, Dkt. 25-1, at p. 6.

First of all, JTM's claim that Ms. Mullery made "no factual allegations" that JTM took any action to collect her debt (Mullery, Dkt. 26-1, at p. 6; Perry, Dkt. 25-1, at p. 6) is just wrong. Both Complaints clearly stated that JTM engaged Northstar and Weltman to collect the debts, see, Mullery, Dkt. 1, at ¶ 10; Perry, Dkt. 1, at ¶ 10.

Second, according to JTM and its non-binding and inapposite authority -- most of which was decided prior to Henson[3] - in order to meet the "principal purpose" debt collector definition, an entity must either <u>directly</u> collect debts owed to another or <u>directly</u> collect debts that it owns. However, this argument fails to address that §1692a(6) applies to both the direct and the <u>indirect</u> collection of debts, <u>see</u>, §1692a(6), which remains unchanged by Henson.

---

[3] Grier v. Simmons & Clark Jewelers, 2012 U.S. Dist. LEXIS 52204 (E.D. Mich. 2012), McCready v. eBay, 453 F.3d 882 (7th Cir. 2006), and Kloth v. Citibank, 33 F.Supp. 2d 115, 117 (D. Conn. 1998)(Mullery, Dkt. 26-1, at pp. 6-7; Perry, Dkt. 25-1, at pp.6-7), all involved pro se claims against original creditors and are not relevant here. Similarly, Challenger v. Experian Info Solutions, 2007 U.S. Dist. Lexis 20246, at [*2] (D. N.J. 2007)(Mullery, Dkt. 26-1, at p. 7; Perry, Dkt. 25-1, at p. 7) dismissed FDCPA claims brought against original creditors and has no application to analyzing whether the FDCPA applies to debt buyers who indirectly collect debts.

JTM relies on Kasalo v. Trident Asset Management, 53 F. Supp3d 1072, 1079 (N.D. Ill. 2014) and Gold v. Midland Credit Management, 83 F. Supp. 3d 1064, 1070-71 (N.D. Ca. 2015)(Mullery, Dkt. 26-1, pp. 6, 8-10; Perry, Dkt. 25-1, pp. 6, 8-10)[4], both of which pre-date Henson, and were decided on summary judgment after extensive discovery, and neither of which thoroughly discussed the "principal purpose" of the defendant debt buyer's business, see, Gold, at 1071.

In fact, both Kasalo and Gold were criticized by a district court in the Northern District of Illinois in McMahon v. LVNV Funding, LLC, 2018 U.S. Dist. LEXIS 41984, [*36] (N.D. Ill. 2018) for lacking a detailed analysis of the FDCPA's two distinct definitions of debt collector ("The Court is skeptical of the reasoning of these decisions, which are insufficiently attentive to the fact that the definition of "debt collector" in 15 U.S.C. § 1692a(6) has two distinct prongs."). As the McMahon district court opinion continued, whether or not a debt buyer is actually the party doing the collecting is of no import if its business model is making money from collection that it outsources:

> The Court fails to see why it should matter if the debt buyer hires a third party to actually collect its debt, *i.e.*, to be the one who interacts with the debtor to obtain payment. If the collection of debts is precisely what sustains the business, unaided by any other significant sources of revenue, then the "collection of . . . debts" must be the business's "primary purpose."

See, McMahon, at [*37].

Of the other non-binding opinions cited by JTM, only two were decided post-Henson, McAdory v. M.N.S & Assocs., 2017 U.S. Dist. LEXIS 182472 (D.Ore. 2017)(Mullery, Dkt. 26-1, at p. 6; Perry, Dkt. 25-1, at p. 6), which was filed prior to the

---

[4] Defendant wrongly asserts that "this" court decided Kasalo (see, Mullery, Dkt. 26-1, at p. 9; Perry, Dkt. 25-1, at p. 9), which was actually decided by a Northern District of Illinois court, long prior to Henson.

Henson holding and decided after, and Schneider v. JTM Capital Management, 2018 U.S. Dist. LEXIS 82430 (D. Or. 2018), which relied heavily on McAdory.

