# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDA PERRY<br><br>Plaintiff,<br><br>v.<br><br>JTM CAPITAL MANAGEMENT, LLC,<br>a Delaware limited liability company<br><br>Defendant. | 1:17-cv-07601<br><br>Judge Gettleman<br>Magistrate Judge Gilbert |
| THERESA MULLERY<br><br>Plaintiff,<br><br>v.<br><br>JTM CAPITAL MANAGEMENT, LLC,<br>a Delaware limited liability company<br><br>Defendant. | 1:17-cv-07769<br><br>Judge Gettleman<br>Magistrate Judge Cole |

**DEFENDANT JTM CAPITAL MANAGEMENT, LLC'S**
**SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST INTERROGOTORIES**

Defendant JTM Capital Management, LLC ("JTM"), by and through its attorneys, Lippes Mathias Wexler Friedman LLP, for its supplemental response to Plaintiff's Interrogatories herein, alleges upon information and/or knowledge and/or belief:

**GENERAL OBJECTIONS**

The following general objections apply to all of the requests contained in the Interrogatories (the "Interrogatories"), irrespective of whether the general objections are expressly referred to in the specific responses. The specific objections are intended to amplify



essentially home in the state. Id. at *2. The Court also determined that it did not have specific jurisdiction because the only alleged connection to the forum was the plaintiff's decision to seek the assistance of attorneys in Illinois. Id. at *3. Accordingly, the Court dismissed the Complaint for lack of personal jurisdiction. In addition, the information is confidential and cannot be produced with the entering of a discovery confidentiality order.

3. State the number of defaulted consumer debts/accounts you purchased in 2016, as to which the debtor had an address in Illinois, and the face value of those debts/accounts, and also state whether you had a debt collector send those debtors collection letters in Illinois.

**Response**: JTM objects to this Interrogatory because it seeks information outside the limited inquiry of personal jurisdiction permitted by the Court in order to respond to JTM's motion. Specifically, the number defaulted[3] consumer debts/accounts that contain contact information for individuals in Illinois and face value of same has no bearing on whether JTM is subject to personal jurisdiction in the State of Illinois. In Price, the plaintiff, a resident of Kentucky, commenced an action against a Maryland based collection firm arguing that the defendant violated the Fair Debt Collection Practices Act. The plaintiff received two letters from the defendant's Massachusetts satellite office. The defendant moved to dismiss the Complaint for lack of personal jurisdiction or in the alternative, to change venue. The defendant did not have an Illinois office, but did actively collect debts in Illinois. This Court determined that it did not have general jurisdiction over the defendant because it was not incorporated in Illinois and it did not have any other operations within Illinois to render it essentially home in the state. Id. at *2. The Court also determined that it did not have specific jurisdiction because the only alleged connection to the forum was the plaintiff's decision to seek the assistance of attorneys in Illinois. Id. at *3. Accordingly, the Court dismissed the Complaint for lack of personal jurisdiction. In

---

[3] Whether a debt buyer has purchased an account that is in default has no bearing on whether it qualifies as a debt collector as defined by the Fair Debt Collection Practices Act. *See* Henson v. Santander Consumer USA Inc., __ U.S. __, 137 S.Ct. 1718 (2017).

addition, the information is confidential and cannot be produced with the entering of a discovery confidentiality order.

Here, the number of defaulted accounts, to which the address belonged to an Illinois debtor, purchased by JTM has no consequence in the analysis of personal jurisdiction. If this Court has determined that it lacked personal jurisdiction over a debt collector who was actively collecting on accounts in Illinois in Price, then the Court cannot have personal jurisdiction over a debt buyer who merely owns accounts and does take any action in Illinois.

Notwithstanding and without waiver of the foregoing, JTM purchased approximately 13,230 accounts with the approximate face value of $10,700,000 wherein the accounts contained an Illinois address.

4. State the number of defaulted consumer debts/accounts you purchased, to date, in 2017, as to which the debtor had an address in Illinois, the face value of those debts/accounts, and also state whether you had a debt collector send those debtors collection letters in Illinois.

**Response:** JTM objects to this Interrogatory because it seeks information outside the limited inquiry of personal jurisdiction permitted by the Court in order to respond to JTM's motion. Specifically, the number defaulted[4] consumer debts/accounts that contain contact information for individuals in Illinois and face value of same has no bearing on whether JTM is subject to personal jurisdiction in the State of Illinois. In Price, the plaintiff, a resident of Kentucky, commenced an action against a Maryland based collection firm arguing that the defendant violated the Fair Debt Collection Practices Act. The plaintiff received two letters from the defendant's Massachusetts satellite office. The defendant moved to dismiss the Complaint for lack of personal jurisdiction or in the alternative, to change venue. The defendant did not have an Illinois office, but did actively collect debts in Illinois. This Court determined that it did not have

[4] Whether a debt buyer has purchased an account that is in default has no bearing on whether it qualifies as a debt collector as defined by the Fair Debt Collection Practices Act. *See* Henson v. Santander Consumer USA Inc., __ U.S. __, 137 S.Ct. 1718 (2017).

general jurisdiction over the defendant because it was not incorporated in Illinois and it did not have any other operations within Illinois to render it essentially home in the state. Id. at *2. The Court also determined that it did not have specific jurisdiction because the only alleged connection to the forum was the plaintiff's decision to seek the assistance of attorneys in Illinois. Id. at *3. Accordingly, the Court dismissed the Complaint for lack of personal jurisdiction. In addition, the information is confidential and cannot be produced with the entering of a discovery confidentiality order.

Here, the number of defaulted accounts, to which the address belonged to an Illinois debtor, purchased by JTM has no consequence in the analysis of personal jurisdiction. If this Court has determined that it lacked personal jurisdiction over a debt collector who was actively collecting on accounts in Illinois in Price, then the Court cannot have personal jurisdiction over a debt buyer who merely owns accounts and does take any action in Illinois.

Notwithstanding and without waiver of the foregoing, JTM purchased approximately 13,387 accounts with the approximate face value of $11,000,000 wherein the accounts contained an Illinois address.

5. State the number of proofs of claim you filed, or that were filed on your behalf, in any of the federal bankruptcy courts in Illinois in 2016.

**Response**: JTM objects to this Interrogatory because it seeks information outside the limited inquiry of personal jurisdiction permitted by the Court in order to respond to JTM's motion. Specifically, the number of proof of claims filed in federal bankruptcy courts has no bearing on whether JTM is subject to personal jurisdiction in the State of Illinois. *See* Price v. Schlee & Stillman, LLC, 2017 WL 2311229 (N.D. Ill. May 26, 2017) (Durkin, J.). In Price, the plaintiff, a resident of Kentucky, commenced an action against a Maryland based collection firm arguing that the defendant violated the Fair Debt Collection Practices Act. The plaintiff received

1071 (N.D. Cal. 2015) (granting defendant-debt collector's motion for summary judgment because the defendant did not attempt to communicate with the consumer).

DATED: January 5, 2018

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
blittle@lippes.com

**VERIFICATION**

Michael Hyla, first being duly sworn, deposes and states that he is the Director of Compliance for JTM Capital Management, LLC, the Defendant in the above-entitled action; that he has read the foregoing supplemental Response to the Plaintiff's Interrogatories concerning jurisdiction and knows the contents thereof; that the statements of fact above are true to the best of his knowledge except as to those matters alleged, upon information and belief, and that as to those matters, he believes them to be true.

Michael Hyla