UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THERESA MULLERY

       Plaintiff,

v.

JTM CAPITAL MANAGEMENT, LLC
a Delaware limited liability company

       Defendant.
_____

Case No.: 18-cv-00549-LJV-HKS

## DEFENDANT JTM CAPITAL MANAGEMENT, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO CITE SUPPLEMENTAL AUTHORITY

Defendant JTM Capital Management, LLC ("JTM") submits this Opposition in response to Plaintiff Theresa Mullery's ("Plaintiff") Motion for Leave to Cite Supplemental Authority ("Plaintiff's Motion"). (Dkt. 34). As articulated below, Plaintiff's Motion should be denied because the Third Circuit's decision in Tepper v. Amos Financial, 2018 WL 3733862, at *1 (3d Cir. Aug. 7, 2018) has no bearing on whether a passive debt buyer is a debt collector as defined by the Fair Debt Collection Practices Act ("FDCPA").

### ARGUMENT

On May 23, 2018, pursuant to Fed. R. Civ. P. 12(b)(6), JTM filed a Motion to Dismiss Plaintiff's Complaint. (Dkt. 26). On June 29, 2018, Plaintiff filed a Response in Opposition to JTM's Motion to Dismiss. (Dkt 32). On July 19, 2018, JTM filed a Reply in response to Plaintiff's Opposition and in further support of its Motion to Dismiss. (Dkt. 33). Thereafter, Plaintiff filed the instant Motion for Leave to Cite Supplemental Authority. (Dkt. 34). Specifically, Plaintiff

seeks to rely upon Tepper v. Amos Financial, 2018 WL 3733862, at *1 (3d Cir. Aug. 7, 2018), a case which was decided after Plaintiff submitted her Opposition to JTM's Motion to Dismiss.

Plaintiff's Motion argues that "the Third Circuit held that "principal purpose" debt collectors, including those that purchase debts after default – just like JTM here – are subject to the FDCPA." (Dkt. 34, p. 2). However, a plain reading of Tepper demonstrates that Plaintiff has taken significant liberties with its application to the facts here. In Tepper, the plaintiff sued Amos Financial, LLC ("Amos") alleging that the Amos' collection activity violated the FDCPA. Tepper, 2018 WL 3733862, at *4. At trial, Amos did not dispute that it was a debt collector and the issue was never raised during the trial. After the trial concluded, the United States Supreme Court issued Henson v. Santander Consumer USA, __ U.S. __, 137 S. Ct. 1718 (2017), and in response, the District Court ordered additional briefing to determine whether Amos qualified as a debt collector. Id.

At trial, Amos' principal purpose was debt collection was never in dispute as the Court was presented with evidence of Amos' debt collection activities, that: (1) Amos made several attempts to collect the debt; (2) Amos mailed the plaintiff multiple letters demanding payment; (3) Amos spoke to the plaintiff on the phone in an attempt to collect the debt; (4) an attorney, acting on behalf of Amos, sent an email to the plaintiff in an attempt to collect the debt; and (5) Amos filed a lawsuit relating to the collection of the debt. Id. at *4. In fact, the parties agreed that Amos' sole business activity was "purchasing and then **attempting to collect debts**." Id. at *5 (emphasis added). Put differently, Amos agreed that its own collection activities met the "principal purpose" prong of the definition of a debt collector under the FDCPA.

To the contrary, here, Plaintiff's Complaint does not allege that JTM was actively collecting the debt at issue from Plaintiff by sending letters or making phone calls and expressly

2

challenges whether it meets the definition of debt collector as defined by the FDCPA. (Dkt. 1). In fact, Plaintiff's Complaint only alleges that JTM purchased debt and contracted with third parties for collection. (Dkt. 1, ¶ 5). Such conduct does not subject JTM to the purview of the FDCPA as a debt collector. *See* Schneider v. JTM Capital Mgmt., LLC, 2018 WL 2276238 (D. Or. Mar. 22, 2018), *adopted by* 2018 WL 2248451 (May 15, 2018); *see also* McAdory v. M.N.S. & Assocs., LLC, 2017 WL 5071263 (D. Or. Nov. 3, 2017) *recons. denied* 2018 WL 1256482 (D. Or. Mar. 11, 2018). Tepper involves a defendant who affirmatively took action to collect a debt as opposed to JTM, who purchased a debt and hired a third party to collect on same. Accordingly, because JTM is not alleged to "collect" on the debt like Amos did, Tepper bears no relevance on this action and Plaintiff's Motion for Leave to Cite to Supplemental Authority should be denied.

## CONCLUSION

In light of the foregoing, Defendant JTM Capital Management, LLC respectfully requests an Order of this Court denying Plaintiff Theresa Mullery's Motion for Leave to Cite Supplemental Authority, together with such other and further relief as the Court deems just and proper.

DATED:	August 15, 2018

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Attorneys for Defendant
JTM Capital Management, LLC
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2018 I electronically filed the foregoing Opposition via the CM/ECF system, which should then send notification of such filing to all counsel of record.

/s Brendan H. Little
Brendan H. Little, Esq.
