UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THERESA MULLERY

      Plaintiff,

                                   Case No.: 18-cv-00549-LJV-HKS

v.

JTM CAPITAL MANAGEMENT, LLC        <u>ORAL ARGUMENT REQUESTED</u>
a Delaware limited liability company

      Defendant.
_____

## DEFENDANT JTM CAPITAL MANAGEMENT, LLC'S OBJECTIONS TO MAGISTRATE JUDGE KENNETH SCHROEDER, JR.'S <br> <u>REPORT, RECOMMENDATION AND ORDER</u>

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York, Defendant JTM Capital Management, LLC ("JTM") submits the following Objection to Magistrate Judge Kenneth Schroeder, Jr.'s November 30, 2018 Report, Recommendation and Order ("R&R"). JTM objects to the entirety of the R&R as it incorrectly holds that a passive debt buyer, who does not have contact with consumers, can still be held to be a debt collector as defined by Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## PRELIMINARY STATEMENT

Courts across the country have disagreed with how to address passive debt buyers within the context of the FDCPA. Indeed, this lawsuit highlights a fundamental gap in the plain language of the statute. Passive debt buyers like JTM who do not engage in debt collection are not included in the definition of a "debt collector," but they are not explicitly excluded. As a result, ambitious plaintiffs have taken full advantage of that ambiguity to manipulate their allegations and shoehorn

debt buyers into "debt collectors." Here, Plaintiff Theresa Mullery ("Plaintiff") made a conscious decision not to sue the debt collection company she interacted with and instead proceeded only against JTM, the owner of Plaintiff's debt.

While Judge Schroeder's R&R identified the correct issue – whether a passive debt buyer can be defined as a debt collector under the principal purpose prong of the FDCPA – the Court's analysis is dependent on cases that ignore the fundamental purpose of the statute, which was codified in order to regulate debt collectors' <u>interactions</u> with consumers. The cases Judge Schroeder relies on in the R&R stand for the proposition that if an entity is involved in any way with, or profits from the debt industry, its principal business purpose must be debt collection. That conclusion is contrary to both the language and legislative history of the FDCPA. Put plainly, by holding that a passive debt buyer is a debt collector and is subject to the FDCPA, the Court is effectively stepping into the shoes of Congress.

## FACTUAL BACKGROUND

Plaintiff's Complaint alleges that JTM violated 15 U.S.C. § 1692c(c) and 15 U.S.C. § 1692c(a)(2), both of which regulate <u>communication</u> between a debt collector and a consumer. (Dkt. 1, ¶¶ 15-21).

This lawsuit stems from an unpaid debt Plaintiff incurred from a Continental Finance Company. (Dkt. 1, ¶ 8). In an attempt to remedy her debt issues, Plaintiff states she engaged legal aid services, who then contacted Continental Finance Company on her behalf and directed it to cease all further collection activities relating to her debt. (Dkt. 1, ¶ 9). Separately, Plaintiff alleges Continental Finance Company sold her account to JTM. (Dkt. 1, ¶ 10). Importantly, Plaintiff does not claim that JTM engages in debt collection. (Dkt. 1). Instead, Plaintiff alleges that JTM, as the owner of the debt, placed it with a third party, Northstar Location Services ("Northstar"), for

collection. (Dkt. 1, ¶ 10). As detailed in the Complaint, it is Northstar who is alleged to have impermissibly communicated with Plaintiff, not JTM. (Dkt. 1).

## ARGUMENT

### I.   STANDARD OF REVIEW

In reviewing a R&R, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636 (b)(1)(c). When a timely objection has been made to the R&R, the District Court Judge must make a *de novo* determination of any portion of the Magistrate's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b); *see also E-Z Bowz, L.L.C. v. Prof'l Prod. Research Co.*, 2005 WL 535065, at *1 (S.D.N.Y. 2005). Stated another way, the Court must arrive at its own independent conclusion about those portions of a magistrate's report to which objection has been made. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

### II.   THE FDCPA'S PRINCIPAL BUSINESS PURPOSE DEFINITION

As discussed in JTM's Motion to Dismiss, there are two ways in which a person or entity can be a debt collector pursuant to the FDCPA. (Dkt. 26, p. 4). The first definition includes "any business the principal purpose of which is debt collection. The second definition includes anyone who "regularly collects or attempts to collect, directly or indirectly, debts owed … [to] another. As correctly identified by Judge Schroeder, the issue before the Court is whether JTM, as a passive debt buyer, can have a principal business purpose of debt collection as defined by the FDCPA.

