**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
BUFFALO DIVISION**

| | | |
|---|---|---|
| Theresa Mullery, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.   18 C 0549-LJV |
| JTM Capital Management, LLC, a Delaware limited liability company, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| Amanda Perry, | ) | |
| Plaintiff, | ) | |
| v. | ) | No.   18 C 00566-LJV |
| JTM Capital Management, LLC, a Delaware limited liability company | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS**

Plaintiffs, Theresa Mullery ("Mullery") and Amanda Perry ("Perry"), hereby respond to Defendant's Objections to the Reports and Recommendations issued by Magistrate Judge H. Kenneth Schroeder, Jr. (Mullery, Dkt. 39) (Perry, Dkt. 38), and state as follows:

**INTRODUCTION**

The Complaints filed by Ms. Mullery and Ms. Perry each set forth that Defendant JTM violated the Fair Debt Collection Practices Act 15 U.S.C. §1692, et seq., ("FDCPA") by attempting to collect debts from each of them, by hiring third-party

1

collectors to send them collection letters, despite the fact that each of them had provided notice that they disputed the debts and were represented by counsel as to those debts. JTM moved for dismissal on the basis that it does not believe that it is a "debt collector" pursuant to §1692a(6) of the FDCPA and, rather, that it is a "passive debt buyer" -- an entity that Defendant does not believe the FDCPA regulates.

The concept of a "passive debt buyer", however, is a fiction invented by the debt buying industry to try to avoid liability for violations of consumer protection statutes, including the FDCPA. As Magistrate Judge Schroeder held, and as multiple courts have also reasoned, debt buyers who outsource collections are subject to liability under the FDPCA because the FDCPA specifically states that it regulates both direct and indirect debt collection, see, 15 U.S.C. 1692 §a(6).

Defendant JTM's objections merely reiterate the arguments it has already made -- which Magistrate Judge Schroeder considered and soundly rejected. Defendant's objections should be overruled and this Court should adopt the Reports and Recommendations (Mullery, Dkt 36; Perry, Dkt. 35).

**ARGUMENT**

Parties may only obtain de novo review of a magistrate's recommended decision if they file specific and timely objections, see, McCarthy v. Manson, 554 F. Supp. 1275, 1285 (D. Conn. 1982), affirmed, 714 F.2d 234 (2d Cir. 1983), citing 28 U.S.C. § 636(b)(1); see also, Fed. R. Civ. P. 72(b)(2). Moreover, to be "specific," objections must "be supported by legal authority" and "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection[.]" W.D. NY Loc. R. Civ. P. 72(b).

Parties are not entitled to a "second bite at the apple" when filing objections to magistrate judge's reports and recommendations.  Travelers Cas. & Sur. v. DiPizio Constr., 2018 U.S. Dist. LEXIS 64493 at [*4]-[*6] (W.D.N.Y. 2018), citing, Camardo v. GM Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); see also, McCarthy, 554 F. Supp. at 1286.  Therefore, parties are entitled only to "clear error" review when they "attempt to engage the district court in a rehashing of the same arguments set forth in the original [pleadings]", see, Travelers Cas. & Sur., 2018 U.S. Dist. LEXIS 64493 at [*5], McNair v. Ponte, 2018 U.S. Dist. LEXIS 44122 at [*5] (S.D.N.Y. 2018); Toth v. New York City Dep't of Educ., 2017 U.S. Dist. LEXIS 2861 at [*7] (E.D.N.Y. 2017)(reversed on other grounds).

When an objecting party makes only general objections to a magistrate judge's report and recommendation, or reiterates the original arguments, the court reviews the report and recommendation for clear error.  U.S. v. Gardin, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006); McNair, 2018 U.S. Dist. LEXIS 44122, [*5]; see also Mario v. P & C Food Markets, 313 F.3d 758, 766 (2d Cir. 2002) .

