UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THERESA MULLERY

    Plaintiff,

v.

JTM CAPITAL MANAGEMENT, LLC
a Delaware limited liability company

    Defendant.
_____

Case No.: 18-cv-00549-LJV-HKS

ORAL ARGUMENT REQUESTED

**DEFENDANT JTM CAPITAL MANAGEMENT, LLC'S REPLY BRIEF IN FURTHER SUPPORT OF ITS OBJECTIONS TO MAGISTRATE JUDGE KENNETH SCHROEDER, JR.'S REPORT, RECOMMENDATION AND ORDER**

Defendant JTM Capital Management, LLC ("JTM") submits the following Reply Brief in further support of its Objection to Magistrate Judge Kenneth Schroeder, Jr.'s November 30, 2018 Report, Recommendation and Order ("R&R").

**PRELIMINARY STATEMENT**

The Second Circuit has yet to address whether the FDCPA governs a debt buyer like JTM who does not engage in the actual collection of debt and does not interact with the consumer. Plaintiff's hollow arguments in opposition to JTM's Objection (the "Opposition") do not, and cannot, change that fact. The R&R relies entirely upon opinions that have strayed too far from the plain and intended purpose of the FDCPA – which is to regulate harassing and deceptive *interactions* between debt collectors and consumers. *See* 15 U.S.C. § 1692(a)-(e). Instead, the R&R should have relied upon the holdings in *Schneider v. JTM Capital Mgmt., LLC*, 2018 WL 2276238 (D. Or. March 22, 2018) *adopted by* 2018 WL 2248451 (D. Or. May 15, 2018); *McAdory v. M.N.S. & Assocs., LLC*, 2017 WL 5071263 (D. Or. Nov. 3, 2017) *reconsideration denied* 2018 WL 1256482 (D. Or. Mar. 11, 2018); *Gold v. Midland Credit*

*Mgmt., Inc.*, 82 F. Supp.3d 1064 (N.D. Cal. 2015); *Kasalo v. Trident Asset Mgmt., LLC*, 53 F. Supp.3d (N.D. Ill. 2014); *Dorrian v. LVNV Funding, LLC*, 479 Mass. 265, 272–73 (2018); and *Heath v. JTM Capital Management, LLC, et al.*, 18-cv-01887-JSM-JSS (M.D. Fla. Dec. 28, 2018)[1], which identify and analyze the purpose of the FDCPA in determining passive debt buyers are not subject to the statute. Accordingly, the Court should disregard and reject Judge Schroeder's R&R and grant JTM's Motion to Dismiss.

## ARGUMENT

### I.   THE R&R IS SUBJECT TO DE NOVO REVIEW

In reviewing the R&R, this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Luder v. Colvin*, 2017 WL 3895896, at *1 (W.D.N.Y. Sept. 6, 2017) (*quoting Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp.2d 224, 226 (S.D.N.Y. 2008)).

Plaintiff's suspicious attempt to limit the scope of the Court's review to clear error should be rejected. Indeed, Plaintiff characterizes Defendant's Objections as "nothing more than a regurgitation of the augments it already made in its motion and reply in support thereof." (Dkt. 43, p. 4). This position is sorely misplaced as JTM is not seeking the proverbial second bite at the apple nor is it rehashing arguments previously made on its Motion to Dismiss. Instead, JTM objects to the R&R because Judge Schroder incorrectly subjected JTM to the FDCPA by relying on cases that inadequately and incorrectly interpret both the principal purpose definition of a debt collector and the stated purpose of the FDCPA. Surely, analyzing the legislative intent underlying the FDCPA and highlighting examples of the proper analysis of the issue for the

---

[1] *Heath, supra*, was decided on December 28, 2018, approximately one month after the Judge Schroeder's R&R.

Court does not constitute a general objection which would be subject to review for clear error or manifest injustice. Thus, the Court should review the R&R under a *de novo* standard.

## II. THE LEGISLATIVE INTENT AND PLAIN LANGUAGE OF THE FDCPA SUPPORTS DEFENDANT'S POSITION

The crux of Plaintiff's argument in Opposition is that a debt buyer should not be able to evade liability by outsourcing debt collection to a third party. While theoretically logical, the argument puts the cart before the horse because it assumes the FDCPA contemplated debt buying as "indirect collection" in the first place. JTM's Objection demonstrates that Plaintiff's skewed interpretation of the statute misapprehends the purpose of the FDCPA, which is to regulate abusive tactics in connection with communication with consumers. 15 U.S.C. § 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged…."). Thus, based on the plain language of the statute, the FDCPA simply does not govern debt buyers who do not engage in any debt collection.

