UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THERESA MULLERY

    Plaintiff,

v.

JTM CAPITAL MANAGEMENT, LLC
a Delaware limited liability company

    Defendant.
_____

Case No.: 18-cv-00549-LJV-HKS

# DEFENDANT JTM CAPITAL MANAGEMENT, LLC'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF

## PRELIMINARY STATEMENT

As a result of oral argument on March 15, 2019, JTM Capital Management, LLC's ("JTM") Objection to Judge Schroeder's Report and Recommendation, the Court ordered Plaintiff Theresa Mullery ("Plaintiff") to submit the statutory definition of a debt collector in the each state where JTM is registered as a debt collector. (Dkt. 48). In addition, the Court permitted JTM an opportunity to file this response: (1) articulating why the Court can reach the question of whether JTM meets the definition of a debt collector on a motion to dismiss and presenting other cases that have done so; (2) addressing Plaintiff's submission; and (3) responding to Plaintiff's Motion for Leave to Cite Supplemental Authority (Dkt. 47).

## ARGUMENT

**I. WHETHER JTM CAN MEET THE STATUTORY DEFINITION DEBT COLLECTOR CAN BE DECIDED ON A MOTION TO DISMISS**

Plaintiff has the burden of pleading factual content sufficient to allow this Court to draw the reasonable inference that JTM is a debt collector subject to the Fair Debt Collection Practices

1

Act ("FDCPA"). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544. 556 (2007).

Although the Court is required to accept as true all of the allegations contained in a complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Taubenfliegel v. EGS Fin. Care, Inc.*, 2019 WL 1499856, at *1 (2d Cir. Apr. 4, 2019) (*quoting Iqbal*, 556 U.S. at 678). Instead, a claim is "facial[ly] plausibl[e] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Merrill v. Schell*, 279 F. Supp. 3d 438, 442 (W.D.N.Y. 2017) (*quoting Sykes v. Bank of America*, 723 F.3d 399, 403 (2d. Cir. 2013).

In order to reach the question of whether JTM, a passive debt buyer, can meet the statutory definition of a debt collector, the Court must first conclude that the Complaint does not otherwise allege sufficient facts to <u>plausibly</u> contend JTM directly collected debt from Plaintiff.

The pertinent factual allegations pertaining to JTM are:

> 4. Defendant, JTM Capital Management, LLC ("JTM"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. JTM operates a nationwide default debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant JTM was acting as a debt collector as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.
>
> 5. Defendant JTM is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant JTM's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

> 7. Moreover, Defendant JTM licensed as a collection agency in Illinois.
>
> 10. Thereafter, Defendant JTM bought/obtained Ms. Mullery's alleged Continental account, ignored the information in the account notes that told it, as the successor-in-interest, that it could no longer call or write Ms. Mullery, and had another debt collector, Northstar Location Services, send Ms. Mullery a collection letter, dated January 26, 2017, demanding payment of the Continental debt.

(Dkt. 1).

The only plausible conclusion that can be drawn from the Complaint is that Plaintiff alleges JTM is a debt buyer who outsources accounts to third parties for collection. During oral argument, the Court focused on the allegations included in Paragraph 4, specifically that JTM "directly or indirectly" collected defaulted consumer debts and that "JTM operates a nationwide default debt collection business, and attempts to collect debts from consumers in virtually every state." (Dkt. 1, ¶ 4). However, any allegation that JTM directly collects debt is unquestionably speculative – there is not a single fact articulated in the Complaint to make that those conclusions plausible.[1]

To the contrary, the Complaint only alleges facts to support the conclusion that JTM is a debt buyer who outsources accounts to third parties for collection. Paragraph 5 of the Complaint explicitly alleges JTM is a debt buyer who buys portfolios of debt and collects upon, <u>through other collection agencies</u>. (Dkt. 1, ¶ 5) (emphasis added). Standing alone, this allegation is similarly insufficient. However, it is then supported by facts. Specifically, Plaintiff alleges that her debt was purchased by JTM and then outsourced to a third party for collection. (Dkt. 1, ¶ 10). The factual allegations articulated in the Complaint lead to a single conclusion – that Plaintiff alleges that JTM, a debt buyer who outsources accounts to third parties for collection, has a principal purpose of debt

---

[1] The argument that alleging JTM is a licensed collection agency is in certain states makes it a debt collector as defined by federal law is addressed below.

collection. As a result, the Court is able to reach the question of whether a passive debt buyer like JTM can meet the definition of a debt collector as a matter of law.

