# EXHIBIT A

**Kelly D. Jones, OSB No. 074217**
Kelly D. Jones, Attorney at Law
Lead Attorney for Plaintiff
819 SE Morrison St., Suite 255
Portland, OR 97214
kellydonovanjones@gmail.com
Tel: (503) 847-4329

**Kevin A. Mehrens, OSB No. 074589**
Of Attorneys for Plaintiff
Law Office of Kevin A. Mehrens
319 SW Washington, Suite 614
Portland OR  97204
kevin.mehrens@gmail.com
Tel: (503) 489-8774

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Jillian McAdory,** an individual residing in Multnomah County,<br><br>    Plaintiff,<br><br>v.<br><br>**M.N.S & Associates, LLC, and DNF Associates, LLC,** foreign limited liability companies,<br><br>    Defendants. | Case No. 3:17-cv-00777-HZ<br><br>**FIRST AMENDED COMPLAINT**<br><br>15 U.S.C. § 1692, et seq.<br>(Fair Debt Collection Practices Act)<br><br><br>Demand for jury trial |

**FIRST AMENDED COMPLAINT (FDCPA)** – Page 1 of 14

1.

## JURISDICTION AND THE PARTIES

Subject matter jurisdiction in this case is founded upon 28 U.S.C. §§ 1331, 1367 and 15 U.S.C. § 1692k. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to Plaintiff's claims occurred within this district, Plaintiff resides in this district, and Defendant conducts business within the State of Oregon within the meaning of 28 U.S.C. § 1391(b), (c).

2.

Inter alia, this Court has personal jurisdiction over the Defendants in this case because Defendants have reached into Oregon to collect an alleged debt from an Plaintiff via telephone and electronic mail, did in fact engage in an electronic transaction taking money from Plaintiff's bank account in Oregon, conducted business in Oregon, engaged in the unlawful conduct as set forth more fully herein within Oregon, and have thus availed themselves to the Jurisdiction of Oregon.

3.

Plaintiff, Jillian McAdory ("Ms. McAdory" or "Plaintiff"), is an individual residing in Multnomah County, Oregon and is a "consumer" protected by the FDCPA because the debt Defendants attempted to

**FIRST AMENDED COMPLAINT (FDCPA)** – Page 2 of 14

collect from her, and did in fact collect from her, was in connection with an alleged debt originally owed to Kay Jewelers for the purchase of jewelry used for personal, family, or household purposes ("debt").

4.

Defendant M.N.S & Associates, LLC ("MNS") is a debt collection company with a principal place of business located at 3960 Harlem Rd., Suite 14, Amherst, New York, 14226. MNS is a "debt collector" as that term is defined in the FDCPA because it regularly attempts to collect defaulted consumer debts owed to, and owned by, others and its principal purpose of business is to collect debts across the country using US mail, telephone, or electronic means, including electronic funds transfers that transfer money from one state to another. MNS is not registered and licensed as collection agency as required by ORS 697.015.

5.

Defendant DNF Associates, LLC ("DNF") is a Delaware company with a principal place of business located at 352 Sonwil Drive, Cheektowaga, New York 14225. DNF's registered agent in Oregon is National Corporate Research, Ltd., located at 325 13th Street NE, Suite 404, Salem, OR 97301.

///

///

6.

**FIRST AMENDED COMPLAINT (FDCPA)** – Page 3 of 14

DNF is a "debt collector" as that term is defined in the FDCPA. DNF is not a creditor— it does not originate loans or extend credit to consumers. The principle purpose of DNF is the collection of defaulted consumer debts that it purchases for pennies on the dollar, so that it can derive large profits the debts it purchases. After purchasing defaulted consumer debts, DNF then contracts with a myriad of other physical debt collectors across the country, using the mails, internet, and/or facsimile, and supplies the physical debt collectors with information about the debts and personal information about the debtors to aid in the collection of the debts. The physical debt collectors then make contact with alleged debtors, in DNF's name, and at DNF's direction. DNF further participates in the collection process by setting parameters of the terms and amounts of the payments made by the debtors. DNF will contract with multiple physical debt collectors on a single debt when it is not satisfied with the results of the first collector's efforts. DNF then receives payments extracted from debtors across the nation at via electronic transfers and/or through the mails from its contracted physical debt collectors. DNF actively participates in, directs, and derives the vast majority of its income from a large national debt collection network of which it is the head of.

