# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL HEATH,

    Plaintiff,

v.                                       Case No: 8:18-cv-1887-T-30JSS

JONATHAN C. FRANK & ASSOCIATES,
LLC, JONATHAN C. FRANK,
CONSUMER SOLUTIONS GROUP, LLC
and JTM CAPITAL MANAGEMENT, LLC,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendant JTM Capital Management, LLC's Motion to Dismiss (Dkt. 17) and Plaintiff's Response in Opposition (Dkt. 22.). The Court, having reviewed the filings and being otherwise advised in the premises, concludes that Defendant's Motion should be granted.

## BACKGROUND

Plaintiff Michael Heath ("Heath") filed suit against Defendants for violations of the Fair Debt Collection Practices Act ("FDUTPA") and Florida Consumer Collection Practice Act ("FCCPA"). According to Heath, Defendant Jonathan C. Frank & Associates ("JCF") sent Heath a text message about a pending claim with instructions to call JCF's office immediately. When Heath called JCF's office, he spoke with an agent who advised Heath that Heath needed to immediately pay a debt related to his Wachovia account. After the phone call, Defendant Consumer Solutions Group, LLC ("CSG") sent Heath a letter stating that their

client, Defendant JTM Capital Management, LLC ("JTM"), purchased Heath's account from Wachovia Bank and Heath owed a payment that was placed for collection. The agent from JCF called Heath again and left a voicemail about the alleged debt. A few days later, the agent's assistant called Heath and demanded payment of the debt. According to Heath, the assistant told him "he had to pay by Monday or they would make a 'decision' about his account." Dkt. 12, p. 7. About a month later, another JCF agent called Heath and demanded payment of the debt.

Heath's Amended Complaint ("Complaint") alleges 13 counts against the Defendants. Heath brings each claim against JCF, and then states that "JTM and CSG are vicariously liable to HEATH for the acts of JCF." *See e.g.*, *Id*. at p. 12. JTM moves to dismiss Heath's Complaint solely on the bases that JTM is not a debt collector under the FDCPA and cannot be held vicariously liable for JCF's actions.

## STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint when it fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). It must also construe those factual allegations in the light most favorable to the plaintiff. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (internal citation omitted).

To withstand a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and conclusions," or a "formulaic recitation of the elements of a cause of action," will not do. *Twombly,* 550 U.S. at 555.

## **DISCUSSION**

The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). This provides two ways for an individual to meet the definition of a "debt collector." Health alleges that JTM is a debt collector under both options.

Heath's Complaint contains the following relevant allegations about JTM:

- According to its website, JTM "specializes in delinquent account receivable management for a variety of industries including retail and financial services" and "since its inception . . . has managed in excess of more than $3 billion in uncollected debt." Dkt. 12, p, 4.
- JTM regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts. *Id.*
- JTM is licensed in Florida as a "consumer collection agency." *Id.*
- JTM regularly collects or attempts to collect debt for other parties. *Id.*
- JTM is a "debt collector" as that term is defined in the FDCPA and FCCPA. *Id.*
- JTM purchased the alleged debt after it was in default and authorized the

3

remaining Defendants to collect the alleged debt on its behalf. *Id*. at 5.

JTM argues it does not meet the first "principal purpose" definition of a "debt collector" because it is a "passive debt buyer" that owned Heath's account but did not collect on the debt. JTM also argues that Heath's Complaint does not allege facts to support that JTM collects debts. The Court concludes that Heath's Complaint does not adequately allege facts to support that JTM's "principal purpose" is debt collection. The Court notes that in JTM's argument under this part of the definition, many of the decisions JTM cites in support of dismissal took place at summary judgment. Understandably, whether a business's "principal purpose" is debt collection turns on the facts of each case.

JTM also argues it does not fall under the second part of the FDCPA's definition. The Court agrees. The definition specifies that a debt collector regularly collects or attempts to collect debt "due another." JTM owned Heath's debt, so the debt was due to JTM, not "another." Heath argues that JTM could meet the second prong by regularly collecting or attempting to collect other debts due to another, irrespective of Heath's debt. Heath has not alleged any facts in his Complaint to support this argument. Heath's allegation that JTM "manages" debts is not synonymous with JTM collecting or attempting to collect debts. And his references to JTM's use of the term "Collectors" on its website are too speculative.

In footnotes, the parties disagree over the significance of JTM's registration as a "consumer collection agency" in Florida. The Florida Consumer Collection Practices Act requires a debt collector to register as consumer collection agency in the State. So JTM's registration supports Heath's belief that JTM engages in some form of debt collection. Still, this one fact is not enough to elevate Heath's Complaint to the requisite pleading standard.

Heath also attempts to hold JTM vicariously liable for other debt collectors' actions. To do so, Heath alleges that JTM "authorized . . . Defendants to collect the alleged debt on its behalf." Dkt. 12, p. 5. This is a far cry from exercising enough supervision and control over the collections process to be held vicariously liable. Heath attached documents to his Response to show that JTM is involved with the collections process, for example, that JTM initiates collections lawsuits against debtors. Rather than take judicial notice of these documents, the Court will allow Heath to amend his Complaint to allege factual support for his claims.

For the reasons discussed, the Court grants JTM's Motion and dismisses Heath's Complaint without prejudice.

Upon review and consideration, it is therefore

ORDERED AND ADJUDGED that:

1. Defendant's Motion (Dkt. 17) is GRANTED, as described herein.
2. Plaintiff shall amend his Complaint within fourteen (14) days from the date of this Order.
3. Defendant's Motion for leave to file a reply (Dkt. 23) is denied as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of December, 2018.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record