UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THERESA MULLERY,

                Plaintiff,

v.                                                            18-CV-549V(Sr)

JTM CAPITAL MANAGEMENT, LLC,

                Defendant.
_____

AMANDA PERRY,

                Plaintiff,

v.                                                           18-CV-566V(Sr)

JTM CAPITAL MANAGEMENT, LLC,

                Defendant.
_____

## DECISION AND ORDER

These matters were referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. 18-CV-549 at Dkt. #27; 18-CV-566 at Dkt. #26.

Plaintiff Mullery's complaint[1] alleges that plaintiff fell behind on debt payments to Continental Finance Company ("Continental"), prompting her to seek the

---

[1] Plaintiff Mullery's complaint was filed in the Northern District of Illinois and transferred to the Western District of New York, where plaintiff resides and defendant maintains its principal place of business. Dkt. #19 & Dkt. #23.

assistance of a legal aid attorney who, by letter dated April 21, 2015, informed Continental that plaintiff was represented by counsel and directed that Continental cease contact with plaintiff and cease further collection activities on the debt because plaintiff's income was protected from levy, attachment or garnishment by federal law and plaintiff had no income available for payment or settlement of the debt. Dkt. #1, ¶¶ 8-9 & Dkt. #1-3. Defendant acquired the Continental account and, ignoring Continental's account notes identifying plaintiff's attorney, "had another debt collector, Northstar Location Services, send [plaintiff] a collection letter, dated January 26, 2017, demanding payment of the Continental debt." Dkt. #1, ¶ 10. The letter from Northstar Location Services, LLC ("Northstar"), informs plaintiff that the Continental debt had been referred to Northstar by defendant for collection. Dkt. #1-4.

Plaintiff Perry's complaint[2] alleges that plaintiff fell behind on debt payments to Comenity Bank, prompting her to seek the assistance of a legal aid attorney who, by letter dated August 27, 2015, informed Comenity Bank that plaintiff was represented by counsel and directed that Comenity Bank cease contact with plaintiff and cease further collection activities on the debt because plaintiff's income was protected from levy, attachment or garnishment by federal law and plaintiff had no income available for payment or settlement of the debt. Dkt. #1, ¶¶ 8-9 & Dkt. #1-3. Defendant acquired the Comenity Bank account and, ignoring Comenity Bank's account

---

[2] Plaintiff Perry's complaint was filed in the Northern District of Illinois and transferred to the Western District of New York, where defendant maintains its principal place of business. Dkt. #18 & Dkt. #22.

notes identifying plaintiff's attorney, "had its attorney debt collector, Weltman, Weinberg & Reis Co., send [plaintiff] a collection letter, dated March 4, 2017, demanding payment of the Comenity Bank debt." Dkt. #1, ¶ 10. The letter from the attorney debt collector informs plaintiff that the Comenity Bank debt had been referred to the attorney debt collector by defendant for collection. Dkt. #1-4.

Plaintiffs allege that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), specifically, 15 U.S.C. § 1692c(c), which prohibits a debt collector from communicating with a consumer after being directed to cease communications and from continuing to demand payment of a debt that the consumer has indicated they refuse to pay and that defendant violated 15 U.S.C. § 1692c(a)(2), which prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain the attorney's name and address. Dkt. #1.

Plaintiffs allege that defendant is a debt collector "because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate" and because its "principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others." Dkt. #1, ¶¶ 4&5. Plaintiffs further allege that defendant "operates a nationwide defaulted debt collection business," purchasing "large portfolios of defaulted consumer debts . . . which it then collects upon through other collection agencies." Dkt. #1, ¶¶ 4&5. Plaintiffs also allege that defendant is a licensed collection agency. Dkt. #1, ¶ 7.

Defendant moved to dismiss the complaints, arguing that it does not meet the FDCPA's definition of debt collector. 18-CV-549 at Dkt. #26-1; 18-CV-566 at Dkt. #25-1. By Report, Recommendation and Order entered November 30, 2018, this Court determined that plaintiffs' allegations were sufficient to plausibly allege that defendant is a debt collector pursuant to the "principal purpose" definition of 15 U.S.C. § 1692a(6). 18-CV-549 at Dkt. #36; 18-CV-566 at Dkt. #35. By Decision and Order entered May 16, 2019, Judge Vilardo adopted this Court's Report, Recommendation and Order. 18-CV-549 at Dkt. #53; 18-CV-566 at Dkt. #51.

