UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THERESA MULLERY,

          Plaintiff,

v.                                                                                                    18-CV-549V(Sr)

JTM CAPITAL MANAGEMENT, LLC,

          Defendant.
_____

AMANDA PERRY,

          Plaintiff,

                                                                                             18-CV-566V(Sr)

v.

JTM CAPITAL MANAGEMENT, LLC,

          Defendant.
_____

## DECISION AND ORDER

        These matters were referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. 18-CV-549 at Dkt. #27; 18-CV-566 at Dkt. #26.

        Plaintiff Mullery's complaint[1] alleges that plaintiff fell behind on debt payments to Continental Finance Company ("Continental"), prompting her to seek the assistance of a legal aid attorney who, by letter dated April 21, 2015, informed

---

[1] Plaintiff Mullery's complaint was filed in the Northern District of Illinois and transferred to the Western District of New York, where plaintiff resides and defendant maintains its principal place of business. Dkt. #19 & Dkt. #23.

Continental that plaintiff was represented by counsel and directed that Continental cease contact with plaintiff and cease further collection activities on the debt because plaintiff's income was protected from levy, attachment or garnishment by federal law and plaintiff had no income available for payment or settlement of the debt. Dkt. #1, ¶¶ 8-9 & Dkt. #1-3. Defendant acquired the Continental account and, ignoring Continental's account notes identifying plaintiff's attorney, "had another debt collector, Northstar Location Services, send [plaintiff] a collection letter, dated January 26, 2017, demanding payment of the Continental debt." Dkt. #1, ¶ 10. The letter from Northstar Location Services, LLC ("Northstar"), informs plaintiff that the Continental debt had been referred to Northstar by defendant for collection. Dkt. #1-4.

Plaintiff Perry's complaint[2] alleges that plaintiff fell behind on debt payments to Comenity Bank, prompting her to seek the assistance of a legal aid attorney who, by letter dated August 27, 2015, informed Comenity Bank that plaintiff was represented by counsel and directed that Comenity Bank cease contact with plaintiff and cease further collection activities on the debt because plaintiff's income was protected from levy, attachment or garnishment by federal law and plaintiff had no income available for payment or settlement of the debt. Dkt. #1, ¶¶ 8-9 & Dkt. #1-3. Defendant acquired the Comenity Bank account and, ignoring Comenity Bank's account notes identifying plaintiff's attorney, "had its attorney debt collector, Weltman, Weinberg & Reis Co., send [plaintiff] a collection letter, dated March 4, 2017, demanding payment

---

[2] Plaintiff Perry's complaint was filed in the Northern District of Illinois and transferred to the Western District of New York, where defendant maintains its principal place of business. Dkt. #18 & Dkt. #22.

of the Comenity Bank debt." Dkt. #1, ¶ 10. The letter from the attorney debt collector informs plaintiff that the Comenity Bank debt had been referred to the attorney debt collector by defendant for collection. Dkt. #1-4.

Plaintiffs allege that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), specifically, 15 U.S.C. § 1692c(c), which prohibits a debt collector from communicating with a consumer after being directed to cease communications and from continuing to demand payment of a debt that the consumer has indicated they refuse to pay, and 15 U.S.C. § 1692c(a)(2), which prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain the attorney's name and address. Dkt. #1.

By Decision and Order entered April 23, 2020, the Court resolved plaintiffs' motions to compel by directing, *inter alia*, that defendant produce documents sought in plaintiff's request for production of documents #6, specifically: all documents regarding plaintiffs' alleged account, including but not limited to, any asset purchase/forward flow agreements, assignments, signed account agreements, card carriers, terms and conditions and any correspondence from plaintiffs' attorneys. 18-CV-549 at Dkt. #63-2, p.7; 18-CV-566 at Dkt. #61-2, p.7. Defendant responded that other than what was attached to plaintiffs' complaints, it "does not possess any correspondence from Plaintiff or her attorney or any additional documents responsive to this Request." Dkt. #80-3, pp.3 & 5.

Currently before the Court are plaintiffs' motion for sanctions. Dkt. #80. Plaintiffs seek to have defendant held in contempt for its failure to comply with the Court's Order dated April 23, 2020 and request an order precluding defendant from presenting evidence or arguing that it had no knowledge that plaintiffs were represented by counsel and had refused to pay their debts. Dkt. #80.

In response to the motion, defendant's President, Jacob Adamo, declares that defendant conducted a diligent search for documents in its possession, custody or control responsive to plaintiffs' request for production of documents #6 and is not in possession of any responsive documents beyond its own account notes, information concerning plaintiffs' accounts and a collection services agreement with the third party debt collector with whom it contracted to collect plaintiffs' accounts, which were all previously produced to plaintiffs. Dkt. #84-1. Defendant argues that it cannot produce what it does not possess. Dkt.#84, p.2.

Plaintiffs reply that it is inconceivable that defendant purchased two separate portfolios of debts without any written agreements. Dkt. #85, p.2. Plaintiffs further reply that defendant fails to offer any reason why such documents are not in its possession or where they might be. Dkt. #85, p.8. Plaintiffs note that defendant has produced no proof that it owned the debts that it attempted to collect from plaintiffs. Dkt. #85, p.9.

Defendant has complied with the Court's directive that it respond to plaintiffs' request for production of documents #6. Dkt. #80-3, pp.3 & 5. In addition to its

response, defendant has declared that it conducted a diligent search and produced all documents in its possession, custody or control. Dkt. #84-1, ¶¶ 4-5. In reliance upon this representation, plaintiffs' motions for sanctions (Dkt. #80), are denied without prejudice to future motion practice as may be warranted by defendant's response to questions at deposition regarding whether the documents at issue were ever in defendant's possession and, if so, what happened to them, or, if not, the basis of its authority to proceed against plaintiffs' debts. In the absence of any such motion, summary judgment motions shall be filed no later than June 18, 2021.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**February 22, 2021**

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**