**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
———————————————————

**THERESA MULLERY,**

                    **Plaintiff,**

**v.**                                                          **18-CV-549V(Sr)**

**JTM CAPITAL MANAGEMENT, LLC,**

                    **Defendant.**
———————————————————

**AMANDA PERRY,**

                    **Plaintiff,**

                                                              **18-CV-566V(Sr)**

**v.**

**JTM CAPITAL MANAGEMENT, LLC,**

                    **Defendant.**
———————————————————


<u>**DECISION AND ORDER**</u>

         These matters were referred to the undersigned by the Hon. Lawrence J.

Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and

report upon dispositive motions. 18-CV-549 at Dkt. #27; 18-CV-566 at Dkt. #26.


         Plaintiff Mullery's complaint[1] alleges that plaintiff fell behind on debt

payments to Continental Finance Company ("Continental"), prompting her to seek the

assistance of a legal aid attorney who, by letter dated April 21, 2015, informed

---

[1] Plaintiff Mullery's complaint was filed in the Northern District of Illinois and transferred to the Western District of New York, where plaintiff resides and defendant maintains its principal place of business. Dkt. #19 & Dkt. #23.

Continental that plaintiff was represented by counsel and directed that Continental cease contact with plaintiff and cease further collection activities on the debt because plaintiff's income was protected from levy, attachment or garnishment by federal law and plaintiff had no income available for payment or settlement of the debt. Dkt. #1, ¶¶ 8-9 & Dkt. #1-3. Plaintiff alleges that defendant acquired the Continental account and, ignoring Continental's account notes identifying plaintiff's attorney, "had another debt collector, Northstar Location Services, send [plaintiff] a collection letter, dated January 26, 2017, demanding payment of the Continental debt." Dkt. #1, ¶ 10. The letter from Northstar Location Services, LLC ("Northstar"), informs plaintiff that the Continental debt had been referred to Northstar by defendant, who is identified as the current creditor, for collection. Dkt. #1-4.

Plaintiff Perry's complaint[2] alleges that plaintiff fell behind on debt payments to Comenity Bank, prompting her to seek the assistance of a legal aid attorney who, by letter dated August 27, 2015, informed Comenity Bank that plaintiff was represented by counsel and directed that Comenity Bank cease contact with plaintiff and cease further collection activities on the debt because plaintiff's income was protected from levy, attachment or garnishment by federal law and plaintiff had no income available for payment or settlement of the debt. Dkt. #1, ¶¶ 8-9 & Dkt. #1-3. Plaintiff alleges that defendant acquired the Comenity Bank account and, ignoring Comenity Bank's account notes identifying plaintiff's attorney, "had its attorney debt

---

[2] Plaintiff Perry's complaint was filed in the Northern District of Illinois and transferred to the Western District of New York, where defendant maintains its principal place of business. Dkt. #18 & Dkt. #22.

collector, Weltman, Weinberg & Reis Co., send [plaintiff] a collection letter, dated March 4, 2017, demanding payment of the Comenity Bank debt." Dkt. #1, ¶ 10. The letter from the attorney debt collector informs plaintiff that the Comenity Bank debt had been referred to the attorney debt collector by defendant, who is identified as the current creditor, for collection. Dkt. #1-4.

Plaintiffs allege that defendant violated the Fair Debt Collection Practices Act ("FDCPA"), specifically, 15 U.S.C. § 1692c(c), which prohibits a debt collector from communicating with a consumer after being directed to cease communications and from continuing to demand payment of a debt that the consumer has indicated they refuse to pay, and 15 U.S.C. § 1692c(a)(2), which prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, the attorney's name and address. Dkt. #1.

The Court entered its initial Case Management Order on June 19, 2019. 18-CV-549 at Dkt. #58 & 18-CV-566 at Dkt. #56. The Case Management Order set July 31, 2019 as the deadline for motions to amend the complaints. 18-CV-549 at Dkt. #58, ¶ 4 & 18-CV-566 at Dkt. #56, ¶ 4.