The district court in McAdory considered whether a debt buyer met the "principal purpose" debt collector definition where a consumer plaintiff attempted to hold a debt buyer liable for the collection activities of a collector it hired, which used illegal and threatening phone calls to intimidate the consumer into payment, see, McAdory, 2017 U.S. Dist. Lexis 182472, at [*1]-[*3], There, the district court, without permitting any discovery as to the nature of the relationship between the debt buyer and the collector it hired, or the nature of the debt-buyer's business, concluded:

> The fact that a business *benefits* from the collection of debt by an entirely separate third party does not necessarily make the principal purpose of that business the collection of those debts.

See, McAdory, 2017 U.S. Dist. LEXIS 182472, at [*9].

This statement hardly passes the straight face test. While it may be true that some entities may benefit from both debt collection and other activities[5], the principle purpose of a debt buyer is making money through the purchase of defaulted debts for pennies on the dollar and collecting on that debt, via outsourcing to third-party collectors. More importantly, as is ignored by the court in McAdory, the FDCPA applies to both the direct and indirect collection of debts, see, 15 U.S.C. §1692(e). If debt buyers were permitted to shield themselves from liability by outsourcing collection work to a third party, the FDCPA's inclusion of indirect collection would be rendered meaningless.

---

[5] For example, Santander Consumer USA, the defendant in Henson, is a publicly-traded, full service consumer finance company focused on vehicle finance and third-party servicing, see, https://santanderconsumerusa.com/our-company, last accessed June 29, 2018.

13

Similarly troubling, the holding in Schneider attempts to analyze the FDCPA's "principal purpose" definition of debt collector but instead adopts the reasoning of McAdory wholesale (see, Schneider, 2018 U.S. Dist. LEXIS 82430, at [*7]-[*11]) and even wrongly inserts the words "for another" into the "principal purpose" definition, which is not present in the statute;

> Here, even though defendant acquires debts already in default, there is no evidence to suggest it did so to facilitate the collection of the debt <u>for another</u>.

See, Schneider, 2018 U.S. Dist. LEXIS 82430, at [*11](underlining added).

Here, Ms. Mullery and Ms. Perry have sufficiently alleged that JTM's principal, if not sole, purpose is making money by collecting debts (Mullery, Dkt. 1, at ¶5; Perry, Dkt. 1, at ¶5) such that she deserves the opportunity to pursue discovery as to Defendant's principal purpose. Indeed, JTM has provided no evidence whatsoever that it has any other business purpose at all.

### III. Ms. Mullery and Ms. Perry Have Sufficiently Pled That JTM Controlled The Collection of Their Debts.

Finally, Defendant argues, based on nothing other than irrelevant, pre-Henson cases and its own *ipse dixit*, that the Plaintiffs here have failed to meet the Iqbal and Twombly pleading standards to allege that JTM meets the requirements of a principal purpose debt collector pursuant to §1692a(6) of the FDPCA, see, Dkt, 26-1, at pp. 10-11.[6] Defendant asserts that Ms. Mullery and Ms. Perry needed to allege that JTM

---

[6] Defendant summarily cites a series of inapplicable cases that all involved allegations against *original creditors*, not debt buyers, like JTM, see, Roth v. CitiMortgage, 756 F.3d 178, 183 (2nd Cir. 2014)("the amended complaint does not allege that CitiMortgage acquired Roth's debt after it was in default and so fails to plausibly allege that CitiMortgage qualifies as a debt collector under FDCPA")(Mullery, Dkt. 26-1, p. 10; Perry, Dkt. 25-1, at p. 10); Johnson-Gellineau v. Steine & Assocs., 2018 U.S. Dist.

14

communicated <u>directly</u> with her to collect the debt (<u>Mullery</u>, Dkt. 26-1, at p. 11; <u>Perry</u>, Dkt. 25-1, at p. 11-12), but this has been correctly rejected by district courts in <u>Guzman</u> 2018 U.S. Dist. LEXIS 49622, at fn. 5, <u>Barbato</u>, 2017 U.S. Dist. LEXIS 189994 at [*26]-[*29], <u>Skinner</u>, 2018 U.S. Dist. LEXIS 2812, at [*8]-[*11], <u>Chenault</u>, 2017 U.S. Dist. LEXIS 197747 at [*5]-[*6], and <u>Tepper</u>, 2017 U.S. Dist. Lexis 127697, at [*2 at ¶4], [*22], as well as by the Seventh Circuit in <u>Janetos v. Fulton, Friedman & Gullace</u>, 825 F.3d 317, 325-326 (7th Cir. 2016)(a debt collector can be held liable under the FDCPA for the actions of the debt collector it hired to collect debts on its behalf).