### III.   PASSIVE DEBT BUYERS WHO DO NOT CONTACT CONSUMERS ARE NOT DEBT COLLECTORS PURSUANT TO THE FDCPA

#### i.   EXTENDING THE PURVIEW OF THE FDCPA TO DEBT BUYERS IS FOR CONGRESS, NOT THIS COURT

The landscape of debt collection has changed since the FDCPA's enactment in 1977. One such change is the growth of debt buying. "No longer do creditors simply hire debt collectors to serve their named role; rather, with increased frequency creditors sell debt to purchasers, who may again resell the debt, hire outside debt collectors to undertake collection efforts, or attempt to collect on their own." *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018) (*citing* Federal Trade Commission, The Structure and Practices of the Debt Buying Industry 1 (2013)). However, the Fair Debt Collection Practices Act does not address whether a debt buyer is a "debt collector." As a result, and as highlighted by Judge Schroder, Courts have come to inconsistent holdings in this regard.

It is well established that where a statute is ambiguous, the court should look to other persuasive authority, such as legislative history, to inform it of Congress's intent. *See Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 76 (2d Cir. 2015); *Gordon v. Softech Intern., Inc.*, 726 F.3d 42, 48 (2d Cir. 2013). The FDCPA was enacted in 1977 with the purpose of eliminating "abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). In enacting the FDCPA, the Senate Committee on Banking, Housing, and Urban Affairs described the nature and purpose of the Bill as: "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing

unnecessary restrictions on ethical debt collectors." S. Rep. 95-382, 95th Cong., 1st Sess., at *1 (1977).

The legislative history of the FDCPA demonstrates the aim was to clearly and expressly target abusive debt collection practices in connection with <u>communications with consumers</u>, including "obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." S. Rep. No. 95–382, 95th Cong., 1st Sess., at 2 (1977) (emphasis added); s*ee also Dorrian v. LVNV Funding, LLC*, 479 Mass. 265, 272–73 (2018). Put plainly, the overarching purpose of the FDCPA is to govern "the interaction between a debt collector and consumer." *See McAdory v. M.N.S. & Assocs., LLC*, 2017 WL 5071263 (D. Or. Nov. 3, 2017) *recons. denied* 2018 WL 1256482 (D. Or. March 11, 2018).

It is without question that Congress engaged in an in-depth consideration of who should or should not be covered by the definition of a debt collector. Indeed, the FDCPA explicitly includes and excludes certain entities within the definition of a debt collector. *See* H. Rep. No. 95-131, 95th Cong., 1st Sess., at 4 (1977). If Congress intended to subject a debt buyer to the FDCPA, it would have done so. However, "there is no evidence that Congress ever intended to include within its definition debt buyers that own the debts but use a third party to collect the debts and therefore have no contact with the debtors." *Dorrian*, 479 Mass. at 273.

California's Fair Debt Buying Practices Act ("FDBPA"), Cal. Civ. Code § 1788.50 *et seq.*, is instructive in this regard. In California, the Rosenthal Fair Debt Collection Practices Act (the "Rosenthal Act"), Cal. Civ. Code § 1788 *et seq.*, serves as the state corollary to the FDCPA with the purpose of prohibiting debt collectors from engaging in unfair or deceptive acts or practices in

the collection of consumer debts. *See, e.g.*, Cal. Civ. Code § 1788.1(2); *see also Heathman v. Portfolio Recovery Assocs., LLC*, 2013 WL 3746111, at *5 (S.D. Cal. July 15, 2013) (California has adopted a state version of the FDCPA, called the Rosenthal Act which mimics or incorporates by reference the FDCPA's requirements). Indeed, the Rosenthal Act "focuses more on the behavior of those collecting debt and the means that should be used to collect debt through mailers, phone calls, etc." California Bill Analysis, S.B. 233 Sen., 6/24/2013. Cognizant of the fact that a debt buyer was not subject to the Rosenthal Act, the California Legislature passed the FDBPA to govern the actions of debt buyers and establish a private right of action against a debt buyer who violates the provisions of the statute. California Bill Analysis, S.B. 233 Sen., 6/24/2013. Put differently, the California Legislature has taken it upon itself to fill the gap in the FDCPA through a separate statute governing the conduct of debt buyers. Congress has not followed suit.

The Massachusetts Supreme Court was also faced with the issue of whether the debt buyer was a "debt collector" under the Massachusetts Fair Debt Collection Practices Act ("MDCPA"). *See Dorrian*, 479 Mass. at 266. There, the Court turned to the FDCPA, the model for the MDCPA, because the legislative history of the MDCPA was not instructive. After detailing the legislative intent of the FDCPA, the Court held:

> Despite a careful consideration of what entities would be covered by the definition and what entities would be excluded, there is no evidence that Congress ever intended to include within this definition debt buyers that own the debts but use a third party to collect the debts and therefore have no contact with the debtors.