The court should refuse to consider new arguments not presented to the magistrate judge in the first instance, see, Travelers Cas. & Sur., 2018 U.S. Dist. LEXIS 64493 at [*6], citing, Hubbard v. Kelley, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's [R&R] that could have been raised before the magistrate but were not.").[1]

---

1. In fact, the New York Western District Local Rules require that objections to a magistrate judge's report and recommendation be accompanied by certification that "the objections do not raise new legal/factual arguments, or identifying the new arguments

3

Finally, Defendant JTM ignores the fact that a 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case, see, Litwin v. Blackstone Group, 634 F.3d 706, 718 (2nd Cir. 2011); Hutchison v. Deutsche Bank Sec., 647 F.3d 479, 484 (2nd Cir. 2011).  Aside from what is publicly available (i.e., JTM's website and its collection licensures), as well as the form letters it sent to Ms. Mullery and Ms. Perry, Plaintiffs have not had the opportunity to conduct discovery as to JTM's principal purpose – or anything else, for that matter.  At this stage of litigation, therefore, this Court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in plaintiff's favor, see, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).  To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief, see, Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Here, JTM's objection is nothing more than a regurgitation of the arguments it already made in its motion and reply in support thereof, see, e.g., Dkt. 38, at p. 3 ("as discussed in JTM's motion to dismiss…", see also, p. 8, fn. 1, p. 9, fn 2, and an improper attempt at certifying the question of whether JTM's debt buying practices are principal purpose debt collection for interlocutory appeal (Dkt. 38, at pp. 9-11, see also, 28 U.S.C. §1292).

The fact of the matter is that Magistrate Judge Schroeder already considered the arguments Defendant attempts to rehash here and the cases upon which it relies, i.e., Schneider v. JTM Capital Management, 2018 U.S. Dist. LEXIS 82430 (D. Or. 2018),

---

and explaining why they were not raised to the Magistrate Judge", see, W.D.NY Loc.R.72(c).  Defendant's objections here failed to comply with this requirement. (Mullery, Dkt. 39) (Perry, Dkt. 38).

McAdory v. M.N.S & Assocs., 2017 U.S. Dist. LEXIS 182472 (D.Ore. 2017)(Mullery, Dkt. 36 at pp. 8-9; Perry, Dkt. 35 at pp. 8-9, discussing the same) and was not persuaded by Defendant's arguments.  Defendant's objections should be overruled and this Court should adopt the well-reasoned Reports and Recommendations of Magistrate Judge Schroeder (Mullery, Dkt 36, Perry, Dkt. 35).

I.   **Defendant's Attempt To Characterize Itself As A "Passive Debt Buyer" Is Unsupported By Any Evidence And, More Importantly, Was Already Considered And Rejected By The Magistrate Judge.**

Defendant's objection falsely claims that Magistrate Judge Schroeder "correctly identified" that the issue before the Court is "whether [Defendant] JTM, as a passive debt buyer, can have the principal business purpose of debt collection as defined by the FDCPA" (see, Mullery, Dkt. 39 at p. 3; Perry, Dkt. 38 at p. 3).  In reality, Magistrate Judge Schroeder's Reports and Recommendations only used the phrase "passive debt buyer" when referring to arguments made by JTM itself, and never adopted this description, see, Mullery, Dkt. 36 at pp. 4, 5, 8; Perry, Dkt. 35 at pp. 4, 5, and 8.  Moreover, the question Magistrate Judge Schroeder did identify for the Court was much more specific:  "whether a debt purchaser is required to interact with the debtor" in order to meet the FDCPA's principal purpose definition, see, Mullery, Dkt. 36 at p. 8; Perry, Dkt. 35 at p. 8.

Defendant claims that Congress, in enacting the FDCPA, sought to regulate the abusive collection activities in connection with communications made directly to consumers, see, Mullery, Dkt. 39 at p. 5; Perry, Dkt. 38 at p. 5).[2]  Magistrate Judge

---

2. Defendant also engages in a long discussion of the development of state-specific consumer protection statutes which mirror, in part, the FDPCA, and a purported effort to fill in putative "gaps" in the FDCPA related to "passive debt buyers", see, Mullery, Dkt.

5

Schroeder directly rejected this argument, stating, "Nothing in the plain language of the statute suggests that a debt collector is required to perform any action on its own behalf, but instead focuses on the goals of the business", see, Mullery, Dkt. 36 at p. 9; Perry, Dkt. 35, at p. 9.