Furthermore, Plaintiff asserts the Court should disregard JTM's argument relating to the legislative history and plain language of the FDCPA because it did not cite to those arguments in its Motion to Dismiss. Plaintiff misses the point. JTM's Motion to Dismiss argued, *inter alia*, that the Court should rule in accordance with the holdings in *Schneider*, *McAdory*, *Kasalo*, *Gold* and *Dorrian* because they comport with the purpose of the FDCPA and correctly interpret the statute.[2] Instead, Judge Schroeder relied upon *McMahon v. LVNV Funding, LLC*, 301 F. Supp.3d 866 (N.D. Ill. 2018), *Norman v. Allied Interstate, LLC*, 310 F. Supp.3d 509, 515 (E.D. Pa. 2018),

---

[2] Since JTM filed its Objection, United States District Judge James S. Moody, Jr. in the Middle District of Florida granted JTM's Motion to Dismiss on the grounds that Plaintiff's amended complaint failed to adequately plead that JTM was a debt collector as defined by the FDCPA. *Heath v. JTM Capital Management, LLC, et al.*, 18-cv-01887-JSM-JSS (M.D. Fla. Dec. 28, 2018). A copy of Judge Moody, Jr.'s Opinion is attached hereto for the Court's reference as **Exhibit A**.

and *Tepper v. Amos Fin., LLC*, 2017 WL 3446886, at *8 (E.D. Pa. Aug. 11, 2017) *aff'd* 898 F.3d 364 (3d Cir. 2018) to be persuasive. JTM's Objection argues those cases incorrectly applied the FDCPA and the rationale for its argument is grounded in the legislative history and plain meaning of the FDCPA. Put differently, it is not being raised for the first time to this Court – it is the basis for why the R&R incorrectly relied on the cases it does.

Ultimately, Plaintiff does not articulate a meaningful opposition to JTM's position that extending the purview of the FDCPA to debt buyers is for Congress, not the Court. Instead, it points the Court to cases that hold debt buyers subject to the FDCPA by any means necessary – ignoring the legislative purpose and misreading the plain language of the statute. As stated in JTM's Objection, however, the cases cited by the R&R fail to adequately and appropriately analyze  a whether a passive debt buyer can have the principle purpose of debt collection.

For example, Plaintiff argues Judge Schroeder correctly found JTM's website as proof that supported Plaintiff's allegation that "JTM <u>is a</u> principal purpose debt collector." (Dkt. 43, p. 7) (emphasis added). The use of the word "a" waters down the meaning of principle purpose as stated in 15 U.S.C. § 1692a(6). (Dkt. 43, p. 7-9). The pertinent portion of 15 U.S.C. § 1692a(6) defines "debt collector" as an entity "<u>the</u> principal purpose of which is the collection of debts." 15 U.S.C. § 1692a(6) (emphasis added). Not "<u>a</u> principal purpose of which," but "<u>the</u> principal purpose of which." Congress' use of "the" as a definite article to modify "principal purpose" means that Congress intended to cover only entities having <u>one</u> principal purpose – debt collection – not multiple purposes, one of which that is tangentially related to debt collection. *See, e.g., Hunte v. Safeguard Properties Mgmt., LLC*, 255 F. Supp. 3d 722, 726 (N.D. Ill. 2017); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 427 (2004); A*m. Bus Ass'n v. Slater*, 231 F.3d 1, 4–5

(D.C. Cir. 2000) ("[I]t is a rule of law well established that the definite article 'the' particularizes the subject which it precedes.").

Furthermore, Plaintiff's continued reliance upon *Tepper* is further proof of her failure to appreciate the nuanced issue before the Court. Simply put, *Tepper* is wholly inapposite to the case at bar because the parties in *Tepper* stipulated to the fact that the defendant in question had the principle purpose of debt collection. (Dkt. 35. p. 2-5). Moreover, there, the jury was presented evidence that the defendant actually attempted to collect the plaintiff's debt by calling plaintiff, sending correspondence to plaintiff, and ultimately suing plaintiff to recover the debt. *Id.* While *Tepper* may serve as a guidepost for the Court regarding whether the entity alleged to have <u>the principle purpose</u> of debt collection actually engages in debt collection, it does not stand for the holding that a passive debt buyer, who does not make telephone calls, send letters or communicate with consumers, is subject to the FDCPA. Notwithstanding, Plaintiff improperly cherry picks helpful language from the Opinion to come to that conclusion and urges this Court to do the same.

Simply put, the FDCPA never contemplated reaching a passive debt buyer such as JTM. The sole fact that the manner in which debt is bought and sold has changed does not permit litigious plaintiffs carte blanch use of the FDCPA where it does not apply. Litigation surrounding FDCPA violations has strayed far from the regulation of abusive collection tactics in the pursuit of statutorily prescribed legal fees for a Plaintiff who prevails. JTM submits this Court reject yet another plaintiff's invitation to stretch the FDCPA beyond its purpose by subjecting a passive debt buyer to its grasps.

5

## CONCLUSION

JTM's principal purpose is not debt collection, it is debt purchasing. Accordingly, JTM does not meet the statutory definition of a debt collector and, thus, is not subject to the purview of the FDCPA. Accordingly, the Court should disregard and reject Judge Schroeder's Report and Recommendation and grant JTM's Motion to Dismiss.

DATED:	January 31, 2019

					**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

					/s Brendan H. Little
					Brendan H. Little, Esq.
					Sean M. O'Brien, Esq.
					Attorneys for Defendant
					JTM Capital Management, LLC
					50 Fountain Plaza, Suite 1700
					Buffalo, New York 14202
					P: 716-853-5100
					F: 716-853-5199
					E: blittle@lippes.com
					E: sobrien@lippes.com