Other courts have decided this, or closely related issues, on a motion to dismiss. *McAdory v. M.N.S. & Associates, LLC*, 2017 WL 5071263 (D. Or. Nov. 3, 2017), *recons. denied*, 2018 WL 1256482 (D. Or. Mar. 11, 2018) (*appeal pending*), the central case relied upon by JTM in its Motion to Dismiss, was also decided on a Motion to Dismiss. *Id.* There, the Court faced similar factual allegations to the allegations in this case. While parroting the "debt collector" language from the FDCPA, in substance, the plaintiff's amended complaint alleged that the defendant DNF Associates, LLC, purchased portfolios of debt and outsourced accounts to third parties for collection. A copy of the Amended Complaint in *McAdory* is attached as **Exhibit A**, ¶¶ 5-6.

In *Heath v. JTM Capital Management, et al.*, Case No. 18-cv-1887-T-30JSS (M.D.F.L. Dec. 28, 2018), the Court granted JTM's Motion to Dismiss, in which JTM moved solely on the basis that it is not a debt collector under the FDCPA. A copy of the Court's Order granting the Motion to Dismiss is attached as **Exhibit B**. Again, although the Complaint mirrors the "debt collector" language from the FDCPA, the plaintiff's complaint then asserted plausible facts to allege that JTM was a debt buyer who authorized third party debt collector's to collect the debt on its behalf. A copy of the Complaint in *Heath* is attached as **Exhibit C**, ¶¶ 9, 14.

Notably, *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017) came before the Supreme Court on a Motion to Dismiss granted by the District Court and affirmed by the Fourth Circuit in *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 136 (4th Cir. 2016). While *Henson* did not address the principal purpose prong of the definition of a debt collector, it is without question that the Court in *Henson* was also faced, on a motion to dismiss, with the question

4

of whether to define a certain set of individuals or entities as debt collectors subject to the FDCPA. *Id.* at 1721.

The allegations in the subject Complaint allege that JTM is a debt buyer who purchased portfolios of debt and outsourced accounts to third parties for collection. (Dkt. 1). The Complaint does not allege facts to plausibly claim that JTM directly collected debt. Accordingly, the Court is able to reach the question of whether JTM, as a debt buyer, can meet the statutory definition of a debt collector under the FDCPA.

## II. JTM'S REGISTRATION AS A DEBT COLLECTOR IN CERTAIN STATES HAS NO BEARING ON WHETHER IT QUALIFIES AS A DEBT COLLECTOR UNDER THE PRINCIPAL PURPOSE PRONG DEFINITION

On April 1, 2019, Plaintiff filed a chart articulating the definition of a debt collector in every state where JTM is licensed as a debt collector. (Dkt. 50). The chart further illustrates that JTM's licensure as a debt collector in certain states has no bearing on whether JTM meets the statutory definition of a debt collector pursuant to the FDCPA.

Indeed, many states explicitly require debt buyers to obtain a debt collection license regardless of whether they engage in debt collection. Other states enact laws pertaining to debt collectors that ambiguously define who may qualify as a debt collector, leaving open interpretation whether those laws would apply to JTM. Accordingly, the fact that JTM, out of an abundance of caution, has obtained licenses in several states does not support Plaintiff's position that JTM is a debt collector as defined in the FDCPA. *See, e.g.*, *McAdory v. M.N.S. & Assocs.*, 2018 WL 1256482, at *3 (D. Or. Mar. 11, 2018) ("[t]hat certain state statutes expressly subject debt buyers to their consumer debt regulatory schemes does not impact the analysis under the completely distinct federal definitions.").

For example, Connecticut law defines "consumer collection agencies" as "any person (A) engaged as a third party in the business of collecting or receiving payment for others on any account, bill or other indebtedness from a consumer debtor, (B) engaged in the business of debt buying …". Similarly, the Illinois Collection Agency Act, 225 ILCS § 425/1, *et seq.*, defines the term "debt buyer" in addition to the term "collection agency" and explicitly provides that "[a] debt buyer shall be subject to all of the terms, conditions, and requirements of this Act, except as otherwise provided for in subsection (b) of Section 8.6 of this Act." 225 ILCS §§ 425/2, 425/8.5. Likewise, Kansas law requires debt buyers to obtain a license as a "supervised lender" prior to, *inter alia*, "taking assignments of and directly or indirectly, including through the use of servicing contracts or otherwise, undertaking collection of payments from debtors arising from supervised loans." *See* K.S.A. §§ 16a-1-301(45), 16a-2-301. Given the ambiguity and breadth highlighted by the above examples, it is reasonable for JTM to err on the side of caution and obtain a license.

Accordingly, the allegation that JTM is licensed as a debt collector in Illinois (or any other state) has no bearing on whether its principal purpose is debt collection for the analysis at issue.