7.

The allegations in this Complaint are based on personal

knowledge as to Ms. McAdory's conduct, the conduct of MNS, and made on information and belief as to the acts of others.

## FACTUAL ALLEGATIONS

8.

In late November 2016, Ms. McAdory received a letter, dated November 24, 2016, from a debt collector called First Choice Assets, LLC. The letter stated that she owed a debt to DNF that originated with Kay Jewelers. Because she had never heard of DNF and had no money to pay, she did not respond.

9.

On February 24, 2017, Ms. McAdory received a voice message ("collection message") from an MNS agent and/or employee (phone agent). The call was made from 786-646-6488, and the message stated as follows:

> Hello this message is intended for Jillian McDory [sic]. I'm calling in regards to asset verification and to confirm the address and place of employment. I was forwarded documentation at this verified name and Social Security number in regards to a process for enforceable review. Please be advised we are requesting fees assigned for and respond for required notice so before I go ahead and begin to schedule your document I wanted to inform you the process is being expedited and should commence within 24 to 48 hours from this point in time. Any questions contact an adviser directly at 877-937-0518, reference the file number 51839381.

10.

The collection message was the first communication that Ms.

**FIRST AMENDED COMPLAINT (FDCPA)** – Page 5 of 14

McAdory received from MNS, and the phone message did not state the identity of the caller, let alone that the message was from debt collector or that any information would be used for the purpose of collecting a debt.

11.

The least sophisticated debtor would believe that the phrases "asset verification", "place of employment" ,"enforceable review", "asset verification" and that "the process is being expedited and should commence within 24-48 hours", when spoken separately, or especially in conjunction with one another as they were in the message, implied that that the collection message was from a lawyer, an officer of the court, a government agent, or some person or entity that had legal authority to sue her and/or effect dispossession of her property, including wage garnishment or bank account garnishment or some other form of execution, if they did not respond accordingly within 24-48 hours. Ms. McAdory did in fact believe these things to be true.

12.

In fact, the MNS phone agent was not a lawyer, an officer of the court, a government agent, or any other person or entity that had legal authority to sue her and/or to effect dispossession of her property.

13.

Fearing that her property, bank account funds, and/or Social

Security disability benefits, which she relied on as her sole source of survival, would be taken from her if she did not respond immediately, Ms. McAdory promptly called the number that was left on her voicemail: 877-937-0518. During that call, an MNS agent calling himself Michael Shaw implied that he was a lawyer and that he was calling on behalf of the original creditor Kay Jewelers because Ms. McAdory was about to be sued for the unpaid debt owed to Kay Jewelers.

14.

On February 26, 2017, in a subsequent phone call to the MNS agent calling himself Michael Shaw, Ms. McAdory, under duress and believing she would be sued and could lose her property, and would be charged additional fees, if she did not pay MNS immediately, gave the MNS agent her debit card number and agreed to pay MNS $894.30 from her bank account on March 4, 2017. Because her only source of income is Social Security disability benefits, and she couldn't afford to pay MNS and DNF, and also pay for her basic support needs, she was forced to contact her mother and borrow money from her mother so she could pay MNS and DNF.

15.