Currently before the Court is plaintiffs' motion to compel discovery (18-CV-549 at Dkt. #63; 18-CV-566 at Dkt. #61); plaintiffs' motion for a protective order regarding defendants' notice of deposition (18-CV-549 at Dkt. #64; 18-CV-566 at Dkt. #62); and defendant's motion to compel plaintiffs' deposition. 18-CV-549 at Dkt. #67; 18-CV-566 at Dkt. #65.

**Discovery**

The parties resolved discovery issues relating to defendant's business purposes by stipulation that in 2017 and 2018, over 95% of JTM's revenue was derived from activity undertaken by licensed third-party collectors or third-party law firms engaged by JTM related to debts owned by JTM which were characterized as defaulted consumer debts at the time of purchase. 18-CV-549 at Dkt. #75; 19-CV-566 at Dkt. #75. Thus, this aspect of plaintiffs' motion to compel is denied as moot.

Plaintiffs' Request for Production of Documents #6 seeks all documents regarding plaintiffs' alleged account, including but not limited to, any asset purchase/forward flow agreements, assignments, signed account agreements, card carriers, terms and conditions and any correspondence from plaintiffs' attorneys. 18-CV-549 at Dkt. #63-2, p.7; 18-CV-566 at Dkt. #61-2, p.7.

Defendant objected to the demand on the ground that the terms under which it acquired plaintiffs' accounts have no bearing on whether it violated the FDCPA. 18-CV-549 at Dkt. #63-2, p.7; 18-CV-566 at Dkt. #61-2, p.7. Defendant also objected on the ground that the request sought confidential and proprietary information. 18-CV-549 at Dkt. #63-2, p.7; 18-CV-566 at Dkt. #61-2, p.7. In response to the request, defendant stated that it did not possess any correspondence from plaintiffs or their attorneys other than that which was attached to the complaint. Dkt. #63-2, p.7; 18-CV-566 at Dkt. #61-2, p.7.

Plaintiffs argue that the terms under which defendant purchased plaintiffs' debts and the documentation provided at the time of purchase are relevant to assessing whether defendant was aware that plaintiffs' accounts were subject to demands that communications cease and notices of attorney representation. 18-CV-549 at Dkt. #63-1, pp.6-7; 19-CV-566 at Dkt. #61-1, pp.6-7. Plaintiffs note that documentation obtained from their creditors contain contact information for plaintiffs' counsel which presumably was provided to defendant. 18-CV-549 at Dkt. #63-1, p.6; 18-CV-566 at Dkt. #61-1, p.6.

Defendant responds that the relevant question is whether JTM's third-party debt collector knew that plaintiffs were represented by counsel and that the agreement between the original creditor and JTM is not relevant to this question. 18-CV-549 at Dkt. #74, p.2; 18-CV-566 at Dkt. #74, p.2.

Plaintiffs reply that JTM's knowledge of plaintiffs' notices to their original creditors is relevant to plaintiffs' claim that JTM attempted to collect a debt from each plaintiff by using a third-party debt collector despite JTM's knowledge that plaintiffs were represented by counsel who advised that plaintiffs' only source of funds was exempt from collection and had demanded that contact with plaintiffs cease. 18-CV-549 at Dkt. #76, p.3; 18-CV-566 at Dkt. #76, p.3. Plaintiffs reply that the documents sought will likely indicate whether JTM purchased the debts with knowledge that plaintiffs were represented by counsel and the debts were subject to cease contact demands and refusals to pay. 18-CV-549 at Dkt. #76, p.3; 18-CV-566 at Dkt. #76, p.3.

> Fed. R. Civ. P. 26(b)(1) provides, in relevant part:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Motions to compel are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003), *quoting United States v. Sanders*, 211 F.3d 711, 720 (2d Cir.), *cert. denied*, 531 U.S. 1015 (2000).