On January 20, 2020, plaintiffs filed a motion to compel discovery of, *inter alia*, all documents regarding plaintiffs' alleged account, including but not limited to, any asset purchase/forward flow agreements, assignments, signed account agreements,

card carriers, terms and conditions and any correspondence from plaintiffs' attorneys. 18-CV-549 at Dkt. #63-2, p.7; 18-CV-566 at Dkt. #61-2, p.7.

By Decision and Order entered April 23, 2020, the Court resolved plaintiffs' motions to compel by directing, *inter alia*, that defendant produce the requested documents. Dkt. #79,.

On May 26, 2020, defendant responded that other than what was attached to plaintiffs' complaints, it "does not possess any correspondence from Plaintiff or her attorney or any additional documents responsive to this Request." Dkt. #80-3, pp.3 & 5.

On June 2, 2020, plaintiffs moved for sanctions based upon defendant's continued refusal to disclose asset purchase agreements applicable to the sale of the debts at issue in these matters. Dkt. #80. Plaintiffs also moved to stay the summary judgment deadline and permit additional discovery following resolution of the sanction motions in light of defendant's claim that it did not possess, *inter alia*, asset purchase agreements from the original creditors. Dkt. #82. The Court granted the motion to stay pending resolution of the motions for sanctions. Dkt. #83.

By Decision and Order entered February 22, 2021, in reliance upon the declaration of defendant's President, Jacob Adamo, that defendant had conducted a diligent search for documents in its possession, custody or control responsive to plaintiffs' request for production of documents and was not in possession of any

responsive documents beyond what had been previously produced to plaintiffs, the Court denied plaintiffs' motions for sanctions without prejudice to future motion practice as may be warranted by defendant's response to questions at deposition regarding whether the documents at issue were ever in defendant's possession and, if so, what happened to them, or, if not, the basis of its authority to proceed against plaintiffs' debts. 18-CV-549 at Dkt. #90; 18-CV-566 at Dkt. #87. In the absence of any such motion, the Court directed that summary judgment motions be filed no later than June 18, 2021. 18-CV-549 at Dkt. #90; 18-CV-566 at Dkt. #87.

Plaintiffs conducted the deposition of Mr. Adamo on May 20, 2021. 18-CV-549 at Dkt. #92-2. Mr. Adamo testified that defendant purchased Ms. Mullery's account from United Debt Holdings, a debt buying company with whom defendant was engaged in a joint venture, such that JTM and United Debt Holdings jointly owned the debt. 18-CV-549 at Dkt. #92-2, p.13. However, Mr. Adamo did not possess any documentation of the arrangement with United Debt Holdings and never possessed any documentation to prove ownership of the debt at issue in this lawsuit. 18-CV-549 at Dkt. #92-2, pp.14 & 19. Mr. Adamo testified that such documentation may never have existed because it may have been a "handshake deal" between JTM and United Debt Holdings. Dkt. #92-2, p.18. As to Ms. Perry's debt, Mr. Adamo testified that JTM "leased ownership" of the debt from South Western Investment Group. 18-CV-549 at Dkt. #92-2, p.21. Mr. Adamo did not believe that the lease was committed to writing, but understood that the lease provided that JTM owned the debt. 18-CV-549 at Dkt. #92-2,

p.21. He does not have any documentation of JTM's alleged ownership of Ms. Perry's debt. 18-CV-549 at Dkt. #92-2, p.24.

On June 18, 2021, defendant filed its motions for summary judgment. 18-CV-549 at Dkt. #91 & 18-CV-566 at Dkt. #88.

On the same date, June 18, 2021, plaintiffs filed motions to amend their complaints to add two causes of action - for violation of 15 U.S.C. §§ 1692e and 1692g - based upon defendant's false and/or misleading claim that defendant was the creditor to whom the debt was owed and defendant's failure to disclose the creditor to whom the debt was owed. 18-CV-549 at Dkt. #92 & 18-CV-566 at Dkt. #89. Specifically, plaintiff Mullery alleges that defendant has no documentation supporting its claim of partial ownership of plaintiff's debt, calling into question the accuracy of the collection letter sent to Ms. Mullery on January 26, 2017 identifying JTM as the current creditor. 18-CV-549 at Dkt. #92-4, ¶ ¶ 8-9 & 11-12. Plaintiff Perry alleges that defendant has no documentation supporting its claim that it leased the portfolio containing plaintiff's debt, calling into question the accuracy of the collection letter sent to Ms. Perry on March 4, 2017 identifying JTM as the current creditor. 18-CV-566 at Dkt. #89-4, ¶¶ 8-9 & 11-12.