JTM also claims that Plaintiffs failed to allege that JTM directed the activities of their third-party collectors sufficient for vicarious liability, <u>see</u>, <u>Mullery</u>, Dkt. 26-1, at pp. 11; <u>Perry</u>, Dkt. 25-1, at pp. 11-12.  Plaintiffs' Complaints, however, specifically set forth that JTM directed Northstar to collect the debts it had acquired, <u>see</u>, <u>Mullery</u>, Dkt. 1, ¶ 10; <u>Perry</u>, Dkt. 1, ¶ 10.  Moreover, Plaintiff's Complaint alleges that JTM is a principal purpose debt collector, which collects debts directly or indirectly, that did not originate with itself, by buying large portfolios of consumer debts which it collects through others; this is JTM's principal, if not sole, purpose, <u>see</u>, <u>Mullery</u>, Dkt. 1, ¶¶ 4, 5; <u>Perry</u>, Dkt. 1, ¶¶ 4, 5.

---

LEXIS 53873, at [*33]-[*43](S.D.N.Y. March 29, 2018)(dismissing claims against Wells Fargo Bank, which the court there held had obtained the debt as part of her modification, and Chase Bank, with whom the debts had originated, but not against their attorneys.)(<u>Mullery</u>, Dkt. 26-1, at p. 10; <u>Perry</u>, Dkt. 25-1, at p. 11); <u>Anthony v. Fein, Such & Crane</u>, 2015 U.S. Dist. LEXIS 160850, at [*12]-[*13] (N.D.N.Y. 2015)(dismissing a <u>pro se</u> consumer plaintiff's claims against Bank of America and its law firm, which he failed to allege was an attorney acting as a debt collector pursuant to the FDCPA)(<u>Mullery</u>, Dkt. 26-1, at p. 10; <u>Perry</u>, Dkt. 25-1, at p. 11).  None of these cases should weigh into this Court's decision here.

15

In any case, Defendant's argument as to vicarious liability is undeveloped and lacks any supportive case law whatsoever.  Moreover, this claimed lack of involvement in its collectors' activities does not hold up against its own description of its relationship with its collectors on its website (that it "partners with" collectors to "develop … repayment plans in compliance with consumer protection laws", <u>see</u>, <u>Exhibit</u>. B).  JTM's motions offer no evidence or sworn statements describing its relationships with Northstar or Weltman which, undeniably, were collecting these debts at Defendant's direction -- just as was described on its website.  Ms. Mullery and Ms. Perry have alleged sufficient facts to meet the notice-pleading standards of <u>Iqbal</u> and <u>Twombly</u>, and both women should be permitted to conduct discovery as to what extent profiting from the outsourced collection of debts it buys comprises Defendant's business.  Therefore, JTM's 12(b)(6) motions to dismiss should be denied.

## CONCLUSION

JTM is in the business of purchasing defaulted debts at low rates and in high volumes, and then attempting to collect them, indirectly, by hiring other entities to collect them from consumers like Ms. Mullery and Ms. Perry.  The collection of debt is JTM's principal purpose, and Defendant has not provided any evidence that it has any other business purpose whatsoever.  Therefore, dismissal is not warranted.

                    Respectfully submitted,
                    Theresa Mullery & Amanda Perry

                    By: /s/ David J. Philipps_____
                    One of their attorneys

Date:  June 29, 2018

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 29, 2018 a copy of the foregoing **Plaintiffs' Response to Defendant JTM's Motion To Dismiss** filed electronically.  Notice of this filing was sent to the following parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

| | |
|---|---|
| Brendan H. Little | blittle@lippes.com |
| Richard M. Scherer | rscherer@lippes.com |
| Lippes, Mathias, Wexler, Friedman, LLP | |
| 50 Fountain Plaza | |
| Suite 1700 | |
| Buffalo, New York 14202 | |

/s/ David J. Philipps
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Robert Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com