*Id.* at 273. Further supporting this reasoning, the Court looked to the Division of Banks, a state agency responsible for financial regulation, including the regulation of debt collection. In an advisory opinion, the Division of Banks defined a "passive debt buyer" as a "debt buyer that engages only in the practice of purchasing delinquent consumer debts for investment purposes

without undertaking any activities to directly collect on the debt." *Id.* at 268. The Division of Banks also submitted a letter, *amicus curiae*, to the Court affirming its position on debt buyers, which supported its practical perspective that many of its examination practices would be inapplicable to passive debt buyers that do not interact with consumers. *Id.* at 268-269. Ultimately, the Massachusetts Supreme Court specifically addressed whether a passive debt buyer has a "principle purpose" of debt collection. *Id.* at 271. The Court took the position that a debt buyer's business:

> is to invest in debt, usually those in default, and profit from the eventual collection of the debt... Nonetheless, the debt collection itself is entirely undertaken by third parties... In sum, the principle purpose of [the debt buyer defendant] is not perfectly clear. [The defendant] itself is a debt buyer, not a debt collector, but the success of its business model is dependent on debt collection by its licensed contractor.

*Id.*

JTM acknowledges the FDCPA is silent with regard to passive debt buyers. However, absent clear direction to the contrary from Congress, there is no basis for including passive debt buyers such as JTM in the definition of debt collector under the FDCPA. Doing so only continues to expand the FDCPA beyond its enacted purpose. As aptly put by Judge Cogan, District Court Judge for the Eastern District of New York:

> We have drifted quite far from the truly awful collection practices—threatening violence, disclosing a consumer's personal affairs to others, impersonating public officials—that prompted Congress to enact the FDCPA. We are no longer deterring collection companies from abusing, tricking, and misleading debtors into making payments that they do not have to or would not want to make if they had the relevant facts. The courts are to some extent simply burdening the collection industry with a continuing portfolio of litigation that potentially raises the cost of credit for all consumers.

*Islam v. Am. Recovery Serv. Inc.*, 2017 WL 4990570, at *3 (E.D.N.Y. Oct. 31, 2017).

If Plaintiff seeks to expand the purview of the FDCPA to debt buyers, she should call her congressional representative – legislation is not the function of the Court. *See Schneider*, 2018 WL 2276238 at *5 ("[t]o the extent plaintiff is concerned about the increased abuse of debtors via fly-by-night third parties utilized by passive debt purchasers that is an issue appropriate for Congress to resolve.").

## IV. THE COURT SHOULD FOLLOW THE HOLDINGS IN *SCHNEIDER*, *MCADORY*, *KASALO*, *GOLD* AND *DORRIAN*

Judge Schroder's R&R acknowledges multiple courts have held as a matter of law that a [passive] debt buyer is not a debt collector under the FDCPA. (Dkt. 36, p. 8); *see also Schneider v. JTM Capital Mgmt., LLC*, 2018 WL 2276238 (D. Or. March 22, 2018) *adopted by* 2018 WL 2248451 (D. Or. May 15, 2018); *McAdory v. M.N.S. & Assocs., LLC*, 2017 WL 5071263 (D. Or. Nov. 3, 2017); *Gold v. Midland Credit Mgmt., Inc.*, 82 F. Supp.3d 1064 (N.D. Cal. 2015); *Kasalo v. Trident Asset Mgmt., LLC*, 53 F. Supp.3d (N.D. Ill. 2014). Each of these cases hone in on the central focus of the FDCPA – regulating abusive conduct in the actual collection of debt.[1] The Court in *Schneider* articulates the rationale best, stating "the definition of "debt collector" does not include purely passive debt purchasing activity. As defense counsel noted at oral argument, "collect" is a verb that requires action." *Schneider*, 2018 WL 2276238 at *5.

To the contrary, while the cases cited as persuasive by Judge Schroeder mention the stated purpose of the FDCPA, each fails to actually analyze whether a passive debt buyer can have a

---

[1] JTM analyzed each of these cases in detail in its Motion to Dismiss (Dkt. 26) and Reply Brief in further support of its Motion to Dismiss (Dkt. 33).

principal purpose of debt collection within the context and statutory scheme of the FDCPA.[2] Although the holdings in those cases stand in contradiction to *McAdory*, *Schneider*, *Kasalo, Gold* and *Dorrian*, they do so at the expense of the stated purpose of the FDCPA. JTM's principal business purpose is not debt collection – it is debt purchasing. Plaintiff would have this Court determine those are one in the same. However, common sense and the legislative purpose of the FDCPA say differently.[3] The sole fact that a third party engages in the collection of a debt owned by JTM does not magically make JTM's principal purpose debt collection. Said differently, passive receipt of money obtained in connection with the debt industry does not involve "the vices of harassment that the statute aims to suppress." *See Pilalas v. Cadle Co.*, 695 F.3d 12, 16 (1st Cir. 2012).