Defendant JTM, in a footnote, attempts to distinguish itself from the debt buyer defendants in McMahon v. LVNV Funding, 301 F. Supp. 3d 866, 883-84 (N.D. Ill. 2018) and Tepper v. Amos, 898 F.3d 364 at 370-71 (3rd Cir. 2018) by arguing that it was "undisputed" in both of those cases that the debt buyer defendants had engaged in collection activity, see, Mullery, Dkt. 39, at p. 9, fn. 2; Perry, Dkt. 38, at p. 9, fn. 2.  In fact, in McMahon, the issue of whether LVNV -- which alleged it did not collect the defaulted consumer debts it had purchased – was entirely disputed, and LVNV advanced an argument that was nearly identical to Defendant JTM's argument here. The court in McMahon was unmoved:

> Defendants urge this Court to follow several district court decisions that have held that, even under the "principal purpose" prong of the definition, a debt owner must itself engage in some collection activity or have some interaction with debtors as part of its business in order to meet the

---

39 at pp. 1, 6; Perry, Dkt. 38 at pp. 1, 6.  As Plaintiffs have consistently argued, however, the FDCPA does not contain "gaps" that would impact Plaintiffs' claims against JTM because the FDCPA applies to those who engage in both the direct and indirect collection of debts, see, 15 U.S.C. §1692a(6).  Moreover, Defendant cites, for the first time, Dorrian v. LVNV Funding, 479 Mass. 265, 272-73 (2018)(Mullery, Dkt. 39 , at pp. 5, 6, 8, and 9; Perry, Dkt. 38, at pp. 5, 6, 8, and 9), a Massachusetts lawsuit which involved its state equivalent of the FDPCA and not the FDCPA itself, and is thus wholly inapposite here.  More importantly, however, Dorrian was decided in April of 2018 – before JTM filed its motions here.  Moreover, the legislative history of the Rosenthal Act and California's FDBPA (Mullery, Dkt. 39 at p. 6; Perry, Dkt. 38 at p. 6) were available before these suits were even filed.  Thus, in addition to the fact that it is irrelevant, this Court need not consider these new – and wholly irrelevant – arguments raised for the first time in objection to a magistrate's report and recommendation, see, Travelers Cas. & Sur., 2018 U.S. Dist. LEXIS 64493 at [*6]; Hubbard, 752 F. Supp. 2d at 312-13.

6

definition of "debt collector."  The Court is skeptical of the reasoning of these decisions, which are insufficiently attentive to the fact that the definition of "debt collector" in 15 U.S.C. § 1692a(6) has two distinct prongs.  Even if the second prong may require interaction with debtors, the plain language of the first prong does not. It simply states that a debt collector is any person engaged in a business "the principal purpose of which is the collection of any debts." If, for example, all or an overwhelming majority of a business's revenue is derived from acquiring distressed debt and collecting it, then surely that business's "principal purpose" is "the collection of any debts."

McMahon, 301 F. Supp. 3d at 883-84 (internal citations omitted) [3].

## II.    Plaintiffs Have Stated Claims For Relief And, Therefore, Should Be Permitted To Additional Discovery As To Defendant's Principal Purpose.

Absent from Defendant's objections, or the briefing of its motions to dismiss, is any evidence or even indication as to what its principal purpose is, if it is not debt collection.  Therefore, Magistrate Judge Schroeder found persuasive and took judicial notice of information on JTM's website, where it states that since its inception it "has managed in excess of more than $3 billion in uncollected debt," which it held clearly supported Plaintiffs' allegation that JTM is a principal purpose collector.  As Magistrate Judge Schroeder also noted, other courts have found such statements by debt buyers in their websites indicative of a debt buyer's principal purpose – at least for the purposes of surviving a 12(b)(6) motion to dismiss, see, e.g., Norman v. Allied Interstate, 310 F. Supp.3d 509, 515 (E.D. Pa. 2018) (cited at Mullery Dkt. 36, at pp. 9-11; Perry, Dkt. 35, at pp. 9-11).