## III. *BARBATO V. GREYSTONE ALLIANCE* IS NOT BINDING ON THIS COURT AND ALSO FLAWED IN SEVERAL CRITICAL RESPECTS

On March 14, 2019, Plaintiff filed a motion for leave to cite *Barbato v. Greystone Alliance*, 916 F.3d 260 (3d. Cir. 2019). (Dkt. 47). Plaintiff is correct that *Barbato* held the defendant debt buyer was subject to the FDCPA. *Id.* at 261. However, *Barbato* is only persuasive authority, it is not binding on this Court. *See D.A. Elia Const. Corp. v. Damon & Morey, LLP*, 389 B.R. 314, 322 (W.D.N.Y. 2008), *aff'd*, 394 F. App'x 769 (2d Cir. 2010); *Abraham v. Volkswagen of Am., Inc.*, 1991 WL 89938, at *1 (W.D.N.Y. Apr. 12, 1991).

The decision in *Barbato* is also flawed in several respects. First, the Court's statutory analysis is circular. While conceding that the word collect within the "principal purpose" prong

6

was open to alternative definitions, the Court miraculously gleaned Congress' textual intent from the statutory context of the word collect in one other section of the FDCPA. *Barbato*, 916 F.3d at 267-68. The court overlooked principals of statutory interpretation to conclude Congress intended "collection" to be defined as "that which is collected" as opposed to "the act or process of collecting." *Barbato*, 916 F.3d at 267. To reach such a conclusion, the court had to disregard the myriad of ambiguities and inconsistencies present in the text of the FDCPA.[2]

Given the ambiguity of the statute, the court should have resorted to the legislative history for clarity. Within the last two years, the United States Supreme Court has twice indicated that the FDCPA definition of a "debt collector" is ambiguous and therefore looked to Congress' intent regarding the application of the statute. *See Henson v. Santander Consumer USA, Inc.*, 137 S.Ct. 1718, 1724 (2017) ("Congress never had the chance to consider what should be done about those in the business of purchasing defaulted debt"); *Obduskey v. McCarthy & Holthus LLP*, 139S.Ct. 1029 at *6 (Mar. 20, 2019) ("for those of us who use legislative history to help interpret statutes, the history of the FDCPA supports our reading"). The court in *Barbato*, however, sidestepped any substantive legislative history analysis, concluding "even if the purpose of the statute was to reach repo men, that purpose is furthered by recognizing [the debt buyer] as a debt collector under § 1692a(6)." *Barbato*, 916 F.3d at 268. This conclusion is oversimplified and at odds with the intent of the FDCPA. As the Senate Committee on Banking, Housing, and Urban Affairs stated in creating the FDCPA, "[t]he committee intends the term 'debt collector'… to cover all third persons who regularly collect debts for others. The primary persons intended to be covered are independent debt collectors." S. Rep. 95-382, 95th Cong., 1st Sess., at *3.

---

[2] *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 576 (9th Cir. 2017), *cert. denied sub nom. Ho v. ReconTrust Co.*, 138 S. Ct. 504 (2017) (observing that the "statutory phrase 'debt collector' is notoriously ambiguous").

The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). Taking the legislative history in consideration, the FDCPA aimed to target debt collectors who engaged in unfair or deceptive debt collection practices when interacting with consumers. The Third Circuit bypassed the need for any interaction with consumers and instead reasoned because the debt buyer delegates collection and lacks the goodwill of a traditional creditors, "that makes [the debt buyer] far more like a repo man than a creditor." *Barbato*, 916 F.3d at 269. The court, however, went no further and failed to explain any rationale for its decision to essentially step into the shoes of Congress and redefine "debt collector." Had the court actually engaged in any legislative analysis, it would have no choice but to reach the conclusion that a passive debt buyer is not a "debt collector." To that end, the courts that have analyzed the FDCPA's legislative history has found that the FDCPA does not apply to passive debt buyers that retain or contract with independent third parties to engage in all the collection activity. *See McAdory v. M.N.S. & Associates, LLC*, 2017 WL at *2-4; *Dorrian v. LVNV Funding, LLC*, 479 Mass. 265, 272-274 (2018).

While *Barbato* engaged in an analysis relating to the issue before this Court, it did so without sufficiently analyzing the legislative history and intent of the FDCPA, compelling it to reach the wrong holding.

## CONCLUSION

In light of the foregoing, JTM requests that this disregard and reject Judge Schroeder's Report and Recommendation and grant JTM's Motion to Dismiss.

DATED: April 19, 2019

**LIPPES MATHIAS WEXLER FRIEDMAN LLP**

/s Brendan H. Little
Brendan H. Little, Esq.
Sean M. O'Brien, Esq.
Attorneys for Defendant
JTM Capital Management, LLC
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
P: 716-853-5100
F: 716-853-5199
E: blittle@lippes.com