Also on February 26, 2017, Ms. McAdory received an email ("first email") from MNS with a document titled "Arrangements" that set forth

the verbal agreement between Ms. McAdory and MNS whereby MNS would withdraw $894.30 from Ms. McAdory's bank account on March 4, 2017, in full settlement of the alleged debt ("settlement agreement"). The settlement agreement had MNS's logo on it and listed its address in Amherst, New York, listed DNF as the current creditor, Kay Jewelers as the original creditor, and listed a file number as 51839381, consistent with the file number referenced in the phone message. The settlement agreement provided that Ms. McAdory supply an electronic signature, appeared very high tech and "official" with internet addresses, and had the signature of Michael Shaw as the "Director of Operations." The first email and the settlement agreement were the first written communications that Ms. McAdory received from MNS.

16.

The settlement agreement also contained the following paragraph:

> Unless you notify this office, within thirty days after receipt of the notice, that you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; If the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**FIRST AMENDED COMPLAINT (FDCPA)** – Page 8 of 14

A redacted copy of the settlement agreement is filed herewith as <u>Exhibit A</u>.

17.

Rather than wait to withdraw the $894.30 from Ms. McAdory's bank account on March 4, 2017, as dictated by the settlement agreement MNS withdrew the funds electronically a day early, on March 3, 2017.

18.

On the same day that MNS prematurely debited Ms. McAdory's bank account, March 3, 2017, MNS sent another email ("second email") with an attached document entitled "Paid in Full Letter." The Paid in Full Letter indicated that the debt was satisfied and released and stated that the letter was "Confidential." A redacted copy of the Paid in Full Letter is filed herewith as <u>Exhibit B</u>.

19.

The FDCAP provides consumers like Ms. McAdory the right to be free from a debt collector's harassing, oppressive, and abusive conduct in the collection of a debt, from a debt's collector's false, deceptive, or misleading representations and means of collecting a debt, and from a debt collector's unfair or unconscionable means to collect upon the debt—whether or not the consumer owes the debt.  The material risk of harms that are presented through MNS's violations of the law are the very harms that the FDCPA seeks to prevent and provides a cause of

action for. However, Ms. McAdory is alleging more than a risk of material harm as a result of MNS's violations of the FDCPA. MNS's unlawful collection practices as alleged herein have caused her to suffer emotional and physical harm, including feelings of extreme stress, anger, frustration, doubt, worry, anxiety, embarrassment, helplessness, loss of financial control, fear of loss of property, mistrust of the legal system, headaches, and sleeplessness, as well as other harmful and negative emotions, all of which exacerbated her documented mental health issues. Thus Ms. McAdory is requesting not only the maximum statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), but actual damages pursuant to 15 U.S.C. § 1692k(a)(1), as well as costs, disbursements, and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3).

20.

Because DNF is itself a debt collector pursuant to the FDCPA –as its principal purpose is the purchase of defaulted consumer debts for the goal of collecting money on the debts from consumers, and it purchased this debt when the debt was in default and then directed the MNS as its agent-in-fact to collect from Ms. McAdory on its behalf –DNF is vicariously and jointly liable for MNS's violations of the FDCPA as alleged herein. *See e.g., Thompson v. Resurgent Capital Servs.*, L.P., No.

2:12-cv-01018-JEO, 2015 U.S. Dist. LEXIS 41639, at *72 (N.D. Ala. Mar. 31, 2015).

## CLAIM FOR RELIEF- FDCPA

(15 U.S.C. § 1692 *et seq.*)

21.

Plaintiff incorporates the preceding paragraphs of this Complaint.

22.

Defendant's violations of the FDCPA include, but are not limited to, the following:

(a) The phone message did not meaningfully disclose the identity of the caller in violation of 15 U.S.C. § 1692d(6);

(b) The phone message, the first communication by MNS to collect the debt from Ms. McAdory, did not disclose that MNF was a debt collector, was attempting to collect a debt, and that any information would be used for that purpose in violation of 15 U.S.C. § 1692e(11);

(c) The words and phrases in the phone message could lead the least sophisticated consumer to believe that the message was from an attorney or was affiliated with a government entity, in violation of 15 U.S.C. § 1692e, § 1692e(1), and § 1692e(3);