Plaintiffs' complaints allege violation of 15 U.S.C. § 1692c(a)(2), which provides, in relevant part, that a debt collector may not communicate with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney and 15 U.S.C. § 1692c(c), which provides, in relevant part, that if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. Assuming that defendant is a debt collector, defendant's knowledge of plaintiffs' representation by counsel is relevant at least to assessing defendant's obligations under the statute to refrain from contracting with a third-party to collect plaintiffs' debts. Conversely, the absence of any documentation provided by the original creditor to defendant of communication from plaintiffs' attorney would likely preclude liability. *See Pennell v. Global Trust Mgmt, LLC*, No. 18-CV-1698, 2019 WL 3945846, at *1 (S.D. Ind. Aug. 20, 2019) (knowledge would not be imputed to debt purchaser who sought to collect debt where creditor did not provide the letter from plaintiff's counsel or any other information indicating that plaintiff had counsel or refused to pay the debt). Accordingly, plaintiffs' motion to compel the documents sought in its request for production of documents #6 is granted. Defendant shall respond to the request for production of documents within 30 days of the entry of this Decision and Order.

**Depositions**

Plaintiffs argue that travel to Buffalo for a deposition would be difficult given that neither plaintiff resides in the Western District of New York and Ms. Mullery is of advanced age with health-related limitations and Ms. Perry is disabled. Dkt. #64-1, ¶¶ 7-8. Plaintiffs waive claims to actual damages and argues that their depositions are unnecessary to resolution of their remaining claims for statutory damages under the FDCPA. Dkt. #64-1, ¶¶ 11 & 13. Given that the amount in controversy for each plaintiff is $1,000.00 in statutory damages, plaintiffs argue that requiring them to travel to Buffalo for depositions is unduly burdensome, particularly given that they have no knowledge as to the dispositive issue of whether their creditors provided defendant with the notice of representation letter advising that they would not repay the debt and demanding that attempts to collect the debts cease. Dkt. #72, p.5.

Defendant argues that it is entitled to depose plaintiffs to ascertain plaintiffs' personal knowledge about the facts of their claims and to assess plaintiffs' credibility. Dkt. #67-1, p.4 & Dkt. #73, p.1. Defendant notes that plaintiffs have failed to support their argument as to physical limitations by affidavit. Dkt. #73, p.3.

As relevant to the instant case, Rule 30 of the Federal Rules of Civil Procedure provides that a party may, by oral questions, depose any person, including a party, without leave of court. More specifically, a defendant in a civil action is entitled to depose the party that filed suit against it. *Shaw v. Yale New Haven Hosp.*, No. 3:18-CV-67, 2019 WL 3252154, at *7 (D. Ct. July 19, 2019); See *de Herbstein v. Dabbah*

*Securities Corp.*, 169 F.R.D. 36, 40 (S.D.N.Y. 1996) (party who commences an action presumptively obligates herself to sit for a deposition). Pursuant to Rule 26(c), however, the court may limit discovery even if the information sought is relevant." *Tisby v. Buffalo General Hosp.*, 157 F.R.D. 157, 170 (W.D.N.Y. 1994); *Coyne v. Houss*, 584 F. Supp. 1105, 1109 (E.D.N.Y. 1984).  Rule 26(c) provides, in relevant part, that the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." "Protection against unnecessary discovery is discretionary with the trial court and will be reversed only on a clear showing of abuse of discretion." *Robertson v. National Basketball Ass'n*, 622 F.2d 34, 35-36 (2d Cir. 1980).

In the instant case, the Court agrees that, notwithstanding plaintiffs' waiver of their claims to actual damages and general claims of inability to appear in person for depositions in this district, defendant is entitled to assess plaintiffs' personal knowledge, demeanor and credibility before their claims proceed to trial. However, the court is cognizant that the issues in this case will most likely be narrowed, if not resolved, by resolution of motions for summary judgment based upon facts and legal issues independent of plaintiffs' personal knowledge. Accordingly, plaintiffs' motion for a protective order is granted to the extent that  plaintiffs' depositions are stayed pending resolution of motions for summary judgment. Should these cases proceed beyond summary judgment, the Court will address appropriate accommodations for plaintiffs' depositions at a subsequent pretrial conference.

Motions for summary judgment shall be filed no later than June 26, 2020.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
         **April 23, 2020**

                                                          *s/ H. Kenneth Schroeder, Jr.*
                                                          **H. KENNETH SCHROEDER, JR.**
                                                          **United States Magistrate Judge**