Plaintiffs also filed motions to stay the deadline for filing motions for summary judgment pending resolution of their motions to amend their complaints. 18-CV-549 at Dkt. ##93 and 101 & 18-CV-566 at Dkt. ##90 and 98.

-6-

Defendant opposes the motions to amend the complaints on the ground that plaintiffs were not diligent in moving to amend their complaints. 18-CV-549 at Dkt. #95, p.7 & 18-CV-566 at Dkt. #92, p.7. More specifically, defendant argues that plaintiffs waited too long after being informed that there was no documentation of defendant's right to collect on the loans to depose defendant's President, and waited more than a month after the deposition to file their motions to amend. 18-CV-549 at Dkt. #95, pp.5 and 9-10 & 18-CV-566 at Dkt. #92, pp.5 & 9-10. Defendant argues that it is prejudiced by this delay, as it has filed its motions for summary judgment in accordance with the Court's Case Management Order. 18-CV-549 at Dkt. #95, pp.7 &12 & 18-CV-566 at Dkt. #92, pp. 7 & 12. Defendant argues that amendment would be futile because Mr. Adamo's testimony that defendant entered into a joint venture and leased ownership to share ownership of the debts establishes that JTM is plaintiffs' current creditor. 18-CV-549 at Dkt. #95, pp.20-21 & & 18-CV-566 at Dkt. #92, pp.20-21.

Plaintiffs reply that defendant ignored multiple, ongoing requests to search for documentation of defendant's ownership of the debt and that plaintiffs moved to compel production of documentation regarding defendant's ownership of the debt and then moved for sanctions when defendant failed to produce such documents in response to the Court's decision regarding the motion to compel. 18-CV-549 at Dkt. #98-2, ¶¶ 5, 7 and 13 & Dkt. #18-CV-566 at Dkt. #95-2, ¶¶ 5, 7 and 13. Plaintiffs note that defendant never supplemented discovery responses to clarify its right to pursue collection of plaintiffs' debts. 18-CV-549 at Dkt. #98-2, ¶ 15 & 18-CV-566 at Dkt. #95-2, ¶ 15. Plaintiffs further argue that defendant resisted plaintiffs' attempts to schedule the deposition of JTM's President following the Court's denial of plaintiffs' motion for

sanctions. 18-CV-549 at Dkt. #98-2, ¶¶ 18-23 & 18-CV-566 at Dkt. #95-2, ¶¶ 18-23. It was not until the deposition was conducted that JTM disclosed that its authority to collect the debt came from an undocumented handshake deal and lease ownership. 18-CV-549 at Dkt. #98-2, ¶ 24 & 18-CV-566 at Dkt. #95-2, ¶ 24.

Fed. R. Civ. P. 15(a) provides that a party may amend a pleading with the opposing party's written consent or the court's leave, which is to be given freely when justice so requires. Leave to amend should be granted unless the party seeking leave has acted in bad faith, there has been an undue delay in seeking leave, there will be unfair prejudice to the opposing party if leave is granted, or the proposed amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); Fed. R. Civ. P.15(a).

Fed.R.Civ.P 16(b) requires that the district court enter a scheduling order setting deadlines for, *inter alia*, amendment of pleadings and completion of discovery. The scheduling order cannot be modified except by leave of the district court upon a showing of good cause. Fed.R.Civ.P 16(b)(4). "[T]he rule is designed to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker v. Columbia Pictures Indus*, 204 F.3d 326, 339-340 (2d Cir. 2000) (internal citation omitted).