As JTM's principal purpose is not debt collection, it does not meet the statutory definition of a debt collector pursuant to the FDCPA. Accordingly, this Court should disregard Judge Schroder's R&R and grant JTM's Motion to Dismiss.

**V.    IF THE COURT AFFIRMS THE REPORT, RECOMMENDATION AND ORDER, JTM REQUESTS THAT THE COURT'S ORDER CERTIFY THIS ISSUE FOR IMMEDIATE APPEAL TO THE SECOND CIRCUIT COURT OF APPEALS**

28 U.S.C. § 1292(b) allows for certification of an order for interlocutory appeal when the court determines: "(1) that such order involves a controlling question of law (2) as to which there

---

[2] As detailed in JTM's Reply Brief in further support of its Motion to Dismiss (Dkt. 33) and in its Opposition to Plaintiff's Motion for leave to cite supplemental authority (Dkt. 35), *Tepper*, 2017 WL 3446886 (E.D. Pa. Aug. 11, 2017) and *McMahon v. LVNV Funding, LLC*, 301 F. Supp.3d 866 (N.D. Ill. 2018) must also be disregarded because in both of those cases it was undisputed that the debt buyer in question engaged in collection activity. Put simply, neither was a passive debt buyer.
[3] For example, there are certainly passive debt buyers who obtain debt portfolios for the sole purpose of re-sale to other debt buyers. While that entity would benefit from the debt industry generally, its principal business purpose surely has nothing to do with the actual collection of debt.

is a substantial ground for difference of opinion and (3) that an immediate appeal from [that] order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

The proponents of an interlocutory appeal have the burden of showing that all three of the substantive criteria are met. *See Casey v. Long Island R.R.,* 406 F.3d 142, 146 (2d Cir.2005); *Garber v. Office of the Com'r of Baseball*, 120 F. Supp.3d 334, 337 (S.D.N.Y. 2014).

A controlling question of law is one that could terminate the action, and additionally "contribute to the determination, at an early state, of a wide spectrum of cases." *Herold v. Braun,* 671 F.Supp. 936, 938 (E.D.N.Y.1987) (*quoting Kohn v. Royall, Koegel & Wells,* 59 F.R.D. 515, 525 (S.D.N.Y.), *appeal dismissed,* 496 F.2d 1094 (2d Cir.1974)); *see also Brown v. Bullock,* 294 F.2d 415, 417 (2d Cir.1961). Here, Plaintiff's entire lawsuit proceeds on the assumption that JTM is a debt collector as defined by the FDCPA. (Dkt. 1). A decision to the contrary would be dispositive and foreclose the legitimacy of the lawsuit in its entirety. Moreover, given the prevalence of FDCPA litigation, resolution of this issue would surely reach a wide spectrum of cases.

A substantial ground for difference of opinion exists when "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Records, LLC v. Vimeo, LLC,* 2013 WL 6869648, at *10 (S.D.N.Y. Dec. 31, 2013) (*quoting In re Enron Corp.,* 2007 WL 2780394, at *1 (S.D.N.Y. Sept. 24, 2007)). Here, as acknowledged by Judge Schroeder, there is sincere disagreement between multiple district courts as to whether a passive debt buyer meets the statutory definition of a debt collector pursuant to the FDCPA, an issue not yet addressed by the Second Circuit to date. (Dkt. 36, p. 7-8).

Finally, a determination of this issue will materially advance the termination of the litigation. If passive debt buyers are not subject to the FDCPA, Plaintiff's lawsuit is moot. There

are no other defendants in this lawsuit and Plaintiff asserts only FDCPA causes of action. (Dkt. 1). As a result, a determination by the Second Circuit in JTM's favor would obviate the need for costly discovery and a potential trial.

Accordingly, if the Court affirms Judge Schroeder's Report, Recommendation and Order, JTM requests that the Order certify this issue for immediate appeal to the Second Circuit Court of Appeals.

## CONCLUSION

In light of the foregoing, JTM requests this Court disregard Judge Schroeder's Report, Recommendation and Order, and grant JTM's Motion to Dismiss. In the alternative, JTM requests that in the event the Court affirms Judge Schroeder's Report, Recommendation and Order, the Court then certify this issue for immediate appeal to the Second Circuit Court of Appeals.

DATED:        December 14, 2018

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Sean M. O'Brien, Esq.
Attorneys for Defendant
JTM Capital Management, LLC
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com

## CERTIFICATION PURSUANT TO LOCAL RULE 72

Defendant JTM Capital Management, LLC's Objections to Magistrate Judge Kenneth Schroeder, Jr.'s November 30, 2018 Report and Recommendation do not raise new legal or factual arguments.


/s Brendan H. Little
Brendan H. Little, Esq.