Although Defendant JTM claims that its business model can be distinguished from LVNV – a debt buyer who outsources all of its collections and has no employees of

---

3. The district court in McMahon did state, as an aside, that debt buyer LVNV, by filing lawsuits in its own name, participated in collections, despite the fact that it has no employees, see, McMahon, 301 F. Supp. 3d  at 883, but to claim that whether LVNV participated in collections was "undisputed" misinterprets the holding in that case.

its own (see, McMahon, 301 F. Supp. 3d at 883, Mullery Dkt. 36, p. 9, fn 2; Perry Dkt. 35, p. 9, fn 2), it has produced no evidence to support this claimed differentiation. Plaintiffs have stated sufficient claims for purposes of notice pleading to conduct additional discovery as to the principal purpose of Defendant JTM.

By way of example, Tepper was decided after a trial that included testimony as to the nature of the defendant debt buyer's business, which it said was "focuse[d] exclusively on acquiring and servicing non-performing and semi-performing loans", see, Tepper v. Amos, 2017 U.S. Dist. LEXIS 127697 at [*22] (E.D. Pa. 2017).  The district court there found that this was the description of a principal purpose debt collector and that "any other conclusion was untenable", see, Id.

McMahon, which was decided on summary judgment, did not include depositions as to LVNV's principal purpose, see, McMahon, 301 F. Supp. 3d at 884.  However, in following Tepper, the court there denied summary judgment, concluding that, at the very least, a reasonable jury could find that LVNV's principal purpose was debt collection, see, McMahon, 301 F. Supp. 3d at 884.

Plaintiffs should, at the very least, be afforded the opportunity to obtain discovery as to JTM's alleged principal purpose.  Indeed, as Plaintiff has argued throughout briefing, defaulted consumer debts have no "investment" value to debt-buyers like Defendant JTM, other than the dollar amount it obtains by collecting upon these debts, directly or indirectly, from consumers, like Ms. Mullery and Ms. Perry.  Unlike antiques or stocks, defaulted consumer debts do not gain value as time passes and, in fact, as they age, they lose value -- especially when the statute of limitations nears, consumers file bankruptcy, or pass away, see, McMahon v. LVNV Funding, LLC, 744 F.3d 1010,

1022 (7th Cir. 2014)(detailing the impact of time on a the value of defaulted consumer debt, citing Fed. Trade Comm'n, The Structure and Practice of the Debt Buying Industry (2013)[4].

Defendant JTM has presented no extrinsic evidence as to how its business model differs from other debt buyers, such as LVNV.  Defendant JTM may deny that the collection of consumer debts, through outsourcing, is its principal purpose, but, when weighed against the only publicly available information as to JTM's business activities, and the form debt collection letters sent to Plaintiffs, Plaintiffs' claim here are sufficient to at least afford them the opportunity to test that denial.

## CONCLUSION

Defendant JTM's objections, which are nothing more than restatements of the arguments it already presented, fail to counter the well-reasoned analysis of Magistrate Judge Schroeder, nor the well-reasoned holdings of McMahon, Tepper, and Norman. Plaintiffs Mullery and Perry have stated claims for relief and should be permitted to proceed with their cases.  Defendant's objections should be overruled.

Respectfully submitted,

Theresa Mullery & Amanda Perry,

By: /s/ David J. Philipps
One of their attorneys

Date:  January 14, 2019

---

4. "[W]e know from the FTC that such [debt] buyers pay different amounts for debts depending on the age of the debt and the number of previous attempts to collect it . . . . The FTC's study found that "debt buyers paid on average 3.1 cents per dollar of debt for debts that were 3 to 6 years old and 2.2 cents per dollar of debt for debts that were 6 to 15 years old compared to 7.9 cents per dollar for debts less than 3 years old. Finally, debt buyers paid effectively nothing for accounts that were older than fifteen years."

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 14, 2019 a copy of the foregoing **Plaintiffs' Response To Defendant JTM's Objections To The Magistrate Judge's Reports and Recommendations** was filed electronically.  Notice of this filing was sent to the following parties by operation of the Court's electronic filing system.  The parties may access this filing through the Court's system.

Brendan H. Little                                blittle@lippes.com
Sean M O'Brien                              sobrien@lippes.com
Lippes, Mathias, Wexler,
   Friedman, LLP
50 Fountain Plaza
Suite 1700
Buffalo, New York 14202

/s/ David J. Philipps_____
David J. Philipps
Philipps & Philipps, Ltd.
9760 South Robert Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com