(d) The words and phrases in the phone message could lead the least sophisticated consumer to believe that they were being sued, that their property, including exempt government benefits, were going to be seized

**FIRST AMENDED COMPLAINT (FDCPA)** – Page 11 of 14

or garnished without due process if they did not pay the debt immediately, and/or that the debt had already been reduced to judgment, in violation of 15 U.S.C. § 1692e, § 1692e(2)(A), § 1692e(4), § 1692e(5), § 1692e(7), § 1692e(10),§ 1692f, and § 1692f(6);

(e) The content of the phone message represented conduct the natural consequence of which was to harass, oppress, or abuse Ms. McAdory;

(f) The words and phrases in the phone message overshadowed the required validation notice in violation of § 1692g; and

(g) Withdrawing the funds from Ms. McAdory's bank account on March 3, 2017, rather than March 4, 2017, as Ms. McAdory authorized, and as the settlement agreement dictated, was in violation of § 1692e, § 1692e(5), § 1692e(10), § 1692f, and § 1692f(1), and § 1692f(6);

(h) MNS' failure to be registered, licensed, and bonded as a collection agency with the Oregon Department of Consumer and Business Services as required by ORS 697.015, before it collected or attempted to collect a claim owed or asserted to be owed to a third party from Ms. McAdory was in violation of § 1692e, § 1692e(5); § 1692e(10); and § 1692f.

23.

## JURY TRIAL DEMAND

Plaintiff is entitled to and hereby respectfully demands a trial by jury.

///

///

**FIRST AMENDED COMPLAINT (FDCPA)** – Page 12 of 14

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. McAdory, respectfully requests that judgment be entered against Defendants MNS and DNF, jointly and severally, as follows:

A. For a declaratory judgment that Defendants' conduct violated the FDCPA;

B. For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

C. For maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. For costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

E. For all such further relief that that the Court may deem just and appropriate.

Dated this 14th day of July, 2017

RESPECTFULLY FILED BY,

s/ Kelly D. Jones
**Kelly D. Jones, OSB No. 074217**
Kelly D. Jones, Attorney at Law
819 SE Morrison St., Suite 255
Portland, OR 97214
Tel: (503) 847-4329
Fax: (503) 715-0524
kellydonovanjones@gmail.com

*Lead Trial Attorney for Plaintiff*

**FIRST AMENDED COMPLAINT (FDCPA)** – Page 13 of 14

## CERTIFICATE OF SERVICE

I hereby certify that I served this First Amended Complaint and all attachments on the following by first class mail, and via ECF:

Jordan M. New
Law Office of Jordan Michael New, PC
1001 SW Fifth Avenue
Suite 1100, #483
Portland, Oregon 97204
jordan@newlawpdx.com

Brenden H. Little
Lippes, Mathias, Wexler, Friedman, LLP
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
blittle@lippes.com

*Attorneys for Defendant DNF*

Defendant MNS will be served this document and all attachments via FRCP 7.

Dated: July 14, 2017

         s/ Kelly D. Jones
         **Kelly D. Jones, OSB No. 074217**
         Kelly D. Jones, Attorney at Law
         819 SE Morrison St., Suite 255
         Portland, OR 97214
         Tel: (503) 847-4329
         Fax: (503) 715-0524
         kellydonovanjones@gmail.com

         *Lead Trial Attorney for Plaintiff*



3960 Harlem Rd Ste 14
Amherst, NY 14226

**M.N.S. & Associates LLC.**
Debt Resolution Services

| Consumer Name: Jillian McAdory | Current Creditor: DNF Associates LLC |
|---|---|
| File #: 51839381 | Original Creditor: Kay Jewelers |
| Settlement Amount: $894.30 | Original Account #: 8123 |

**Arrangements:**
$894.30 To be withdrawn 3/4/2017

"This is an attempt to collect a debt, any information will be used for that purpose"