Where a scheduling order has been put in place, the liberal standard for amendment of pleadings under Rule 15(a) must be balanced against the good cause

-8-

standard for modification of that scheduling order. *Holmes v. Grubman*, 568 F.3d 329, 334-335 (2d Cir. 2009). Good cause requires a showing that the delay stemmed from any mistake, excusable neglect or any other factor which might understandably account for failure to comply with the scheduling order. *Eberle v. Town of Southampton*, 985 F. Supp.2d 344, 347 (E.D.N.Y. 2013).

The primary consideration in assessing good cause is whether the moving party can demonstrate diligence. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007), *citing Parker*, 204 F.3d at 340. "A party fails to show good cause when the proposed amendment rests on information that a party knew, or should have known, in advance of the deadline." *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp.2d 453, 457 (S.D.N.Y. 2012). Conversely, "[c]ourts have consistently recognized that if a party learns new facts through discovery that were unavailable prior to the applicable deadline and moves promptly . . . based on such facts, leave to amend is appropriate." *Villafane on behalf of D.F. v. City of N.Y.*, 2021 WL 2450612, at *2 (E.D.N.Y. June 15, 2021); *See Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 37 (S.D.N.Y. 2016) ("Where delayed discovery prevented a party from discovering facts sufficient to support a cause of action, a party must show that it acted diligently upon learning the new facts."); *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp.2d 527, 537 (E.D.N.Y. 2010) (filing of motion to amend within two months of acquiring information supporting new cause of action sufficient to show diligence).

In the exercise of its discretion, the district court may also consider other relevant factors, including whether amendment of the pleading at this stage of the litigation would prejudice defendants. *Id.* Prejudice can exist if an amendment would require the defendant to expend significant additional resources to conduct discovery or would significantly delay the resolution of the dispute. *Block v. First Blood Assocs*., 988 F.2d 344, 350 (2d Cir. 1993). Courts are more likely to find prejudice where discovery has been completed and the defendant has moved for summary judgment. *Werking v. Andrews*, 526 Fed. App'x 94, 96 (2d Cir. 2013).

Defendant's claim that plaintiffs have not been diligent in pursuing information regarding defendant's right to collect plaintiffs' debts is without merit. Plaintiffs moved to compel documentation relating to defendant's ownership of plaintiffs' debts and moved for sanctions when defendant failed to produce such documentation in accordance with the Court's Decision and Order on plaintiffs' motion to compel. The Court will not fault plaintiffs for waiting until document discovery was complete before deposing defendant's representative nor will the Court countenance defendant's argument that its obfuscation of the lack of documentation pertaining to ownership of plaintiffs' debts should foreclose plaintiffs' ability to amend their complaints. Amendment of the complaints will not necessitate further discovery, but will only require legal argument as to whether defendant's claim to be the current creditor was misleading. *See, e.g., Eun Joo Lee v. Forster & Garbus LLP*, 12-CV-420, 926 F. Supp.2d 482, 486 (E.D.N.Y. 2013) (plausible claim stated where plaintiff alleged failure to identify the current owner of the debt); *See also, Solovyova v. Grossman &*

-10-

*Karaszewski, PLLC*, 19-CV-2996, 2021 WL 535209, at *5 (E.D.N.Y. Feb. 12, 2021)

(FDCPA requires clear identification of the creditor to whom the debt is owed).

Accordingly, it is recommended that: (1) plaintiffs' motions to amend (18-CV-549 at Dkt. #92 & 18-CV-566 at Dkt. #89), be granted; (2) plaintiffs' motions to stay and/or extend the deadline for responding to defendant's motion for summary judgment (18-CV-549 at Dkt. ##93, 97 and 101 & 18-CV-566 at Dkt. ##90, 94 and 98), be granted; and (3) defendant's motions for summary judgment (18-CV-549 at Dkt. #91 & 18-CV-566 at Dkt. #88), be denied without prejudice to refiling of dispositive motions following a good faith effort to mediate a resolution to these cases.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

**DATED:    Buffalo, New York**
**September   2021**

  <u>*s/ H. Kenneth Schroeder, Jr.*</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**