This letter is to indicate that the above mentioned person has been offered to resolve this debt in full under the terms outlined above. Following receipt of all payments equal to the above mentioned amount, we will forward to you a Paid and Release Letter, releasing you from all liability and further collection on this account. By having this agreement executed by an authorized representative, M.N.S. & Associates, LLC does not waive any existing rights related to the recovery or settlement of this outstanding obligation if not settled in accordance with the terms of this agreement. You may contact this office toll free at 877-937-0604 Monday through Friday 9:00 AM to 6:30 PM

By signing this document I (The Consumer) agree to the terms outlined above:

X _Jillian McAdory_      Date: 02/26/2017

Sincerely,

*Michael Shaw*

Michael Shaw
Director of Operations
877-937-0604 Ext. 101

"Unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

Exhibit A, pg. 1 of 2

## Signature Certificate

 **Document Reference:** `5PVF2WJV24JFK6HMSVUE2K`





**Jillian McAdory**
Party ID: E9SXWFIZEI9I9LMG2C39FH
IP Address:

| VERIFIED EMAIL: | @gmail.com |



Multi-Factor
**Digital Fingerprint Checksum**   `47462ebd7f3e3726a4696288471e0bccb0b994c2`



| Timestamp | Audit |
|---|---|
| 2017-02-26 17:39:16 -0800 | All parties have signed document. Signed copies sent to: Jillian McAdory and M.N.S. and Associates LLC. |
| 2017-02-26 17:39:16 -0800 | Document signed by Jillian McAdory @gmail.com) with drawn signature. - |
| 2017-02-26 17:37:46 -0800 | Document viewed by Jillian McAdory @gmail.com). - |
| 2017-02-24 11:06:46 -0800 | Document created by M.N.S. and Associates LLC (customerservice@mnsassociatesllc.com). - |

**Exhibit A, pg. 2 of 2**



This signature page provides a record of the online activity executing this contract.

Page 1 of 1



M.N.S. & Associates LLC.
Debt Resolution Services

3960 Harlem Rd Ste 14
Amherst, NY 14226
Phone: (877) 937-0604
Fax: (877) 795-8214

March 3rd, 2017

Jillian McAdory

Portland, OR 97212

Status: Paid In Full
Notice Date: 3/3/2017
Originator: Kay Jewelers
Original Acct #: 8123
File Number: 51839381
Total Balance with Interest: $0.00

<u>Paid In Full Letter</u>

This letter is to confirm that the above described account has been satisfied in full. In consideration of the debtors payment of the agreed payoff amount of this debt, plus, and or including all interest, the receipt of which is hereby acknowledged. MNS & Associates LLC does herby release and forever discharge the debtor(s), their servants, agents, successor, and assignees of and from any and all actions, causes of actions, claims, demand of cost, or any actions arising out of the account above described. It is further understood that so along as the amount(s) paid on the account remain undisputed, or challenged in any form what so ever, this release and settlement will remain in force.

It is expressly understood and agreed that payoff amount is sole consideration of this settlement and release, and in making this settlement of release agreement, it is understood that MNS & Associates LLC is relying upon its own judgment as to the nature and extent of this debt, and that it has not been influenced to any extent what so ever in making this release by an representation or statement regarding the debt paid by the debtor(s), or any person or persons representing the debtor(s).

You may contact this office toll free at 877-937-0604 Monday through Thurs 9:00 AM to 7:00 PM or Friday 9:00 AM to 5:30 PM EST, please refer to the file number and status indicated above.

The settlement and release contain the entire agreement between the parties hereto and the terms of this settlement and release are contractual and not merely recital.

X _____
Michael R Shaw Jr
Director of Operations
MNS & Associates LLC.
(877) 937-0604 Ext. 101

"This is an attempt to collect a debt; any information will be used solely for that purpose"
© 2012 M.N.S. & Associates LLC, All Rights Reserved

Exhibit B, pg. 1 of 1